IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCADIO S ACUNA, | ) |
| Plaintiff(s), | ) No. C 07-5423 VRW (PR) |
| v. | ) ORDER OF SERVICE |
| LEA ANN CHRONES, et al, | ) |
| Defendant(s). | ) |

    Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 USC § 1983 challenging his placement and retention in administrative segregation in PBSP's Secure Housing Unit ("SHU") on the basis of association with the Mexican Mafia ("EME") prison gang. Plaintiff alleges that prison officials at California State Prison, Los Angeles County ("LAC"), Calipatria State Prison ("CAL"), PBSP and the California Department of Corrections and Rehabilitation ("CDCR") placed, retained, and are continuing to retain, him in administrative segregation without a fair hearing and on the basis of evidence that is insufficient and unreliable. Plaintiff also alleges that he has received no meaningful periodic review of his continued retention in the SHU and that the evidence against him is insufficient under the terms of the settlement agreement in Castillo v Alameida, No. 94-2847 MJJ (PR) (ND Cal). Plaintiff further alleges that his placement and retention in the SHU is in

1  retaliation for refusing to become an informant and that it violates his Eighth
2  Amendment right to be free from cruel and unusual punishment.  Plaintiff names
3  individual prison officials involved in his placement and retention in the SHU, as
4  well as former wardens and directors and administrators of the CDCR on the
5  theory that their failure to supervise, monitor or train amounted to deliberate
6  indifference.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).

### B. Legal Claims

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v Conner, 515 US 472, 484 (1995).  Plaintiff's deprivation here – a prolonged term of segregation in the SHU –

2

|   |   |
|---|---|
| 1 | suggests sufficient severity to implicate procedural due process protection. |
| 2 | Assuming that this is the case, the Ninth Circtuit has held that plaintiff was |
| 3 | entitled to the following procedures before placement in the SHU: (1) an informal |
| 4 | nonadversary hearing within a reasonable time after being segregated, (2) notice |
| 5 | of the charges or the reasons segregation is being considered, and (3) an |
| 6 | opportunity to present his views.  See Toussaint v McCarthy, 801 F2d 1080, 1100 |
| 7 | (9th Cir 1986).  There also must be "some evidence" to support the decision to |
| 8 | segregate plaintiff for administrative reasons, see id at 1104-04 (citing |
| 9 | Superintendent v Hill, 472 US 445, 455 (1985)), and the evidence relied upon |
| 10 | must have "some indicia of reliability," see Madrid v Gomez, 889 F Supp 1146, |
| 11 | 1273-74 (ND Cal 1995).  In addition, due process requires that prison officials |
| 12 | engage in some sort of periodic review of plaintiff's confinement in |
| 13 | administrative segregation.  See Hewitt v Helms, 459 US 460, 477 n9 (1983); |
| 14 | Toussaint v McCarthy, 801 F2d at 1101.  It is sufficient that prison officials |
| 15 | review their decision to segregate plaintiff every 120 days, see Toussaint v |
| 16 | McCarthy, 926 F2d 800, 803 (9th Cir 1990), but the review must amount to more |
| 17 | than "meaningless gestures," Toussaint v Rowland, 711 F Supp 536, 540 n11 |
| 18 | (ND Cal 1989) (citing Toussaint v McCarthy, 801 F2d at 1102).  It may not be a |
| 19 | "sham."  See id.  In view of the following, and when liberally construed, |
| 20 | plaintiff's allegations challenging his placement and continued retention in |
| 21 | administrative segregation in the SHU state cognizable claims under § 1983 for |
| 22 | denial of due process. |
| 23 | Plaintiff's allegations that his placement and retention in the SHU are in |
| 24 | retaliation for his refusal to serve as an informant also state a cognizable claim |
| 25 | under § 1983, when liberally construed.  Prisoners may not be retaliated against |
| 26 | for exercising their constitutional rights.  See Schroeder v McDonald, 55 F3d |
| 27 |   |
| 28 | 3 |

1  454, 461 (9th Cir 1995) (retaliation for exercising right to access courts); <u>Rizzo v</u>
2  <u>Dawson</u>, 778 F2d 527, 532 (9th Cir 1985) (retaliation for prisoner's work as
3  jailhouse lawyer).  But plaintiff's allegations regarding cruel and unusual
4  punishment are dismissed.  A prolonged sentence in administrative segregation
5  does not in of itself constitute cruel and unusual punishment in violation of the
6  Eighth Amendment.  See, eg, <u>Anderson v County of Kern</u>, 45 F3d 1310, 1315-16
7  (9th Cir 1995) (no contact with any other inmate in administrative segregation,
8  either for exercise, day room access or otherwise not cruel and unusual
9  punishment); <u>Toussaint v Yockey</u>, 722 F2d 1490, 1494 n6 (9th Cir 1984) (more
10 than usual hardships associated with administrative segregation required to state
11 8th Amendment claim).  Even the admittedly harsh conditions at PBSP's SHU do
12 not impose cruel and unusual punishment on ordinary prisoners such as plaintiff.
13 See <u>Madrid v Gomez</u>, 889 F Supp at 1267.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants.  The clerk also shall serve a copy of this order on plaintiff.

2.   In order to expedite the resolution of this case, the court orders as follows:

   a.   No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at

4

1 issue. If defendants are of the opinion that this case cannot be resolved by
2 summary judgment or other dispositive motion, they shall so inform the court
3 prior to the date their motion is due. All papers filed with the court shall be
4 served promptly on plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case,

albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

        d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

    SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Acuna, A1.service.wpd

6