**EXHIBIT 2**

FILED
OCT 3 1 2005
SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE
E. ESPARZA

COPY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF DEL NORTE

| | |
|---|---|
| IN RE: | Case No.: HCPB05-5242 |
| ARCADIO ACUÑA,<br>C-43165,<br>        Petitioner,<br>On Habeas Corpus. | REQUEST FOR INFORMAL RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS (*Cal. Rule of Court 4.551(b)*) |

Before passing on the Petition for Writ of Habeas Corpus, the Court requests that the Attorney General provide an informal response on behalf of the respondent or real party in interest.

Pursuant to California Rule of Court 4.551, the informal response shall be served on the petitioner and filed with the court. The Court hereby extends the time for the informal response to be filed to sixty (60) days from today's date to give the Attorney General adequate time to request, receive, and review the file from the Respondent. Additional extensions of time will be considered only for good cause and upon showing of due diligence.

Petitioner shall have 15 days from date of service of the informal response to file a reply with the court.

RIR-SGI                                    1

1    Since the Petition challenges the sufficiency of the evidence used in a gang
2 validation, the Court will consider reviewing at the informal-response stage any
3 confidential documents submitted under seal for an *in camera* review. Such an
4 camera review will occur at the informal response stage only if the Attorney
5 General submits such documents and if Petitioner does not object prior to the time
6 allowed for filing an informal response.
7    If Respondent provides confidential documents under seal, the portions
8 relating specifically to Petitioner of any lengthy documents should be pointed out to
9 the court. In the past, the court has been provided with extremely lengthy
10 documents, such as debriefing memoranda, when only a small portion relates to the
11 inmate in question. This creates a time-consuming task for the Court to sift
12 through irrelevant materials and also creates a risk that the Court may overlook
13 important information.
14    The informal response should also address petitioner's claim that he was
15 denied notice of the charges of gang affiliation and an opportunity to be heard. The
16 informal response need not address Ground 3 listed in the petition.
17 DATED:  OCT 31 2005

*WILLIAM H FOLLETT*

WILLIAM H. FOLLETT
Judge of the Superior Court

PROOF OF SERVICE BY MAIL (1013a, 2015.5 C.C.P)

I am a citizen of the United States and a resident of the County of Del Norte. I am over the age of eighteen (18) years and am not a party to the entitled action; my business address is 450 H St, Crescent City California 95531.

On Tuesday, November 01, 2005, I served a copy of the **REQUEST FOR INFORMAL RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** *(Cal. Rule of Court 4.551(b))*, **Filed 10/31/2005** by depositing a true copy in the United States mail in Crescent City, California, in a sealed envelope with postage prepaid, addressed as follows:

**ARCADIO ACUÑA, C-43165**
C/O Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA  95532

Harlan Watkins
Litigation Department
P.O. Box 7500
Crescent City, CA  95531
*[Copy of Petition for Writ of Habeas Corpus as Filed 10/6/2005 also enclosed.]*

Bill Lockyer
Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102
*[Copy of Petition for Writ of Habeas Corpus as Filed 10/06/2005 also enclosed.]*

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that it was executed at Crescent City, California this date.

DATED: November 1, 2005

E. ESPARZA
_____
Esperanza Esparza
Judicial Assistant