# EXHIBIT 3

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



FILED

DEC 3 0 2005

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

D.P. Gerth

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 323-1951
Facsimile: (916) 324-5205
E-Mail: Pamela.Hooley@doj.ca.gov

December 29, 2005

The Honorable William H. Follett
Del Norte County Superior Court
450 "H" Street, Room 182
Crescent City, CA 95531

RE:    **In re *ARCADIO ACUNA* (C-43165)**
       Superior Court of California, County of Del Norte, Case No. HCPB05-5242

Dear Judge Follett:

Respondent thanks the Court for the opportunity to respond informally to the petition for writ of habeas filed by inmate Arcadio Acuna (C-43165). In his petition, Arcadio challenges his re-validation as a member of the Mexican Mafia prison gang on two grounds: he claims that he was denied due process and that the evidence of his gang affiliation is insufficient. Respondent respectfully submits that Acuna has been properly validated, and his petition should be denied.

**The Gang Validation Process.**

As this Court is well aware, the California Department of Corrections and Rehabilitation has a process for validating inmates as prison gang members and associates. (See Cal. Code Regs., tit. 15, § 3378.) A gang member is an inmate who has been accepted into membership by the gang, while a prison gang associate is defined as an inmate "who is involved periodically or regularly with members or associates of a gang." (Cal. Code Regs., tit.15, § 3378, subd. (c)(3)-(4).) Identification as a member or an associate requires at least three independent source items indicative of actual membership in, or association with validated gang members or associates, respectively. (*Ibid.*) The source items may be based upon self-admission, tattoos and symbols, written material, photographs, staff information, information from other agencies, association with other known gang affiliates, informants, commitment offense, information contained in probation reports, receiving visits from known gang "runners" or affiliates, and communications evidencing gang affiliation or debriefing reports. (*Id.* at § 3378, subd. (c)(8), see also *Madrid v. Gomez* (1995) 889 F.Supp. 1146, 1277 [expressing approval for the regulatory criteria].)

The Honorable William H. Follett
In re *ARCADIO ACUNA* (C-43165)
December 29, 2005
Page 2

Inmates may be placed in administrative segregation or in the Security Housing Unit (SHU) when it is determined that their presence in the general population poses a threat to institutional safety and security. (Cal. Code Regs., tit. 15, § 3335.) A validated member or associate of a prison gang is considered a threat to institutional safety and security. (*Id.* at § 3341.5, subd. (c)(2)(A)(2).) The SHU placement of an inmate who is a validated gang member or associate, and who refuses to disassociate himself from that unlawful conspiracy, furthers the legitimate penological purpose of maintaining safety and security of the prisons and so does not violate the Eighth Amendment. (*Madrid v. Gomez, supra*, 889 F.Supp. at pp. 1274-1276, 1280.) A high-level security institution such as Pelican Bay State Prison (PBSP) has a particular need for such placement. (*Turner v. Safley* (1987) 482 U.S. 78-79, 89.)

Limited due process requirements apply to placing an inmate in administrative segregation. An informal evidentiary review is sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him. (*Hewitt v. Helms* (1983) 459 U.S. 460, 476.) The inmate must be given notice of the charges and opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. (*Ibid.*)

An inmate who is validated as a gang associate will be given an indeterminate SHU term. (Cal. Code Regs., tit. 15, § 3341.5, subd. (c)(2)(A).) The indeterminate term is not irrevocable, however. The inmate may be considered for release from SHU after he is verified as a "gang dropout" through a debriefing process. (*Id.* at § 3341.5, subd. (c)(4).) In addition, prison regulations provide for regular reviews of an inmate's validated gang status. An inmate assigned to the SHU for an indeterminate term is reviewed by a classification committee every 180 days for consideration for release to the general population. (*Id.* at § 3341.5, subd. (c)(2)(A)(1).) In addition, the inmate's status is reviewed annually by the unit classification committee. (*Id.* at § 3376, subd. (d)(2).)

If during the course of its reviews, the committee determines that there are any questions about the inmate's validated gang status, the committee can refer the inmate to the Institution Gang Investigation Unit (IGI), the Law Enforcement Investigation Unit (LEIU), the Special Services Unit (SSU), which is the field office for the LEIU, or the Departmental Review Board (DRB) for a review. (See, e.g., Cal. Code Regs., tit. 15, § 3341.5, subd. (c)(5); § 3376, subd. (d)(2)(D).) Finally, prison regulations provide that an inmate housed in the SHU because of his gang status may be reviewed and considered for "inactive status" when he has not been identified as having been involved in any gang activity for six years. (*Id.* at § 3378, subd. (e).)

The Honorable William H. Follett
In re *ARCADIO ACUNA* (C-43165)
December 29, 2005
Page 3

**Acuna's Validation.**

As noted in his petition, Acuna had been validated as an associate of the Mexican Mafia (also known as the EME) in the past, but he was later found to be "inactive" and released from the SHU. (See, generally, Pet.; see also, e.g., Ex. 1, CDC 128-G, dated 05/31/00 [DRB decision releasing Acuna from the SHU based on his inactive gang status].) However, in December 2003, while Acuna was housed at California State Prison, Los Angeles County, an investigation of Acuna's gang status was initiated by the local institutional gang investigator after the IGI received new confidential information indicating that Acuna was currently involved in EME activity. (Ex. 2, General Chrono, dated 12/17/03; Ex. 3, General Chrono, dated 12/18/03.)

As part of this investigation, Acuna was photographed, and he was informed that the IGI would be submitting a validation package for his re-validation. (Ex. 2-3.) This evidence contradicts Acuna's claim that he was denied notice and an opportunity to challenge his validation before the validation package was submitted to the LEIU/SSU. Instead, the evidence demonstrates that Acuna was given notice that two confidential memoranda were being used to document his continuing participation in gang activity. (Ex. 3.) In addition, contrary to the allegations in his petition, Acuna was, in fact, given the opportunity by the IGI to participate and discuss any issues concerning his validation. (*Ibid.*) Indeed, the IGI documented this discussion, including Acuna's specific claims denying any current gang affiliation. (*Ibid.*)

A validation package was submitted by the IGI to the LEIU/SSU in January 2004, and on January 20, 2004, Acuna was re-validated as a member of the Mexican Mafia prison gang, based on three confidential source items. (Ex. 4, CDC 128-B2, dated 01/20/04; see also Ex. X Confidential memorandum, dated 12/12/03; Ex. Y, confidential memorandum dated 09/23/00, 2003; and Ex. Z, confidential CDC 128B, dated 09/21/00, *all of which are filed under seal, for in camera review pursuant to the Court's order of October 31, 2005.*) Respondent submits that these three documents meet the validation requirements of Title 15, section 3378, of the California Code of Regulations, and, therefore, Acuna was properly validated. Specifically, these documents show that Acuna continued to participate in EME-related activities and to communicate with other EME members and associates while he was housed at California State Prison, Los Angeles. (See Ex. X-Y.)

After the validation package had been submitted and Acuna had been re-validated, but before Acuna had been transferred to the SHU, he was transferred to Calipatria State Prison. (See Pet., p. 7; see also Ex. 5, Movement History, entry dated 03/01/04.) Acuna was then placed in administrative segregation based on his status as a validated EME gang member, pending review of his housing and program needs by the institution classification committee. (Ex. 5, entry dated 03/05/04; Ex. 6, CDC 114D, dated 03/05/04.) Acuna had notice and an opportunity to challenge this housing decision, and attended the hearing, during which the committee decided

The Honorable William H. Follett
**In re** *ARCADIO ACUNA* **(C-43165)**
December 29, 2005
Page 4

he should be retained in administrative segregation pending his transfer to the SHU. (Ex. 6; Ex. 7, CDC 128G, dated 03/11/04.) Acuna expressed no disagreement with the decision, nor did he assert any challenge to his validated gang status; in fact, he asked no questions and made no comments during the hearing. (*Ibid.*)

Before he had been transferred to the SHU, Acuna submitted an appeal, which he dated March 11, 2004. (See Pet., Ex. C; see also Ex. 8, Inmate Appeal, Local Log No. CAL 04-545, p. 3.) In this appeal, Acuna requested that his gang validation be rescinded for various reasons, including because he had not been provided with Confidential Information Disclosure Forms, also known as CDC 1030s, for the confidential documents that had been relied upon to validate him. (*Ibid.*) These forms identify the reason or reasons why the confidential information is reliable and disclose as much information as possible without jeopardizing the safety and security of the institution. (See Cal. Code Regs., tit. 15, § 3321.) After filing this appeal, Acuna was given CDC 1030s for the three documents relied upon to validate him on 04/20/04. (Ex. 9, CDC 1030s, referencing the 12/23/03 and 09/23/03 memoranda and the 09/21/00 CDC 128B.) Although Acuna apparently was not given the CDC 1030s before the validation package was sent to LEIU/SSU, he did receive them before his actual transfer to the SHU. More importantly, he was given the opportunity to discuss his potential validation with the IGI in December 2003, before the validation package was submitted to LEIU/SSU, and he took that opportunity to express his views, which were then passed on to the LEIU/SSU. (See Ex. 3.)

Additionally, Acuna's administrative segregation placement was reviewed periodically until his transfer to the PBSP SHU in November 2004. (See Ex. 5, entry dated 11/17/04; Ex. 10, CDC 128Gs, dated 04/22/04, 07/15/04, and 10/07/04.) Acuna attended each of these hearings, and he never disagreed with the committee's decisions or voiced any concern with respect to his validated gang status; indeed, he asked no questions and made no comments during any of these hearings. (*Ibid.*)

In the meantime, however, he apparently submitted another appeal, this time challenging the sufficiency of the evidence described in the CDC Form 1030s. (See Pet., Ex. C; see also Ex. 8, pp. 6–15.) That appeal was denied at the second level and again at the Director's Level because there was sufficient evidence to warrant Acuna's re-validation. (See Pet., Ex. C, Supplemental Page; see also Ex. 8, p. 1.[1/])

---

1. Acuna complains because the Director's Level Appeal Decision refers to him as both an associate and as a member. This confusion likely arises from the fact that Acuna had previously been validated as an associate and was subsequently validated as a member. The dual reference in the appeal response, however, does not undermine the validation decision itself.

The Honorable William H. Follett
**In re *ARCADIO ACUNA* (C-43165)**
December 29, 2005
Page 5

**Conclusion.**

Contrary to the allegations in his petition, Acuna was given notice and an opportunity to challenge his gang validation. More importantly, the evidence of Acuna's continuing involvement with the Mexican Mafia is sufficient to justify his re-validation. Accordingly, his petition should be denied and this matter dismissed.

Sincerely,

PAMELA B. HOOLEY
Deputy Attorney General

For     BILL LOCKYER
Attorney General

PBH:sf

30073719.wpd

# EXHIBIT "1"

NO. C-43165                    NAME: ACUNA                    CDC-128-G (Rev. 2/96)
Custody: MAX AS              Assignment:
Comments: DEPARTMENTAL REVIEW BOARD

Location: PBSP / SHU        CS: 81          Enemy: YES        MEPD: 5-17-12
Gang: INACTIVE EME          Prior DRB: NO                    Restitution: NOT APPLICABLE

REASON FOR REFERRAL: This case was referred to DRB pursuant to California Code of Regulations (CCR), Title 15, Section 3378 (d)(e) whereas "…an inmate housed in a Security Housing Unit (SHU) as a gang member or associate may be considered for review of inactive status by DRB when the inmate has not been identified as having been involved in gang activity for a minimum of six years. The Assistant Director, LEIU, or designee shall approve verification of an inmate's inactive status…". This case has been validated by LEIU staff as meeting the inactive criteria, and requires a DRB review to evaluate the inmate's inactive status and alternative placement options, if approved by DRB action. The following case factors are noted:

1. On 10-5-98, Inmate Acuna was validated as an associate of the EME per the CDC-128-B-2 process (copy attached). The validation documents used to validate Inmate Acuna have been included with the DRB referral documents. A review of these documents indicates that Inmate Acuna did not have a significant EME role.
2. On 1-31-00, the Inactive Gang Task Force completed an investigation relative to Inmate Acuna's gang involvement (copy of CDC-128-B attached). This investigation determined that Inmate Acuna qualified for a potential "inactive validation" via LEIU. This document also notes the last source document related to gang activity is dated 8-31-90.
3. A CDC-128-B-2- dated 2-07-00, was prepared by LEIU staff and documents that Acuna has been determined to be an "inactive" EME associate and therefore, meets the criteria for a DRB referral / review.

The inmate has requested placement at PBSP-IV "general population". The institution has recommended that DRB approve a transfer to either CCI-IV or SVSP-IV general population.

CIRCUMSTANCES: Inmate Acuna was received into CDC on 3-11-87 as a PV/WNT from Santa Clara County for Kidnap by Robbery (3 counts). He was sentenced to three Life terms plus eight years. He has an extensive criminal record dating to 1978. He has not appeared to be a management concern during this current CDC term. His last disciplinary action was in 1995 for Talking in the Library. Inmate Acuna was also found to be the victim of a stabbing assault in 1990.

Date: 5-31-00              Classification: DRB ACTION              Inst.: PBSP
NO. C-43165                    NAME: ACUNA                    CDC-128-G (Rev. 2/96)
Custody: MAX AS              Assignment:
Comments: DEPARTMENTAL REVIEW BOARD

INSTITUTION STAFF RECOMMENDATION: Approve transfer to either PBSP-IV or CCI-IV general population.

CLASSIFICATION SERVICES RECOMMENDATION: CSU notes all case factors and the recent "inactive" gang validation. Additionally, the inmate has maintained a satisfactory program and has not been a management concern. The LEIU Investigation results warrant this review and substantiate a potential placement of Inmate Acuna in a general population facility for a twelve-month period of observation. Therefore, CSU recommends: 1. Approve a transfer to SVSP-IV for a twelve-month period of observation. 2. The PBSP C&PR to facilitate this transfer within 14 days after receiving this action. 3. The PBSP C&PR to complete the CDC-840 with applicable transfer information / administrative determinates prior to the inmate's transfer. 4. The inmate to be advised that any signs of gang activity (one reliable source) will result in a removal from the general population. 5. After a twelve-month period of observation has been completed, the inmate is to be reviewed by a Classification Committee to ensure that his placement is consistent with his classification score and case factors.

DRB ACTION OF 5-31-00: DRB reviewed Inmate Acuna's case, in person, on this date at PBSP. Acuna was permitted to discuss his case with the DRB members. Inmate Acuna acknowledged the reason for his DRB appearance and understood the "inactive gang" process. DRB noted all case factors relative to meeting the "inactive gang" criteria, including the inmate's positive behavior and lack of any documented gang activity. DRB discussed all program expectations with Inmate Acuna, who claimed to understand all functions of this DRB review. Acuna stated "I just want to get a date…". DRB noted the following factors, staff comments and discussion points:
1. The Tier Officer assigned to Inmate Acuna's "POD" was asked by DRB members about his behavior, compliance with directions, attitude toward staff and ability to program with members of rival gangs / disruptive groups in a

NO. C-43165                    NAME: ACUNA                    CDC-128-G (Rev. 2/96)
Custody: MAX AS          Assignment:
Comments: DEPARTMENTAL REVIEW BOARD

positive manner. The Officer expressed positive comments about Acuna and indicated he was not a problem inmate. The Officer felt Acuna should be able to program with inmates of opposing factions.

2. Inmate Acuna indicated that if placed in a general population setting / integrated yard, he would be able to program with inmates from rival groups.

3. Acuna also understood that DRB may approve Double-Celling upon his reception at a general population institution, and he claimed he would have no problems housing with another inmate.

4. Acuna claimed he would not involve himself in future gang activity and acknowledged the consequences, should he become involved in any type of future gang activity / association.

After a review of all case factor and noting the above comments, DRB elected to grant the inmate's release from Indeterminate SHU with placement at CCI-IV for 180 design housing. The following DRB actions were also approved: 1. Retain CLO-A custody for a period of twelve months, at which time, the institution is to evaluate the inmate's behavior and relevant case factors to determine his eligibility for a less restrictive custody. 2. The CCI-IGI is to closely monitor the inmate's behavior and activity while housed at CCI. 3. Double-Cell housing is approved upon his reception at CCI. 4. The PBSP C&PR to facilitate this transfer with CSU staff within 14 days after receiving this action. The C&PR is to also complete the CDC-840 with applicable information / administrative determinates to include "INA" prior to the inmate's transfer. 5. Although DRB will not maintain future transfer control over this case, it is requested by DRB that if Inmate Acuna is identified as being involved in any future gang activity, which would again subject him to an Indeterminate SHU placement, that the DRB coordinator be advised in order to monitor the success of this program. 6. Case to be reviewed in twelve months by a Classification Committee to ensure that the inmate's placement is consistent with his Classification Score / case factors.

RETAIN DRB TRANSFER CONTROL: YES ___ NO _X_

Date: 5-31-00          Classification: DRB ACTION          Inst.: PBSP

---

NO. C-43165                    NAME: ACUNA                    CDC-128-G (Rev. 2/96)
Custody: MAX AS          Assignment:
Comments: DEPARTMENTAL REVIEW BOARD

MEMBERS:          D. TRISTAN, Deputy Director
                  Institutions Division

                  K.W. PRUNTY, Regional Administrator-South

                  M. KALVELAGE, Chief (A)
                  Institution Operations, Institutions Division

RECORDER:         D. LANKFORD, Classification Staff Representative, Classification Services Unit

ATTENDEES:        B. PARRY, Assistant Director, Law Enforcement and Investigation Unit
                  J. DIGGS, Facility Captain, Classification Services Unit


M. Kalvelage                              D. Tristan
M. KALVELAGE, Chief (A)                   D. TRISTAN, Deputy Director
Institution Operations, Institutions Division    Institutions Division

Date: 5-31-00          Classification: DRB ACTION          Inst.: PBSP

# EXHIBIT "2"

State of California                                    Department of Corrections
                                                       CDC 128-B (8-87)

NAME AND NUMBER        ACUNA, ARCADIO, SERRAN C43165 AKA "CADOI"

On Friday December 12, 2003, an investigation was initiated on Inmate Acuna, C43165, per the California Code of Regulations, Title 15, Section 3378 (d) regarding his (Active/In Active) gang status.

Acuna was validated as an associate of the Mexican Mafia prison gang on 11-29-90.

The last source document showing gang activity is dated 08-31-90.

The California State Prison Los Angeles County (CSP-LAC) Institutional Gang Investigator's Unit has received new Confidential Information dated September 23, 2003 and December 12, 2003, implicating and showing Acuna as being currently involved in associating and participating in gang activity for the Mexican Mafia (EME) at CSP-LAC.

Based on the information it is recommended Acuna, C43165, be placed on the Active Status.

Acuna was photographed, and an active package is being submitted to the Law Enforcement & Intelligence Unit, (LEIU).


J. GARCILAZO
Institutional Gang Investigator
CSP-Los Angeles County

Orig:C-FILE
Cc: Writer

Date:  December 17, 2003,          GANG CHRONO          GENERAL CHRONO

# EXHIBIT "3"

State of California

Department of Corrections
CDC 128-B (8-87)

NAME AND NUMBER                    ACUNA, ARCADIO, SERRANO, C43165

**INTERVIEW:**

On Thursday December 18, 2003, the Institutional Gang Investigator (IGI) interviewed Inmate Acuna C43165, Validated Mexican Mafia Inactive per California Code Of Regulations Title 15, Section 3378 (f).(1). Acuna was informed that IGI would be submitting a validation package for revalidation with Prison Gang Mexican Mafia. Inmate Acuna was also informed that two confidential Memorandums were being used as new information implicating him as continuing to participate with gang activity. Inmate Acuna was given the opportunity to participate and discuss any issues concerning the validation. Acuna stated he has been clean for three years, you can review my Central File, you can talk to all supervisor's whom I have work for about my character. I don't associate with no prison gang members, associates, or anybody. I do my own program. I can't help if they (Young Southerner's) inmates look up to me. If anything I try to encourage these youngster to stay out of prison to go home and stay out of trouble. Inmate Acuna denied any current involvement with gang activity.


J. GARCILAZO
Institutional Gang Investigator
CSP-Los Angeles County
Inmate

Orig: C-File
Cc: Writer

Date: December 18, 2003                         **GENERAL CHRONO**

# EXHIBIT "4"

STATE OF CALIFORNIA                                          DEPARTMENT OF
CORRECTIONS
CDC 128-B-2 (5/95)

---

INMATE'S NAME: Acuna, Arcadio                    CDC NUMBER: C43165

---

On Feburary 4, 2000, a gang validation package regarding subject was received from Institution Gang Investigator Crandall at PBSP.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU ON January 12, 2004 , FROM GANG INVESTIGATOR Lt. Garcilazo AT CSP-LOS. (UPDATED ITEMS LISTED IN ITALICS).*

                              **TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)**
The following items **meet** the validation requirements:    *Conf Memo dated 12-12-03, Conf Memo dated 9-23-03 and Conf 128B dated 9-21-00.*

                    **TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

                **TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Acuna is:

☒ **VALIDATED**      ☐ **REJECTED**

as a **member** of the **Mexican Mafia** prison gang.

Wm Luper
Special Agent SSU

DATE: 1-20-04

**GANG VALIDATION/REJECTION REVIEW**
**GENERAL CHRONO**
**LEIU/SSU**

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

# EXHIBIT "5"

```
CMHQ C43165                   ACUNA,ARCADIO,SERRANO              PAGE 01
    *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 11/17/2004

11/17/2004   TRANSFERRED     TO PSP   SHU      FROM DVIRC

11/16/2004   TRANSFERRED     TO DVIRC          FROM RCC
                             ENROUTE TO PSP

11/15/2004   TRANSFERRED     TO RCC            FROM CAL
                             ENRROUTE TO PSP

03/05/2004   CHANGED UNIT    NEW UNIT: ADSEG    OLD UNIT: MAIN

03/01/2004   TRANSFERRED     TO CAL            FROM LAC

11/04/2003   TEMP RELEASE    TO MED   FROM LAC     CUSTODY: CDC/BAK    RET SAME DAY
                             DR. LUU, MD./BAKERSFIELD

08/14/2003   CHANGED UNIT    NEW UNIT: IV       OLD UNIT: ADSEG

08/12/2003   CHANGED UNIT    NEW UNIT: ADSEG    OLD UNIT: IV

05/28/2002   TRANSFERRED     TO LAC   IV       FROM CCI4A
    P/N PRESS ENTER FOR NEXT PAGE
```

CMHQ C43165                        ACUNA, ARCADIO, SERRANO                    PAGE 02

07/20/2000   TRANSFERRED      TO CCI4A            FROM COR

07/19/2000   STATUS CHANGED TO ENRCHG   FROM ENROUTE    NEW FINAL DEST: CCI4A

07/19/2000   TRANSFERRED      TO COR   SHU        FROM PSP
                              ENROUTE TO CCI

08/07/1995   CHANGED UNIT     NEW UNIT: SHU       OLD UNIT: INF

08/05/1995   CHANGED UNIT     NEW UNIT: INF       OLD UNIT: SHU

07/26/1995   CHANGED UNIT     NEW UNIT: SHU       OLD UNIT: INF

07/25/1995   TEMP RELEASE     TO HOSP FROM PSP     CUSTODY: CDC/DN     RET SAME DAY
                              SUTTER COAST HOSP/CRESCENT CITY

07/24/1995   CHANGED UNIT     NEW UNIT: INF       OLD UNIT: SHU

01/19/1991   TRANSFERRED      TO PSP   SHU        FROM FOL-A

11/05/1990   TRANSFERRED      TO FOL-A ADSEG      FROM FOL-C
   P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                    ACUNA,ARCADIO,SERRANO                    PAGE 03

10/30/1990   TRANSFERRED    TO FOL-C          FROM FOL-A

10/26/1990   TRANSFERRED    TO FOL-A          FROM PSP

07/31/1990   CHANGED UNIT   NEW UNIT: MAIN    OLD UNIT: INF

07/30/1990   CHANGED UNIT   NEW UNIT: INF     OLD UNIT: MAIN

12/04/1989   TRANSFERRED    TO PSP            FROM FOL-B

07/19/1989   TRANSFERRED    TO FOL-B          FROM FOL-A

05/25/1989   TRANSFERRED    TO FOL-A ADSEG    FROM FOL-B

03/22/1988   TRANSFERRED    TO FOL-B          FROM FOL-A

03/21/1988   TRANSFERRED    TO FOL-A          FROM FOL
                            INFIRMARY

03/16/1988   TRANSFERRED    TO FOL            FROM FOL-B   TEMPORARILY
                            MED & RET
    P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                            ACUNA,ARCADIO,SERRANO                    PAGE 04

05/27/1987   TRANSFERRED      TO FOL-B            FROM FOL

04/24/1987   TRANSFERRED      TO FOL             FROM NRC
                              LATE ARRIVAL

03/11/1987   RETURNED         TO NRC
                              RET FROM PAROLE   RET STATUS PWNT
                              F/PROCESS

12/05/1983   PAROLED          TO REG4   ONT1    FROM FOL        CUSTODY: SO/RIV
                              TENT DCH DATE: 12/05/1986 CO: SB

07/07/1983   CHANGED UNIT    NEW UNIT: SHU       OLD UNIT: MAIN

05/11/1983   STATUS CHANGED TO ENRREM    FROM ENROUTE

05/11/1983   TRANSFERRED      TO FOL             FROM RCC
                              ENROUTE TO CRC

05/10/1983   STATUS CHANGED TO TEMPREM   FROM TEMP

 P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                          ACUNA,ARCADIO,SERRANO                        PAGE 05

04/07/1983    CHANGED UNIT      NEW UNIT: PALM       OLD UNIT: MAIN

04/07/1983    RETURNED          TO RCC               ENR TO CRC
                                RET FROM OTC
                                TFT

03/10/1983    TEMP RELEASE      TO OTC  FROM RCC     CUSTODY: SO/RIV
                                ARRAIGNMENT

03/03/1983    CHANGED UNIT      NEW UNIT: PALM       OLD UNIT: MAIN

03/03/1983    RETURNED          TO RCC               ENR TO CRC
                                RET FROM OTC
                                TFT

02/15/1983    TEMP RELEASE      TO OTC  FROM RCC     CUSTODY: SO/RIV
                                ARRAIGNMENT

02/07/1983    TRANSFERRED       TO RCC   PALM     FROM CRC      TEMPORARILY
                                H/C

 P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                        ACUNA,ARCADIO,SERRANO                    PAGE 06

02/07/1983   TEMP RELEASE    TO OTC   FROM CRC    CUSTODY: SO/RIV    RET SAME DAY
                            PRELIM

02/07/1983   TRANSFERRED     TO CRC              FROM RCC

01/26/1983   CHANGED UNIT    NEW UNIT: PALM     OLD UNIT: MAIN

01/26/1983   TRANSFERRED     TO RCC             FROM CRC      TEMPORARILY
                            H/C

01/26/1983   TEMP RELEASE    TO OTC   FROM CRC    CUSTODY: SO/RIV    RET SAME DAY
                            ARRAIGN

01/26/1983   TRANSFERRED     TO CRC              FROM RCC

01/17/1983   CHANGED UNIT    NEW UNIT: PALM     OLD UNIT: MAIN

11/12/1982   TRANSFERRED     TO RCC             FROM CRC      TEMPORARILY
                            H/C

  P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                    ACUNA,ARCADIO,SERRANO                PAGE 07

| 06/12/1982 | RETURNED | TO CRC<br>RET FROM HOSP | |
|---|---|---|---|

06/11/1982  TEMP RELEASE   TO HOSP FROM CRC    CUSTODY: RGH

03/12/1982  TRANSFERRED    TO CRC              FROM RCC

02/25/1982  ADMITTED       TO RCC              FROM SC/SBD   AS A DSL
                           CII NA
                           B95994


P/01  NO ADDITIONAL PAGE FOLLOWS

# EXHIBIT "6"

STATE OF CALIFORNIA                              DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - HEALTH CARE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| ACUNA, Arcardio | C-43165 |

## REASON(S) FOR PLACEMENT *(PART A)*

[XX] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[XX] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: On Friday, March 05, 2004, the Institutional Gang Investigator at Calipatria State Prison received a facsimile copy of a CDC 128B-2, Gang Validation Chrono, from the Special Services Unit (SSU), identifying you, Inmate Arcardio Acuna, C-43165, B5-209L, as a validated member of the Mexican Mafia prison gang. Due to your current gang status as an active member of the Mexican Mafia, your continued presence on a general population facility (B Facility) has been deemed a threat to the safety and security of the institution. You are being re-housed in Administrative Segregation pending review by the Institutional Classification Committee for program and housing needs. Due to your Ad-Seg placement, your custody level, privilege group, credit earning and visiting status are subject to change. Inmate ACUNA is not a participant in the Mental Health Services Delivery System (MHSDS) and Disability Placement Program (DPP).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)  [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03-05-04 | R. ANTI | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 3.5.04 | 1525 | J. Gutierrez | | C/O |

[ ] INMATE REFUSED TO SIGN     INMATE SIGNATURE   X *Arcardio Acuna*    CDC NUMBER C-43165

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

### STAFF ASSISTANT (SA) | INVESTIGATIVE EMPLOYEE (IE)

| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| N/A | | N/A | |

**IS THIS INMATE:**

| | | |
|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment                            Any "NO" may require IE assignment

[X] NOT ASSIGNED                          [X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER  [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE          DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | N | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| N/A | | N/A | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY  [X] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [X] SINGLE CELL PENDING ICC

REASON FOR DECISION: Ret. AS pend. ICC review.
Single cell pend ICC review.
Endangers Inst. Security.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| J. Buittenay | Capt. | 3-8-04 | 1410 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

# EXHIBIT "7"

**ACTION:**  INITIAL/MAINLINE REVIEW: RETAIN AD SEG PENDING TX TO PBSP-SHU INDETERMINATE VIA CCI-SHU. REFER TO CSR RX TX PBSP-SHU VIA CCI-SHU. ESTABLISH MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. ASSIGN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES/SO. HISPANICS/OTHERS). PLACE ON NON-CONTACT VISITING STATUS EFFECTIVE 03/05/2004. NO MHSDS, MDO, DPP OR DDP CONCERNS NOTED. DOUBLE CELL HOUSING APPROVED. RESCHEDULE ICC 06/03/2004.

Inmate Acuna was screened in person in ICC today for Initial/Mainline Review. Inmate was placed in Ad/Seg on 03/05/2004 for being validated as a Mexican Mafia Prison Gang member per CDC 128B2 dated 01/20/2004. The 114-D Interview was conducted on 03/08/2004 by J. Builteman, FC. The 114-D Hearing was conducted on 03/11/2004 by ICC. Staff Assistant was not assigned. Investigative Employee was not assigned. The issues are not complex nor is the Inmate illiterate. Review of the 114-D within time limitations has been met and no witnesses were requested. Committee finds that segregated housing is appropriate and elects to retain Inmate in Ad/Seg pending transfer to PBSP-SHU Indeterminate via CCI-SHU. No enemies in Ad Seg are noted. Committee refers the case to the CSR recommending transfer to PBSP-SHU via CCI-SHU. Inmate is assigned to Yard Group No. 7, Controlled Compatible (Whites/So. Hispanics/Others). A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. CDC 1882 is located in the Central File. Confidential information was not considered. Inmate assigned to Ad/Seg earning status WG/PG D1/D effective 03/05/2004, custody changed to MAX. Inmate was placed on non-contact visiting status effective 03/05/2004. Committee notes inmate was received in CDC on 03/11/1987 with a term of 3 Life Terms plus 8 Years and will be eligible for custody review on 08/05/2005. Committee notes this hearing also serves as inmate's Mainline Initial Review. Case factors are as follows: Inmate Acuna is a 50 year old, Hispanic, 4th termer, committed from Santa Clara County for the offenses of Kidnapping and Robbery. He was received at CAL on 03/01/2004 from LAC. His GPL is 12.5. Confidential file is noted. Inmate is medically cleared as Full Duty. TB Alert Code is 22 per 128-C dated 04/28/2003. Inmate does not meet criteria for inclusion in the MHSDS. CDC 812 indicates enemy situation and gang/disruptive group affiliation. Disciplinary history includes Possession of Alcohol, Unauthorized Talking, Resisting Staff, Assault on Inmate, Failure to Report, Possession of Controlled Substance and Force and Violence. There is no history of Arson, Kidnapping or Sex related offenses noted. History of Escape is noted for a 1978 Escape from CA Rehabilitation Center. There are no Holds or Detainers noted. Inmate is not a foreign born national. Inmate is not eligible for MSF, CCRC, MCCF, CCF, Camp or Restitution Center due to Life sentence. Inmate does not meet MDO criteria. CDC 840, 812, 127 and Minimum Screening forms have been updated. Inmate's BPT Initial Parole Consideration Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP and Mental Health Staff present during committee is in agreement with this status. Inmate was advised he would be seen by ICC on 06/03/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (acf)

T. Ochoa, CDW(A)          CHAIRPERSON                    K. Hughes, Asst. C&PR          RECORDER

**Committee Members:**  G. Janda, AW; S. Leapheart, FC; G. Chavarria, CCII; D. Middleton, Ph.D.
cc:    Counselor, Inmate
**Date:** 03/11/2004          **CLASSIFICATION:** ICC AD/SEG          **INST:** CAL-IV

REVIEWED UBIS

# EXHIBIT "8"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: SEP 23 2005

In re: Acuna, C-43165
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0500285          Local Log No.: CAL 04-545

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT: It is the appellant's position that he was placed in the California State Prison, Los Angeles County (LAC) Administrative Segregation Unit based on allegations that he was a validated gang member of a prison gang. The appellant contends that this action was a direct violation of his due process rights. The appellant requests that his validation as a gang member be rescinded and that he be returned to the general inmate population.

II    SECOND LEVEL'S DECISION: The reviewer found that on January 12, 2004, a gang validation package was submitted to the Law Enforcement Investigation Unit by the LAC Institution Gang Investigator, to re-validate the appellant as an associate of the Mexican Mafia (EME) prison gang. While at LAC the appellant was in the general inmate population (GP) due to being released from Pelican Bay State Prison (PBSP) Security Housing Unit as an in-active "EME" associate. On January 20, 2004, the appellant was re-validated as an associate of the "EME" prison gang pursuant to the validation requirements established by the California Code of Regulations, Title 15, (CCR). The appellant's case will be considered for review in six years for in-active status, if he remains gang activity free for that time frame. The reviewer learned the one CDC Form 1030 Confidential Information Disclosure notice was provided to the appellant and the information was deemed reliable in accordance with the CCR 3321. Therefore, the Second Level of Review denied the appeal.

III    DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: There was sufficient evidence to warrant the appellant's re-validation as an "EME" gang associate. The appellant provided no evidence to the committee members contesting his validation. The appellant was provided with copies of the materials used to re-validate him. Additionally, the LEIU provided a CDC Form 128-B2, Validation Chrono, dated January 20, 2004, which identified three items which supported the validation of the appellant as a member of the EME. The appellant has not provided sufficient evidence to overturn or rescind his validation as an associate of the "EME." The appeal was denied at the Director's Level of Review.

B. BASIS FOR THE DECISION:
CCR: 3001, 3335, 3338, 3339, 3370, 3375, 3378

C. ORDER: No changes or modifications are required by the institution.

ACUNA, C-43165
CASE NO. 0500285
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.

*T. Surges*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP
       Appeals Coordinator, CAL

MAR 15 2004

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. CAL-A-
2. ASP-LAC-X

Log No.

1. 04-545
2. 04-02386

Category 6

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| ACUNA | C-43165 | Ad Seg | A5-237 |

**A. Describe Problem:** On 3/5/04, I was placed in Ad. Seg. based on an allegation that I was a validated "member" of a prison gang. (see attached CDC-114-D) I received as that date a copy of a CDC-128-B2 (see attached) asserting that I had been validated per confidential chronos dated 12/12/83, 9/23/03 and, 9/21/00, submitted as part of a validation package by CSP/LAC gang investigator Lt. Garcilazo. I am asserting by this appeal that my due process rights were violated in a number of ways by the validation

(continued on attached page)

If you need more space, attach one additional sheet.

**B. Action Requested:** Rescind validation as a gang member and return to general population

Inmate/Parolee Signature: _Arcadia Acuna_    Date Submitted: 3/11/04

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

04-545

00003

REC'D CT OF APPEALS
MAR 16 2004

04 545

DC-602 (Continued)

rocess, and vehemently deny that I am a member of a prison gang. First of all, I have never been provided with CDC-1030 disclosure forms indicating that confidential information had been placed my c-file, and submit that each of the listed chronos does not reform to Title 15, Code of Regulations, § 3322(b)(3)(A)-(B). Moreover, concerning the chronos dated 12/03 and 9/03, during an intervie with Lt. Garcilazo at CSP/LAC, he stated that "some" type of correspondence had been intercepted by "some" unnamed individual or individuals alleging my involvement in gang activities. Now, the confidential chrono dated 9/21/00, I know for a fact does not claim any type of gang activity, but as disclosed to me by Capt. Nedina CSP/LAC, it documents that a mentally unstable black inmate took himself off the yard because he said he had verbally disrespected me in the law library where I worked as a clerk and felt threatened by other black prisoners because of this. I hereby declare that at no time did I threaten this inmate or "pressure" black prisoners to harm him in any way. A verbal exchange did occur in the presence of numerous black prisoners but I simply walked away from the situation and gave it no further thought. Furthe re a review of my c-file shows that all during the almost four years t I was released from PBSP-Indeterminate SHU, except for one CDC-115 received for possession of pruno, I have been a model of good comportment, have performed above average at each of my assigned jobs and earned certificates (laudatory job performance reports committed an Anger Management/Substance Abuse self-help program, and interacted positively with prisoners, job supervisors, housing and custody staff. It is a grave injustice to now label me a gang member after such positive programming, and by this action

00004

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

04 545

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| ACUNA, Arcardio | C-43165 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: On Friday, March 05, 2004, the Institutional Gang Investigator at Calipatria State Prison received a facsimile copy of a CDC 128B-2, Gang Validation Chrono, from the Special Services Unit (SSU), identifying you, Inmate Arcardio Acuna, C-43165, B5-209L, as a validated member of the Mexican Mafia prison gang. Due to your current gang status as an active member of the Mexican Mafia, your continued presence on a general population facility (B Facility) has been deemed a threat to the safety and security of the institution. You are being re-housed in Administrative Segregation pending review by the Institutional Classification Committee for program and housing needs. Due to your Ad-Seg placement, your custody level, privilege group, credit earning and visiting status are subject to change. Inmate ACUNA is not a participant in the Mental Health Services Delivery System (MHSDS) and Disability Placement Program (DPP).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:   / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03-05-04 | R. ANTI | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 3.5.04 | 13.5 | J. GUTIERREZ | | 70 |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE  X INACIO Acuna    CDC NUMBER C-43165

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | | | | |
|---|---|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY____  [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (If necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (If necessary) | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

00005

STATE OF CALIFORNIA
CORRECTIONS
CDC 128-B-2 (5/95)

REC'D CAL. APPEALS
MAR 15 2004

04 545
DEPARTMENT OF

---

**INMATE'S NAME:** Acuna, Arcadio                    **CDC NUMBER: C43165**

---

On Feburary 4, 2000, a gang validation package regarding subject was received from Institution Gang Investigator Crandall at PBSP.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU ON January 12, 2004 , FROM GANG INVESTIGATOR Lt. Garcilazo AT CSP-LOS. (UPDATED ITEMS LISTED IN ITALICS).*

                                         **TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)**
The following items meet the validation requirements:         *Conf Memo dated 12-12-03, Conf Memo dated 9-23-03 and Conf 128B dated 9-21-*
*00.*

                    **TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)**

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

                    **TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Acuna is:

                    ☒ **VALIDATED**      ☐ **REJECTED**

as a member of the **Mexican Mafia** prison gang.

Wm Luper
Special Agent SSU

**DATE:** 1-20-04

---

                    **GANG VALIDATION/REJECTION REVIEW**
                    **GENERAL CHRONO**
                    **LEIU/SSU**

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

ATTACHMENT TO: 04-545

REC'D CAL PEALS

APR 26 2004

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CAL-A | 1. 04 724 | 1. |
| 2. | | 2. | 2. |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Acuna | C-43165 | Ad Seg | A5-237 |

**A. Describe Problem:** On 4/20/04, I received a CDC-1030 Confidential Information Disclosure Form, stating that while at CCI confidential information was documented on a CDC-128 B dated 9/21/00 alleging that I continued to communicate with a validated gang member, and that the reliability of the source providing this information was established under criteria (d) "This source incriminated himself in a criminal activity at the time of providing the information." First of all, I vehemently deny that I have communicated in any way, shape, or form with any

If you need more space, attach one additional sheet.                (see attached)

**B. Action Requested:** Expunge Confidential Memorandum dated 9/21/00 from my C-File, Nullify validation process, and return me to the general population of a Level III prison.

**Inmate/Parolee Signature:** Arcadio Acuna          **Date Submitted:** 4/22/04

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

*CDC CAL BY-PASS*

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

04 724

00007

C'D CAL APPEALS
APR 27 2004        TO:        04 724

ATTACHMENT
TO:      04 545

CDC-602 (cont'd)

information was not disclosed to me at the time it was provided so that I could challenge its veracity, (2) that it was relied on in the validation process without allowing me an opportunity to dispute it, (3) that its reliability was not established in conformance to CCR, Title 15, sec. 3321(d)(1)-(3), and (4) that the source providing the false information did so simply in order to gain for himself preferential treatment in the way of classification, custody, or placement considerations. Finally, I vehemently deny that I have been involved in any type of criminal and/or prison gang activities, and submit that a review of my C-File indicates everything contrary to this accusation, showing that since my release from indeterminate SHU in May 2000, I programmed without committing major rule infractions, that I received commendatory work performance reports from all my supervisors, that I earned numerous certificates of vocational achievement, and that I also successfully completed a self-help course in substance abuse/anger management.

REC'D CAL APPEALS

APR 26 2004

04-724
ATTACHMENT
TO: 04 545

CDC-602 (cont'd)

alleged gang members since my release from indeterminate SHU in May 2000, and dispute the truthfulness of the source providing this false information, submitting that if as the 1030 form indicates this prisoner was himself involved in criminal activities he lied in order to gain for himself preferential treatment in the way of classification, custody or placement considerations. Moreover, I assert that the mandates of CCR, Title 15, sec. 3322(d)(2) were not adhered to in establishing the reliability of the information provided, and on this basis submit that the document should not have been relied on in any decision affecting my classification and custody status. Furthermore, there a serious due process violation concerns here arising from the fact that when this false accusation was made I was not provided a CDC-1030 form so that at that time I could have challenged it and mounted a viable defense to prove the information was false. To wait 3½ years to disclose the information after!! the validation package had been submitted to Sacramento gave me no opportunity to defend myself to the individuals making what clearly is a life-altering decision.

00009

STATE OF CALIFORNIA
CDC 1030 (12/86)

REC'D CAL APPEALS
APR 26 2004

ATTACHMENT CORRECTIONS
TO: _04-545_

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43165_          INMATE NAME: _Acuña_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: _That you Inmate Acuña continued to communicate with a validated mexican mafia member Arturo Estrada CDC # C-63175._

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CDC-128 B dated 09-21-00 Authored by Correctional Officer B. Shelton located in your Confidential folder._

_____          _04/20/04_
STAFF SIGNATURE, TITLE               DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

00010

RECD-05A23-VRW  ALG    724
APR 27 2004

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | TO: |
|---|---|---|
| 1. _____ | 1. _____ | **ATTACHMENT** |
| 2. _____ | 2. _____ | Category |

**TO: 04 545**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Acuna | C-43165 | Ad Seg | AS-237 |

**A. Describe Problem:** On 4/20/04 I received a CDC-1030 Confidential Information Disclosure Form which described a confidential memorandum dated 9/23/03 alleging that I had continued to involve myself in prison gang activities by sending money to gang members. This information was supposedly provided by a source whose reliability was established solely on the basis that he had incriminated himself in a criminal activity at the time of providing the information. By this appeal I am asserting that this information is false and that I was denied due process by: (1) the fact that the

(see attached)

If you need more space, attach one additional sheet.

**B. Action Requested:** Expunge Confidential Memorandum from my C-File & nullify validation process which relied on information contained in the memorandum.

**Inmate/Parolee Signature:** Arcadio Acuna    **Date Submitted:** 4/25/04

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

ATTACHMENT AD-257

STATE OF CALIFORNIA
CDC 1030 (12/86)

REC'D CAL APPEALS
APR 27 2004

TO: 04 724
DEPARTMENT OF CORRECTIONS

ATTACHMENT

TO: 04 545

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __C43165__    INMATE NAME: __Acuna__

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: _That you Inmate Acuna_
_continue to involve yourself in Mexican_
_Mafia prison gang activities by sending_
_money to Mexican Mafia members._

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _Confidential Memorandum Dated 9-23-03_
_Located in your Confidential Folder_

_____    _4/20/04_
STAFF SIGNATURE, TITLE          DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

00012

APPEALS
APR 28 2004
ATTACHMENT
TO: 04 724
ATTACHMENT
TO: 04 545

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Acuna | C-43165 | Ad Seg | AS-237 |

A. Describe Problem: On 4/20/04 a Confidential Information Disclosure Form was provided which identified a Confidential Memorandum dated 12/12/03 alleging that I had continued to participate in prison gang activities while at CSP/LAC, Fac B. The reliability of the information was supposedly established by criteria (e) in that part of the information provided by the source(s) had allegedly already proven to be true. Furthermore, during an interview with IGI Lt. Garcilaga, he stated that a letter from some unnamed individual had been intercepted, and that said letter

If you need more space, attach one additional sheet.

(see attached)

B. Action Requested: Expunge Confidential Memorandum from my C-File, nullify validation process that relied on false information, and return to general population.

Inmate/Parolee Signature: _Arcado Acuna_    Date Submitted: 4/26/04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

00013

APR 28 2004

STATE OF CALIFORNIA
CDC 1030 (12/86)

ATTACHMENT
TO: 04 724

DEPARTMENT OF CORRECTIONS

ATTACHMENT
TO: 04 545

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C 43165          INMATE NAME: ACUNA

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: that you inmate Acuna C-43165, continued to participate with Mexican Mafia activities, while at here California State Prison - Los Angeles County facility B.

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder) confidential memorandum dated 12-12-03, Authored by J. Preciado, Institutional Gang Investigator Assistant

_____
STAFF SIGNATURE, TITLE                    04/20/04
                                          DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

00014

REC'D CAL APPEALS

APR 28 2004

TO:    04 724
ATTACHMENT

TO:    04 545

<u>CDC-602 (cont'd)</u>

indicated I was involved in criminal gang activities, I vehemently deny this allegation, and assert that the information contained in the confidential memorandum dated 12/12/03 is false, and is completely contradicted by the other documentation in my C-File showing that since my release from indeterminate SHU in May 2000, I have conformed to behavioral expectations, have performed assigned duties with diligence earning high marks of approval from supervisors, and do not doubt that if interviewed these supervisors would attest to the fact they saw no indication I was involved in gang activities. During the almost four years that I remained in the general population of CCI, Fac. A, and CSP) LAC, Fac's B & D, my conduct was exemplary and in fact I successfully completed a self-help anger management/substance abuse course under the direction of DR. E. Eskandari, PH.D., and he was so impressed by my conduct and maturity that he requested I become a mentor for his self-help group. All of the above thus clearly shows that I was not and am not involved in any type of prison gang activity.

00015

State of California

04 5545

Department of Corrections

# Memorandum

Date    :    July 1, 2004

To    :    Stuart Ryan
Warden (A)
Calipatria State Prison

Subject:    **INMATE ACUNA C-43165 APPEAL**

Inmate Acuna, C-43165 A5-237, is appealing his gang validation package submitted by CSP-Los Angeles CO. (LAC).   Acuna was transferred to Calipatria State Prison (CAL) from LAC on March 1, 2004.  CAL was advised by LAC that they had submitted the validation package on Acuna.  On March 5, 2004 the validation on Acuna was received at CAL.  Acuna was housed in Administrative Segregation pending transfer.

Correctional Sergeant Roe served three CDC 1030 prepared by Institutional Gang Investigator (IGI) at LAC.  LAC has all the documents that they submitted for the validation on Acuna.

In the past when CAL has submitted validation packages and there have been appeals on the validation package, the appeal has been sent to CAL for the IGI to answer. This is what happened with Inmate Staska when he was transferred to Centinela State Prison (CEN).  Sergeant Roe went to CEN, interviewed and answered Inmate Staska's appeals.   This has also transpired when another inmate was transferred to CA Correctional Institution, Tehachapi (CCI).

Recommend that these three appeals be forwarded to IGI at LAC for them to answer. IGI at CAL will assist them with what ever they need to answer the appeals.

R. Anti
Correctional Lieutenant
Chief Investigator
Calipatria State Prison

*Recommend this appeal also be sent to LAC as I did with the other one —*
*ANTI*

* CDC 1617 (3/89)

State of California

Department of Corrections

# Memorandum

Date : July 1, 2004

To : Stuart Ryan
Warden (A)
Calipatria State Prison

*[handwritten: Pls forward appeals to LAC - IGI  7/6/04]*

Subject: **INMATE ACUNA C-43165 APPEAL**

Inmate Acuna, C-43165 A5-237, is appealing his gang validation package submitted by CSP-Los Angeles CO. (LAC). Acuna was transferred to Calipatria State Prison (CAL) from LAC on March 1, 2004. CAL was advised by LAC that they had submitted the validation package on Acuna. On March 5, 2004 the validation on Acuna was received at CAL. Acuna was housed in Administrative Segregation pending transfer.

Correctional Sergeant Roe served three CDC 1030 prepared by Institutional Gang Investigator (IGI) at LAC. LAC has all the documents that they submitted for the validation on Acuna.

In the past when CAL has submitted validation packages and there have been appeals on the validation package, the appeal has been sent to CAL for the IGI to answer. This is what happened with Inmate Staska when he was transferred to Centinela State Prison (CEN). Sergeant Roe went to CEN, interviewed and answered Inmate Staska's appeals. This has also transpired when another inmate was transferred to CA Correctional Institution, Tehachapi (CCI).

Recommend that these three appeals be forwarded to IGI at LAC for them to answer. IGI at CAL will assist them with what ever they need to answer the appeals.

R. Antil
Correctional Lieutenant
Chief Investigator
Calipatria State Prison

# EXHIBIT "9"

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43165_          INMATE NAME: _Acuna_

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated _____ submitted by

        _____
                                STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a)  ☐  This source has previously provided confidential information which has proven to be true.

    b)  ☐  This source participated in and successfully completed a Polygraph examination.

    c)  ☐  More than one source independently provided the same information.

    d)  ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)  ☒  Part of the information provided by the source(s) has already proven to be true.

    f)  ☐  Other (EXPLAIN) _____

        _____

3)  Disclosure of information received.

    The information received indicated the following: that you inmate Acuna
    C-43165, continued to participate with
    Mexican Mafia activities, while at the
    California State Prison-Los Angeles County
    facility "B".

    _____

                    (If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
    folder) Confidential Memorandum dated 12-12-03 authored
    by S. Preciado Institutional Gang Investigator Assistant
    located in your confidential file.

    _____                    04/20/04
           STAFF SIGNATURE, TITLE                 DATE DISCLOSED

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C43165_          INMATE NAME: _Acuna_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                              STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

   _____

3) Disclosure of information received.

   The information received indicated the following: _That you Inmate Acuna_
   _continue to involve yourself in Mexican_
   _Mafia prison gang activities by sending_
   _money to Mexican Mafia members._

   _____

   _____

                    (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _Confidential Memorandum Dated 9-23-03_
   _Located in your Confidential Folder_

   _____  Set/IGI          4/20/04
              STAFF SIGNATURE, TITLE                    DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

                                                              87 82069

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C43165_        INMATE NAME: _ACUNA_

1)   Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

     a)   CDC-115, Disciplinary Report dated _____ submitted by

     _____
                                      STAFF NAME, TITLE

     b)   CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2)   Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a)   ☐   This source has previously provided confidential information which has proven to be true.

     b)   ☐   This source participated in and successfully completed a Polygraph examination.

     c)   ☐   More than one source independently provided the same information.

     d)   ☒   This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e)   ☐   Part of the information provided by the source(s) has already proven to be true.

     f)   ☐   Other (EXPLAIN) _____

     _____

3)   Disclosure of information received.

     The information received indicated the following: _That you Inmate Acuna_
     _continued to Communicate with a_
     _Validated Mexican Mafia Member_
     _Arturo Estrada CDC # C-63175._

     _____

                    (If additional space needed, attach another sheet.)

4)   Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
     folder). _CDC-128-B, Dated 09-21-00, Authored_
     _by Correctional officer B. Shelton located in_
     _your Confidential folder._

     _____                    _04/20/04_
              STAFF SIGNATURE, TITLE                      DATE DISCLOSED

87 82069

# EXHIBIT "10"

**CDC NO #:** C43165    **NAME:** ACUNA    **HOUSING:** A5-237    **CDC 128-G**
**PS:** 59 **LEVEL:** IV    **MEPD:** 08/05/2012    **CUSTODY:** MAX-B
**WG/PG:** D1/D EFF. 03/05/2004    **NEXT CLASSIFICATION:** 10/2004

**ACTION:**    EXCEPTIONAL REVIEW: RETAIN AD SEG PENDING TX. REFER TO CSR RX TX PBSP-SHU FOR INDETERMINATE SHU. REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. RETAIN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES/SO. HISPANICS/OTHERS) AND NON-CONTACT VISITING STATUS EFFECTIVE 03/05/2004. NO MHSDS, MDO, DPP OR DDP CONCERNS NOTED. DOUBLE CELL HOUSING APPROVED. RESCHEDULE ICC 07/22/2004.

Inmate Acuna appeared before ICC this date for an Exceptional Review. He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia Prison Gang member per CDC 128-B2 dated 01/20/2004. Committee notes Inmate Acuna was seen by ICC on 03/11/2004 and was referred to the CSR recommending Indeterminate SHU placement to PBSP-SHU via CCI-SHU. On 04/06/2004, the case was reviewed and was deferred by the CSR stating the CDC 128-B2 dated 01/20/2004 was not available for review. In addition, IGI must update the CDC 812-A to reflect current gang status. It is noted that all deferral issues of 04/06/2004 have been addressed. The CDC 128-B2 dated 01/20/2004 has been placed in the General Chrono Section of the Central File. The CDC 812-A has been updated and placed in the Classification Section of the Central File. All other documents that had validated Inmate Acuna are labeled and are in the Confidential Section of the Central File. Committee elects to retain inmate in Ad Seg pending transfer and refers the case to the CSR recommending transfer to PBSP-SHU for Indeterminate SHU placement. Committee reaffirms MAX custody and WG/PG D1/D effective 03/05/2004. Inmate is retained in Yard Group No. 7, Controlled Compatible (Whites/So. Hispanics/Others) and non-contact visiting status effective 03/05/2004. A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP and Mental Health Staff present during committee is in agreement with this status. Inmate's GPL is 12.5. Inmate was received in CDC on 03/11/1987 and was endorsed to CAL on 02/19/2004 and will be eligible for custody review on 08/05/2005. Committee notes that pertinent case factors remain the same as noted on CDC 128G Chrono dated 03/11/2004. Inmate's next BPT Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004. Inmate was advised he would be seen by ICC on 07/22/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (acf)

_____  5/10/04                          _____  REVIEWED
T. Ochoa, CDW(A)    CHAIRPERSON              D. Bell, Asst. C&PR(A)    RECORDER

**Committee Members:** M. Bourland, AW; S. Leapheart, FC; J. Jackson, CCII; D. Middleton, Ph.D.
**cc:**    Counselor, Inmate
**Date:** 04/22/2004        **CLASSIFICATION:** ICC AD/SEG        **INST:** CAL-IV

CDC NO #: C89963    NAME: ACUNA    HOUSING: A3-237    CDC 128-G
PS: 59  LEVEL: IV    MEPD: 08/05/2012    CUSTODY: MAX
WG/PG: D1/D EFF. 03/05/2004    NEXT CLASSIFICATION: 10/2004

**ACTION:**    90 DAY REVIEW: RETAIN AD SEG PENDING TX TO PBSP-SHU. REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. RETAIN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES, SO. HISPANICS, OTHERS). NO MHSDS, MDO, DDP OR DPP CONCERNS NOTED. DOUBLE CELL HOUSING APPROVED. RESCHEDULE ICC 10/07/2004.

Inmate Acuna appeared before ICC this date for a 90 Day Review. He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia Prison Gang member, refer to CDC 128B-2 dated 01/20/2004. On 03/11/2004, ICC referred the case to the CSR recommending Indeterminate SHU placement to PBSP-SHU via CCI-SHU. ON 04/06/2004, the CSR deferred the case noting the CDC 128B-2 was not in the Central File and the 812-A needed to be updated. On 04/22/2004, ICC noted the CSR deferral issues had been corrected and referred the case for transfer to PBSP-SHU for Indeterminate SHU placement. On 06/01/2004, the CSR endorsed inmate to PBSP-SHU with transfer approval expiring 09/29/2004. Committee elects to retain inmate in Ad Seg pending transfer to PBSP-SHU and reaffirms MAX custody and WG/PG D1/D effective 03/05/2004. Inmate is retained on Yard Group No. 7, Controlled Compatible (Whites, So. Hispanics, Others). A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP per CDC 128G Chrono dated 04/22/2004 and Mental Health Staff present during committee is in agreement with this status. Madrid Chrono dated 04/22/2004 is in the Central File. Inmate's GPL is 12.5. Inmate was received in CDC on 03/11/1987 and was endorsed to PBSP-SHU on 06/01/2004 with a total term of Life (X3) plus 8 Months. Inmate's BPT Initial Parole Consideration Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004. Committee notes the 180° design housing placement criteria has been reviewed. Inmate qualifies for 180° design housing placement due to inmate being a validated prison gang member. Inmate was advised he would be seen by ICC on 10/07/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (abf)

M. Bourland, CDW(A)    CHAIRPERSON        C.J. Caffarella, Asst. OPER/AT W RECORDER
                                                                                OBIS

**Committee Members:** G. Janda, AW; J. Criman, CCI; D. Middleton, Ph.D.
**cc:**    Counselor, Inmate
**Date:** 07/15/2004        **CLASSIFICATION:** ICC AD/SEG        **INST:** CAL-IV

PS: 55  LEVEL: IV          MH/D: 08/05/2012          CUSTODY: MAX
WG/PG: D1/D EFF. 03/05/2004   NEXT CLASSIFICATION: 10/2005

**ACTION:**     EXCEPTIONAL/ANNUAL REVIEW: REVIEW PERIOD 10/01/2003 THROUGH 09/30/2004 / REDUCE PLACEMENT SCORE TO 55 / RETAIN AD SEG PENDING TRANSFER TO PBSP-SHU / RETAIN MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004 / REAFFIRM YARD GROUP #7, CONTROLLED COMPATIBLE (WHITE /SOUTHERN HISPANIC /OTHER) AND REAFFIRM DOUBLE CELL HOUSING / RESCHEDULE ICC ON 12/30/2004 / NO MHSDS, MDO, DDP OR DPP ISSUES NOTED.

Inmate Acuna appeared before ICC this date for an Exceptional/Annual Review.  He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia prison gang member, refer to CDC 128B2 dated 01/20/2004. On 04/22/2004, ICC noted that prior CSR deferral issues had been corrected and referred the case back to CSR for placement at PBSP-SHU for Indeterminate SHU. On 06/01/2004, the CSR endorsed Inmate to PBSP-SHU with transfer approval expiring on 09/29/2004. On 07/15/2004, ICC elected to retain Ad Seg pending transfer to PBSP-SHU, retain MAX custody, WG/PG D1/D effective 03/05/2004 and retain on Yard Group #7.  On 09/08/2004, the CSR approved an extension which expires on 01/06/2005. Today's committee elects to retain Ad Seg pending transfer to PBSP-SHU, retain MAX custody and WG/PG D1/D effective 03/05/2004.  Reaffirm Yard Group #7, controlled compatible (White /Southern Hispanic /Other).  A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing.  Inmate does not meet the criteria for inclusion in the MHSDS, MDO, DDP or DPP per CDC 128C Chrono dated 04/22/2004 and Mental Health Staff present during committee is in agreement with this status. This hearing also serves as Inmate's Annual Review for the period of 10/01/2003 through 09/30/2004.  Placement score has been reduced from 59 to 55. Inmate's GPL is 12.5. Inmate was received in CDC on 03/11/1987 and was endorsed to PBSP-SHU on 09/08/2004 with a total term of Life (x3) plus 8 months. Inmate's BPT Initial is scheduled for 07/2011. Inmate meets 180 design placement due to being a validated prison gang member.  Inmate was advised he would be seen by ICC on 12/30/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee.  There are no other case factors or concerns noted. (lh)

___T. Ochoa, CG___  10/21/04          REVIEWED OBIS        ___C.J. Caffarella___

T. Ochoa, CDW(A)        CHAIRPERSON                         C.J. Caffarella, Asst. C&PR        RECORDER

**Committee Members:** G. Janda, AW; M. Tapia, FC (A); J. Jackson, CCI; D. Middleton, Ph.D.
**cc:**   Counselor, Inmate
**Date:** 10/07/2004             **CLASSIFICATION:** ICC AD/SEG            **INST:** CAL-IV

## <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

Case Name:   **In re *Arcadio Acuna***

No.:   **HCPB05-5242**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>December 29, 2005</u>, I served the attached **INFORMAL RESPONSE** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

<u>In Pro Per Petitioner:</u>

Arcadio Acuna, C-43165
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531-7500

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 29, 2005, at Sacramento, California.

| S Freeman | | |
|---|---|---|
| Declarant | | Signature |

30073745.wpd