# EXHIBIT 6
# part 3 of 4

STATE OF CALIFORNIA  
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C-63165    INMATE NAME: ACUNA

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____  
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 11-5-90

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☒ More than one source independently provided the same information.
   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☒ Part of the information provided by the source(s) has already proven to be true.
   f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: _You were identified via a photo line-up by a reliable confidential source as being involved with the EME at PBSP_

   (If additional space needed, attach another sheet)

4) Type and current location of documentation. (for example: CDC-128-B of 5-15-86 in the confidential material folder) _Confidential memo dated authored by D. Hawkes C/O located in Confidential section of C-File_

   P. Perkins CCI  
   STAFF SIGNATURE, TITLE            DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

STATE OF CALIFORNIA　　　　　　　　　　　　　　　　　　　　　　　　DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C43165　　　　　　　　INMATE NAME: ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:
   
   a) CDC-115, Disciplinary Report dated _____ submitted by
   
   _____
   STAFF NAME, TITLE
   
   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:
   
   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☒ More than one source independently provided the same information.
   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☒ Part of the information provided by the source(s) has already proven to be true.
   f) ☐ Other (Explain) _____

3) Disclosure of Information received.

This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Carrio". The source stated that Acuna may have been involved in the riot that took place at California State Prison Sacramento County on May 25, 1989 (referring to the EME gang-related assault on Black inmates).

(If additional space needed, attach another sheet)

4) Type and current location of documentation, (for example: CDC-128-B 6-15-15-86 in the confidential material folder).

Confidential Memorandum dated September 20, 1989 in confidential section of C-File.

_____　　　　　　　　　　　June 2, 2006
D. T. Hawkes, Correctional Counselor II
STAFF SIGNATURE, TITLE　　　　　　　　　　　　　　　　　　　　　　　DATE DISCLOSED

DISTRIBUTION: WHITE – Central File; GREEN – Inmate; YELLOW – Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C-43165   INMATE NAME: Mendoza

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 11-5-90

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true
   b) ☐ This source participated in and successfully completed a Polygraph examination
   c) ☒ More than one source independently provided the same information
   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information
   e) ☒ Part of the information provided by the source(s) has already proven to be true
   f) ☐ Other (EXPLAIN)

   _____

3) Disclosure of information received.

   The information received indicated the following: during the debriefing

   process an EME associate has identified you

   as an EME associate who may have been

   involved with the 5-245-89 incident at Folsom

   Fac. B

   _____

   If additional space needed, attach another sheet.

4) Type and current location of documentation. (for example CDC-128-B or C, 15-8) in the confidential material
   folder). Central Memoranda / memo dated 9-20-89 authored by
   C. Deus, C/O located in confidential section of C-File
   P. Peebles C/II                                    12-8-91
   _____                  _____
   STAFF SIGNATURE, TITLE                             DATE DISCLOSED

DISTRIBUTION: WHITE — Central File, GREEN — Inmate, YELLOW — Institution Use

STATE OF CALIFORNIA  
CDC 1030 (12/86)  
DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C43165        INMATE NAME: Acuna

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ Submitted by _____
      
      STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph Examination.
   c) ☒ More than one source independently provided the same information.
   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☐ Part of the information provided by the source(s) has already proven to be true.
   f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: Confidential memo dated 9-20-89 identifies you as an EME associate through a Debrief interview of an inmate requesting to disassociate himself from the EME Prison Gang.

   (If additional space needed, attach another sheet)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). Confidential Folder of your C-File

   M. Reynolds  CCI                                                    9-26-89
   STAFF SIGNATURE, TITLE                                              DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C43165     INMATE NAME: ACUNA, ARCADIO

1) Use of Confidential Information

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ Submitted by _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☒ More than one source independently provided the same information.
   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☒ Part of the information provided by the source(s) has already proven to be true.
   f) ☐ Other (Explain) _____

3) Disclosure of information received:

   During a debriefing interview, an EME associate identified Acuna as an EME associate he knew as "Gladio." Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder).

   Confidential Memorandum dated October 11, 1988 in confidential section of C-File.

   _D. T. Hawkes_ (signature)

   D. T. Hawkes, Correctional Counselor II          June 2, 2006
   STAFF SIGNATURE, TITLE                           DATE DISCLOSED

   DISTRIBUTION: WHITE – Central File; GREEN – Inmate; YELLOW – Institution Use

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C-43165 INMATE NAME: Acuna

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 11-8-90

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☒ This source has previously provided confidential information which has proven to be true.
b) ☐ This source participated in and successfully completed a Polygraph examination.
c) ☒ More than one source independently provided the same information.
d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.
e) ☒ Part of the information provided by the source(s) has already proven to be true.
f) ☐ Other (EXPLAIN)

_____

3) Disclosure of information received.

The information received indicated the following: during the debriefing process a validated EME defector listed you as an EME associate housed at Folsom

_____
_____
_____

(If additional space needed, attach another sheet)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder) Confidential memo dated 10-14-88 authored by J. McMullin C/O. Placed in confidential section of C-File

P. Perkins, C.C.I. 10-9-91
STAFF SIGNATURE, TITLE DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

**STATE OF CALIFORNIA**                  **DEPARTMENT OF CORRECTIONS**

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-43165 | ACUNA, A | | PBSP | B-4-230U | B-90-07-14 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) Force & Violence | Physical Assault | B-2 Din Rm | 7-30-90 | 0800 Hours |

**CIRCUMSTANCES** On July 30, 1990, while providing coverage in Facility B Control Booth #2, during controlled feeding of C section, Building #4, I observed inmate WINSTON, D-61285 walking into the Dining Hall. As he was walking past inmate ACUNA, C-43165, who was seated at the dining table, WINSTON stopped, turned to his left, placed ACUNA in a head lock with his left arm and made what appeared to be slashing motions with his right hand at ACUNA'S right facial and neck area. At this time, the Control Booth Officers ordered everyone down. All inmates complied, with the exception of ACUNA, who remained seated at the table. As responding staff approached the table, ACUNA, leaning forward, left his table and kicked WINSTON in the upper body and facial area. Both inmates went to the floor wrestling and throwing punches until responding staff separated the combatants and placed them in mechanical restraints (handcuffs). ACUNA and WINSTON were escorted to the Facility B Clinic, where they were examined by the M.T.A. ACUNA received two (2) three inch (3") lacerations to the right side of his face. WINSTON received a small laceration on his right index finger. WINSTON was re-housed in Administrative Segregation. ACUNA was re-housed in the Institution Infirmary. A search of the area in which the incident occurred produced an inmate manufactured slashing instrument. This weapon consisted of a razor blade with thread wrapped around one end.

REPORTING EMPLOYEE: B. G. BURLISON     DATE: 7-30-90

**HEARING:** Inmate ACUNA stated that he was in good health and acknowledged receipt of all reports and evidence and was ready to proceed with the hearing. All time constraints have been met and all reports received more than 24 hours prior to the hearing. Correctional Officer T. Higgins was assigned to be the Investigative Employee. Inmate ACUNA waived the assignment of an investigative Employee, or any other investigative employee. Inmate ACUNA did NOT request witnesses present. The charge was read to Inmate ACUNA, he plead GUILTY. He declined to make a statement.

**FINDINGS:** Subject is being found GUILTY of violating Director's Rules, section #3005(c) for "ASSAULT ON INMATE WINSTON". The preponderance of the evidence submitted at the hearing SUBSTANTIATES the charge. This evidence includes: CDC-115 dated 07-30-90, describing subject's refusal to comply with staff's orders, when assaulted inmate WINSTON.

**DISPOSITION:** Assessed 90 days loss of credits. Counselled and Reprimanded.

**REFER TO:** I.C.C. for confirmation of disposition. Inmate ACUNA was advised that he will receive a copy of the completed CDC-115 upon final audit by the Chief Disciplinary Officer. He was also advised of his right to/and the procedure for appeal of this action.

REFERRED TO: ☒ CLASSIFICATION   ☐ BPT/NAEA

CDC 115 (4/86)

STATE OF CALIFORNIA
## SERIOUS RULES VIOLATION REPORT

| NUMBER | NAME | VIOLATED RULE NO. |
|---|---|---|
| C-43165 | ACUNA, A | 3005(c) Force & Violence |

STAFF ASSISTANT: ☐ NEEDED ☐ REQUESTED  ASSIGNED: ☐ YES ☐ NO

NAME: DENIED PER CCR TITLE 15 3315(D)

STAFF INVESTIGATOR: ☒ NEEDED ☐ REQUESTED ☒ WAIVED BY INMATE  SIGNATURE: _____ DATE: 8-8-90

☒ ASSIGNED:  TYPED NAME: T. HIGGINS  DATE: 8-8-90  ASSIGNMENT: B-STAFF

REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:

I, N/A _____ request my hearing be postponed pending outcome of referral for Prosecution.

Notice of outcome received _____  Disposition N/A

I, _____ N/A _____ revoke my request _____ for postponement.

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☒ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☒ NONE

INVESTIGATIVE REPORT:

On 8-8-90, at approximately 1320 hours, while assigned as an Investigative Employee for CDC-115 Log # 90-07-146 issued to Inmate ACUNA, CDC # C-43165, cell A1230, I attempted to interview Inmate ACUNA. Subject refused to be interviewed, and stated that he refuses all other Investigative Employees.

STATE OF CALIFORNIA                                   DEPARTMENT OF CORRECTIONS
                                                      CDC-128-A

   ACUNA            C-43165              D6-204

On 05-3-96 at approximately 1055 hours I observed Inmate ACUNA who was occupying Law Library study cell #32, slid what appeared to be a folded piece of paper to Inmate Grajeda, C90753 who was occupying the Law Library restroom. Both inmates were subsequently searched which resulted in no contraband being discovered. Inmate ACUNA was removed from the Law Library and returned to his assigned unit without further incident.

_____
BEARD
SHU Law Library


Inmate ACUNA is to be denied physical access to the Law Library for a period of _45_ days, from _5-4-96_ through _6-17-96_. This written notification will serve as notice to you and staff of the suspension period as authorized per DOM, Section 53060.10, abuse of Law Library. It should be noted that the Paging System as well as the copy procedures are still available to you.


_____
ROBERT L. AYERS
Chief Deputy Warden


Original : Central File
     cc  : SHU Law Library
          Unit
          Inmate

DATE 05-3-96                    PBSP / SHU           CUSTODIAL COUNSELING CHRONO

**NAME: ACUNA**   **NUMBER: C-43165**

On August 18, 2000, at approximately 1315 hours, while working on 4A-IV-A-2?W, I observed Inmate Acuna, C43165, 4A107L, standing on the curb by the walk way ramp, next to the canteen. Numerous Hispanic inmates were approaching him, one by one, throughout the afternoon. Each Hispanic inmate would walk up to him and shake his hand respectfully with a slight bow, some would hand him paperwork that he would read and then hand it back, a few even gave him their canteen. Inmate Acuna was also flanked by two other Hispanic inmate like Sentries.

cc:  Central File
     Inmate
     CCI

DATE:  8-22-00                    /p

E. ESPARZA
Correctional Officer
Unit IV-A

GENERAL CHRONO 4253

CDC 128-B-2 (REV)

**INMATE'S NAME** Luna, Arcadio    **DC NUMBER** C-78165

On 21 Nov 90, a gang validation package regarding subject was received from Institution Gang Investigator A.L. Rew at Folsom.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW:** (3)

The following items meet the validation requirements: Three (3) confidential memos dated 10-11-88*, 9-20-89* and 8-31-90*

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS:** (3)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS:** (0)

**GANG VALIDATION/REJECTION REVIEW**
(CONTINUED ON REVERSE)

Date: 05 Oct 95                                    GENERAL CHRONO

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Luna

(X) VALIDATED    ( ) REJECTED

as a member/associate/dropout/select concern/delete of the MEXICAN MAFIA prison gang/disruptive group.

**REVIEWER'S SIGNATURE**
ROBERT COBAUGH, LIEUTENANT    DATE:

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

NAME and NUMBER        ACUNA, ARCADIO, C-43165

On November 19, 1990, I reviewed the central file of inmate ACUNA, Arcadio, C-43165 in regards to his current gang status. The file contains sufficient information to validate ACUNA as a associate of the "Mexican Mafia" (EME) prison gang. This is based on confidentail reports dated 10-11-88, 9-20-89 and 8-31-90. Inmate ACUNA's behavior should be monitored and documented whenever gang association or activity is present. If and when additional information becomes available, inmate ACUNA's gang status will be re-evaluated.

DATE    11-19-90    (GANG STATUS UPDATED)    FOLSOM    GENERAL CHRONO

NAME: Acuna, Arcadio   CDC: C43165   CDC 128-B (REV 4/74)

On Saturday, July 22, 2000, the Gangs Investigation Unit interviewed Inmate Acuna, Arcadio, C43165, in reference to his current gang status. Acuna arrived at CCI on July 20, 2000, from Pelican Bay State Prison as an inactive member of the Mexican Mafia (EME) Prison gang. The interview was in reference to his inactive status, and what was expected from him, and the inactive program that is being established at the California Correctional Institution.

Acuna was advised that it was the California Correctional Institutions desire to allow him to participate in a positive program. Acuna was advised, should he experience any problems with his program he could contact the Gang Investigations, or his assigned CaseWorker. Acuna was advised that the Gang Investigations would contact him Bi-Monthly for a personal interview, and review of his central file. Acuna was reminded that should he choose to participate in gang activity, such participation would be documented and reviewed, and may be cause to remove him from the general population.

Acuna indicated that he understood the expectations, and that any documented Gang activity reflecting his association with the gangs could cause his removal from the general population. Acuna stated that he was adjusting well to his surroundings.

Acuna indicated that he has become familiar with the Law, and wanted to continue with his studies.

F.B. Haws
Correctional Lieutenant
Institution Gang Investigator

(C.C.I. / Tehachapi)
DATE: 07/22/2000              GANG INFORMATION/ IGI REVIEW              CDC 128-B

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**ACUNA, ARCADIO, SERRANO C-43165 AKA "CADIO"**                                CDC 128-B (REV 4/74)

On Monday, January 17, 2000, an investigation was initiated on inmate **ACUNA, C-43165**, per the California code of Regulations, section 3378 (d) (e), regarding his (Active/In-Active) gang status.

**ACUNA** was validated on 11-29-90, as an associate of the **Mexican Mafia** prison gang.

The last source document showing activity is dated, **08-31-90**.

During the investigation the following areas were reviewed:

| | | |
|---|---|---|
| CENTRAL FILE | 01/17/00 | I. Dominici |
| ARCHIVES | N/A | N/A |
| LEIU/INTELL OPS | 01-28-00 | Agent D. Smith |
| CAL GANGS | 01/17/00 | Officer J. Bales |
| WSIN | 01/17/00 | Officer J. Bales |
| PAROLES, LEADS | N/A | N/A |
| LOCAL LAW ENFORCEMENT | 01/19/00 | Deputy S. Chapman |

A review of the above areas revealed no gang activity with the last six years.

A search of **ACUNA'S** assigned cell (D-6207L) proved negative for gang activity.

The Offender Based Information System (OBIS) indicated **ACUNA** has been in Pelican Bay State Prison since 01/19/91.

Based on the above information it is recommended **ACUNA, C-43165**, be placed on **In-Active** status.

**ACUNA** was photographed, and an **In-Active** package is being submitted to the Law Enforcement & Investigations Unit for approval.

I. Dominici
I.S.U. Gang Investigator
In-Active Gang Task Force

Pelican Bay State Prison
DATE: 01/31/2000          GANG INFORMATION/IGI REVIEW / IN-ACTIVE STATUS                  CDC 128-B

STATE OF CALIFORNIA　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

D6/2074

INMATE'S NAME: ACUNA, ARCADIO　　　　　　　　　　　　　　　　　　　　CDC NUMBER: C43165

On 02/04/00 a gang validation package regarding subject was received from Institution Gang Investigator CRANDALL at PBSP.
　　　　　　　　　　　　　　　　　　　TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (1)
The following items meet the validation requirements: 128B DATED 01/31/00.
　　　　　　　　　　　　　TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (1)
The following items do not meet the validation requirements and were/shall not be used as a basis for validation: NONE.
　　　　　　　　　　　TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)


Date: 02/07/00　　　　　　　　GANG VALIDATION/REJECTION REVIEW
　　　　　　　　　　　　　　　　(CONTINUED ON REVERSE)　　　　　　　　　　　　　GENERAL CHRONO
　　　　　　　　　　　　　　　　　　　　LEIU/SSU

---

ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, ACUNA, ARCADIO is:

☒ VALIDATED　　　☐ REJECTED

as a inactive associate of the MEXICAN MAFIA prison gang.

REVIEWER'S SIGNATURE　　　　　　　　　　　　　　　　　　　　　　DATE: 02/07/00
S.C. WOHLWEND, Senior Special Agent

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

STATE OF CALIFORNIA
CORRECTIONS
CDC 128-B-2 (5/95)

DEPARTMENT OF

INMATE'S NAME: Acuna, Arcadio

CDC NUMBER: C43165

On February 4, 2000, a gang validation package regarding subject was received from Institution Gang Investigator Crandall at PBSP.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU ON January 12, 2004, FROM GANG INVESTIGATOR L. Gorcilazo AT CSP-LOS. (UPDATED ITEMS LISTED IN ITALICS).*

TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)

The following items meet the validation requirements: *Conf Memo dated 12-12-03, Conf Memo dated 9-23-03 and Conf 128B dated 9-23*
00.

TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)

ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Acuna is:

☒ VALIDATED    ☐ REJECTED

as a member of the Mexican Mafia prison gang.

Wm Lupier
Special Agent SSU

DATE: 1-20-04

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

# ATTACHMENT 2

| | | | | |
|---|---|---|---|---|
| NAME and NUMBER | ACUNA, ARCADIO | C-43165 | D06-113 | CDC 128-B (Rev. 4/74) |

On May 26, 2006, I initiated the review of the Central Files of validated Mexican Mafia (EME) member "Cadio" Arcadio Acuna C-43165 (DOB: 10/26/1951) of Cucamonga. This review was based upon an understanding between the Attorney General's Office and Acuna's attorney, Mr. George Mavris, that there were possible due process errors (relating to confidential disclosure) associated with the revalidation of Acuna. Furthermore, the Judge has requested clarification regarding the validated status of Acuna, whether he should be validated as an EME member or as an EME associate. The Institutional Gang Investigations unit at Pelican Bay State Prison agreed to review the Central Files of Acuna to determine the appropriate status, and afford him an opportunity to address each item that may be considered for validation.

On June 2, 2006, Acuna was provided with copies of the CDC Forms 1030 disclosing each of the confidential memorandums listed in this report. He was also provided with a copy of the nonconfidential reports. Acuna was advised that he is scheduled for an interview on June 5, 2006, and informed of the purpose for the interview. There was no need to assign a Staff Assistant, as Acuna has a 12.9 grade point level, is fluent in English, and is not included in the Mental Health Services Delivery System.

On June 5, 2006, Sergeant D. Barneburg and I, as representatives of the Institution Gang Investigation Unit, interviewed Acuna regarding the following bulleted information sources. Acuna provided two handwritten response memorandums (attached, identified as Response A and Response B). Additional comments are noted with the reference to the source items listed below and on succeeding pages.

- Confidential Memorandum dated October 3, 2005 (Communication). This documents a letter from EME member "Tudy" Arthur Estrada V26050 of Cucamonga to "Spooky" Velia Mendoza W15593 (discharged) at 21957 Woodward Street, Perris, CA, 92507. Acuna is referenced as "the hometown Arcadio", and Estrada wrote that Acuna may have misled another individual a little. This does not appear to be a concern to Estrada, for he said after this "So really I'm not tripping." Staff information identified the misled individual as "Dean" Salvador Mendoza T84814 of Casa Blanca. Acuna was identified as training EME associates how to avoid becoming validated.

    Acuna provided a handwritten response to this item (See item #1 on Response A). During the interview, Acuna reported that he has known Estrada and his family since Estrada was about three years old. Acuna claimed he has never corresponded with Estrada.

- Confidential Memorandum dated October 12, 2004 (communication). Notes were confiscated from Brent Ebert H78330 of Shermans at Calipatria State Prison. In one note, the author (identified as EME associate "Danny Boy" Daniel Sandigo K07935 of Upland) directs the recipient, "Anyway get at Cadio and let him know what's up with this vato and also tell Cadio to make sure that Spanky and Strafio have a safe trip back here." "Spanky" has been identified as Henry Duenas P05117.

    Acuna provided a handwritten response to this item (See item #2 on Response A). During the interview, Acuna stated he does not know Sandigo.

- Confidential CDC Form 128B dated August 10, 2004 (association). Acuna's name was in the address book of EME member "Turtle" Mark Quiroz C50887 of Colton. The book contained the names of over 130 EME members and associates. Both Acuna's name and CDC# were entered.

    Acuna provided a handwritten response to this item (See item #4 on Response A). During the interview, Acuna stated he knows Quiroz from the SHU, but has not corresponded with him.

(continued on page 2)