# EXHIBIT 6
# part 4 of 4

(Page 2, continued from page 1)

◆ Confidential Memorandum dated March 29, 2004 (debrief). A Northern Structure member reported that Acuna was assaulted at PBSP B Facility in 1990 by "Oso" Gerald Winston D51285, because Acuna was an EME associate and had directed assaults against Northern Hispanic inmates at PBSP Facility A (See source item dated July 30, 1990).

Acuna provided a handwritten response to this item (See item #3 on Response A). During the interview, Acuna stated he was not involved in ordering assaults on Northern Hispanic inmates. He also claimed that Winston had just arrived at PBSP B Facility, and attacked him in the Dining Room because he (Acuna) was the person seated at the table nearest the entry to the Dining Room. Acuna believed he was a target of opportunity and not the victim of a specific plan.

◆ Confidential Memorandum dated December 12, 2003 (communication). A note was discovered December 4, 2003 in the cell of "Duke" Victor Miranda K59950 of Pico Viejo. The note was sent to Miranda from "Nene" Hugo Hernandez H05442 of San Fer – Jokers. Hernandez wrote "Beto and Cario are close friends and they work in Auto Body. What I meant to say is take Conejo's yaves and I did. I got the yaves from Conejo. I can prove it. So I think Beto must have told Cario I told Ciego that I was gonna take the yaves, but it was never Toto's. It was Terco's…If I can get granted to put Ciego, Beto, Cario, Conejo and myself all together the truth will come out. It will show that yes Beto was under the wrong impression and he ran with it." Gilbert Lopez K86894 is "Beto" of San Diego  Armando Molinar D53455 is "Conejo" of Evergreen. Robert Lopez C06986 is "Tot" of Santa Paula. Victor Acuna D33299 is "Terco" of Bassett Grande. The term "yaves" is "llaves," and refers to authorization to conduct EME gang activities on behalf of the EME. [Note: This information does not support Acuna is an EME member, but it was accepted as a source for validation. At best, it indicates EME associate].

Acuna provided a handwritten response to this item (See item #3 on Response B). During the interview, Acuna stated the source simply assumes "Beto" told something to Acuna, and felt Acuna could contribute to verifying it. Acuna denied involvement or knowledge of any of this.

◆ Confidential Memorandum dated November 18, 2003 (debrief). An EME associate participated in the debriefing process. He reported that Acuna is an inactive EME associate who continues to participate in EME gang politics.

Acuna provided a handwritten response to this item (See item #5 on Response A).

◆ Confidential Memorandum dated September 23, 2003 (informant). A self-admitted associate of the EME reported that "Cadio" Acuna was released from PBSP-SHU after getting his status changed to inactive. The source said Acuna is very active, and was awaiting confirmation of EME membership. There were doubts about the granting of EME membership due to Acuna's age and the fact he had not killed anyone for the gang. While at CCI, Acuna was taking care of four or five EME members at PBSP-SHU. Acuna was sending money to EME members "Terco" Acuna, "Sleepy" Huerta C80766 of Wilmas, "Chino" Delgadillo D16318 of Geraghty Loma, and "Popeye." Acuna was reportedly instructing the inmates about the EME. Acuna reportedly targeted "Squid" Mark Galvan H91736 of Arlanza for assault. The targeting of Galvan for assault was questioned by another person operating for the EME. Acuna's name was on a list of persons the EME was protecting. Acuna and the other six individuals with this protection became known as the "Magnificent Seven." The note endorsing this action was signed by ten EME members from PBSP. [Note: This information does not support Acuna is an EME member, but it was accepted as a source for validation. At best, it indicates EME associate].

(continued on page 3)

(Page 3, continued from page 2)

Acuna provided a handwritten response to this item (See Item #2 on Response B). During the interview, Acuna denied involvement in any of this activity. Furthermore, he stated that he would have been issued a rule violation report, and absence of it supports that he was not involved in it. He said there is no evidence of him sending money to EME members.

- Confidential Memorandum dated June 17, 2003 (debrief). This is a debriefing interview with an EME member, who identified Acuna as an EME associate he knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified

  Acuna provided a handwritten response to this item (See Item #6 on Response A).

- Confidential Memorandum dated August 8, 2002 (informant). An EME associate reported that "Cadio" Acuna taught EME associate "Corky" Manuel Flores K32962 how to communicate in code. Acuna used this code in his correspondence with "Popeye" at PBSP. Acuna used "Dean" Salvador Mendoza to assist in redirecting his letters to avoid staff detection that could result in Acuna's return to active status.

  Acuna provided a handwritten response to this item (See Item #7 on Response A).

- Confidential Memorandum dated March 5, 2002 (debrief). A validated EME associate reported that Acuna and "Jo Jo" (identified as EME associate Anthony Sisneros D68626) of Trece Locos were directing the gang activities in PBSP ASU in 1990. Acuna was identified as providing weapons to other EME associates. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga.

  Acuna provided a handwritten response to this item (See Item #8 on Response A).

- Confidential Memorandum dated December 12, 2001 (informant). This reports an interview with an inmate who stated a conflict occurred between Marshal Smith P07620 and Acuna at CCI IV-A Law Library on December 4, 2001. When Acuna warned Smith he could receive a rule violation report if he goes behind the counter, Smith began calling Acuna a "rat" and a "snitch." According to the informant, this resulted in Smith having safety concerns from Acuna on the yard.

  Acuna provided a handwritten response to this item (See Item #9 on Response A). During the interview, Acuna said that Smith was a "ding" and did this in front of many people. He denies targeting Smith or giving any attention to the behavior.

- Confidential CDC Form 128B dated September 21, 2000 (communication). In a letter, Josie Acuna informed Arcadio Acuna that she encountered EME member "Tudy" Estrada at the Department of Motor Vehicles. She informed Acuna that she gave Estrada Acuna's address, and Estrada said he would soon be corresponding with him. Josie Acuna also stated that if there is anything important to pass along to Estrada, he simply needs to send her the letter and she will deliver it to Estrada.

  Acuna provided a handwritten response to this item (See item #1 on Response B). During the interview, Acuna stated that "Josie" is his niece. He added that he has known Estrada's family for many years, but he has not corresponded with him.

(continued on page 4)

(Page 4, continued from page 3)

◆  Confidential Memorandum dated January 5, 2000 (debrief). This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Arcadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

     **Acuna provided a handwritten response to this item (See item #10 on Response A).**

◆  Confidential Memorandum dated March 14, 1997 (debrief). This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

     **Acuna provided a handwritten response to this item (See item #11 on Response A).**

◆  Confidential CDC 128B dated November 7, 1996 (debrief).  This is a debriefing interview with an EME associate. The source reported that in 1990, Acuna was directing gang activities on behalf of the EME at PBSP Administrative Segregation. The source added that Acuna's cellmate was Manuel Aguirre C90519. The source identified Acuna as an EME associate known as "Cadio."

     **Acuna provided a handwritten response to this item (See item #12 on Response A).**

◆  CDC Form 128A dated May 3, 1996 (offense). Acuna was observed by staff passing a folded paper to EME member "Wino" Thomas Grajeda C90753 (now V22200) in the PBSP SHU Law Library where communication between inmates is prohibited. A subsequent search of both inmates did not yield discovery of the paper. Based on the event, Acuna was restricted from physical access to the Law Library for 45 days.

     **Acuna did not address this item in his handwritten responses. During the interview, he stated that he did not pass a note. He said Grajeda asked him for a pen filler. He said he wrapped it in a paper for weight and slid it to him. He said this was not related to gang activity or behavior.**

◆  Confidential Memorandum dated February 10, 1995 (debrief). This is a debriefing interview with an EME associate. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga. He stated Acuna was assaulted in the B4 Dining Room in 1990 by a gang rival, a Northern Hispanic (identified in the report as NS member "Oso" Gerald Winston D51285; see source item dated July 30, 1990).

     **Acuna provided a handwritten response to this item (See item #13 on Response A).**

◆  Confidential Memorandum dated January 31, 1994 (communication). This documents the misuse of legal assistance between inmates for the purpose of EME member "Tupi" Ruben Hernandez C-04672 to pass along a coded message on January 26, 1994, to Acuna.  In the message, Hernandez made reference to "Estrada v. Cucamonga 94 Daily Journal 237. Tudy made out alright. 7 years." Hernandez referenced a volume of the Daily Journal that did not exist in order to pass along information to Acuna about EME member "Tudy" Arthur Estrada C63175 (now V26050) of Cucamonga.

     **Acuna provided a handwritten response to this item (See item #14 on Response A).**

(continued on page 5)

(Page 5, continued from page 4)

- Confidential Memorandum dated May 13, 1993 (informant). This documents an interview with an EME associate. The source identified Acuna as "Cadio" of Cucamonga, and reported that Acuna was recently (1993) granted EME membership. The source also reported that Acuna's crime partner was "Huero" Marco Ramirez C55431 of Ontario, who was assaulted at PBSP B Facility by EME associates for becoming a "Christian."

  Acuna provided a handwritten response to this item (See item #15 on Response A). During the interview, Acuna claims he did not know Ramirez was assaulted. [Investigative Note: Page 3 of Santa Clara County Probation Officer Report dated March 9, 1987 in Central File of Acuna reflects that Marco Anthony Ramirez, Jr. was Acuna's crime partner].

- Confidential Memorandum dated February 1, 1993 (debrief). This documents a debriefing interview with an EME associate. The source reported that Acuna was one of the EME's representatives in PBSP B Facility, and was slashed across the face by a Northern Hispanic inmate when he was eating in the dining room (See source item dated July 30, 1990). After Acuna arrived at PBSP Administrative Segregation Unit, he wrote to EME associate "Gusi" Gustavo Flores C62331 of Rivas and directed an assault on "Wolfie" Louis Robles D11016 of Casa Blanca because Robles failed to warn or assist Acuna when he was assaulted in the Dining Room. Instead, Robles was cleared of any wrongdoing by other EME associates. The source identified Acuna as "Cadio" of Cucamonga.

  Acuna provided a handwritten response to this item (See item #16 on Response A). During the interview, Acuna denied targeting Robles, and added that Robles was his cellmate.

- Confidential Memorandum dated October 29, 1992 (communication). In a letter from EME associate "Little Spider" Roy Gavaldon C15377 to his brother, EME member "Big Spider" David Gavaldon C15376, the younger Gavaldon informs his brother that Acuna received a letter from a lawyer who has an office in his area. Included with the letter was a birthday greeting card for David Gavaldon signed by various EME associates, including Acuna. Acuna's message to Gavaldon, with portions in Spanish translated, stated the following "With all my respect, I send you greetings. Hope to see you again soon. Your pal, Cadio." The letter accompanying the card contained coded information (numbers written in Nahuatl), references to several EME members, names of people who were just granted EME membership, and other EME gang-related messages. Based on this, the correspondence is considered to be EME gang-related communication.

  Acuna provided a handwritten response to this item (See item #17 on Response A).

- Confidential Memorandum dated May 2, 1991 (debrief). This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

  Acuna provided a handwritten response to this item (See item #18 on Response A).

- Confidential Memorandum dated August 31, 1990 (interview). This is an interview with an EME associate, who identified Acuna as an active EME associate. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

  Acuna provided a handwritten response to this item (See items #19 and #20 on Response A).

(continued on page 6)

(Page 6, continued from page 5)

- CDC Form 115 dated July 30, 1990, Log# B-90-07-146 (offense). Acuna was involved in an altercation with gang rival, NS member "Oso" Gerald Winston D51285. Acuna was slashed across the face and neck by Winston, and retaliated by kicking him. The two inmates continued to fight on the floor until responding staff arrived. Acuna pled guilty and was assessed 90 days loss of credit.

  **Acuna did not address this item in his handwritten responses. Additional or corroborative information is contained in other source items].**

- Confidential Memorandum dated April 9, 1990 (interview). This is an interview with an EME associate, who identified Acuna as an EME associate he knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

  **Acuna provided a handwritten response to this item (See item #21 on Response A).**

- Confidential Memorandum dated September 20, 1989 (debrief). This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Carrio." The source stated that Acuna may have been involved in the riot that took place at California State Prison Sacramento County on May 25, 1989 (referring to the EME gang-related assault on Black inmates).

  **Acuna provided a handwritten response to this item (See items #22 and #23 on Response A). During the interview, Acuna reported that he was initially charged with participating in the riot, but he was found not guilty. Acuna's Central File does not contain a rule violation report to indicate his involvement in the incident.**

- Confidential Memorandum dated October 11, 1988 (debrief). This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Gladio." Acuna is referenced on a list as an EME associate. No specific gang activity is identified

  **Acuna provided a handwritten response to this item (See item #24 on Response A).**

Following the interview, Acuna was reviewed for tattoos to see if any reflected EME gang affiliation. Acuna has a scar on his left shoulder from a rotator cup surgery. No tattoos were observed that were specific to EME gang affiliation. The following are the tattoos that were noted and photographed:

- Stomach: Cucamonga

- Neck (Right side): "Eliana" covering "Tonia"
- Left Forearm: butterfly, roses, "Andrea"
- Right Forearm: coiled snake, "Cuca"

- Back: two bare-breasted women, one wearing a sombrero
- Left Leg: bare-breasted female, cross
- Right Leg: faded dragon; two roses above knee
- Left Ankle: "Viva mi raza"

The documentation does not appear to support EME membership, but association is reflected.

D. T. Hawkes
Correctional Counselor II
Institution Gang Investigations Unit
Pelican Bay State Prison

DATE:    June 5, 2006

GENERAL CHRONO

To: D.T. Hawkes                                    _RESPONSE  A_

   PBSP-SHU

   Correctional Counselor II

From: A. Acuña  # C-43165

   PBSP-SHU / FD 6-113

Date: June 05, 2006


Re: Superior Court Case # HCPB-05-5242

   Notwithstanding the fact that only the (3) CDC-128 B Confidential memo's dated 9/21/00, 9/23/03 and 12/12/03, were relied on in the validation which is the basis for the above cited court action, and the other (24) CDC-128B Confidential memo's disclosed on 4/02/06 are not relevant to the validation process at issue under provisions set forth in the Code of Regulations, I will briefly address each item as follows:

(1) CDC-128 B Confidential Memo dated 10/3/05 - Alleges a letter was written to the mother of one of my ex-cell mates by Arthur Estrada, but does not identify any gang activity on my part, and does not show I have ever communicated with Estrada.

(2) CDC-128 B Confidential Memo dated 10/12/04 - Discloses that a note confiscated from a prisoner at California State Prison mentions me by name but does not provide information depicting gang activity on my part.

(3) CDC-128 B Confidential Memo dated 3/29/04 - Simply reports information taken from a RVR written in 1990 where I was found guilty of an assault. The informant falsely claims I had directed assaults against Northern Hispanic inmates at PBSP during some unspecified time, when no such conduct

has ever been documented.

(4) CDC-128 B. Confidential memo dated 8/10/04 - States my name and number found in another prisoner's phone book. No link to gang activity, or evidence that I ever communicated with this person.

(5) CDC-128 B Confidential memo dated 11/18/03 - Self-serving debriefing statement alleging unverified, and non-specific acts of misconduct.

(6) CDC-128 B confidential memo dated 4/17/03 - Alleges gang association with no specific reference to verifiable acts.

(7) CDC-128 B Confidential memo dated 8/13/02 - Alleges through hearsay that I was instructing prisoners on how to communicate in code is a self-serving debriefing statement with no direct evidence of gang activity.

(8) CDC-128 B confidential memo dated 3/5/02 - Informant claims I was directing gang activities and providing weapons to other prisoners, yet offers no direct or verifiable evidence of such conduct.

(9) CDC-128 B confidential memo dated 12/12/01 - Alleges a conflict arose between myself and another prisoner which resulted in this individual having safety concerns. No allegations of gang activity were made.

(10) CDC-128 B Confidential memo dated 3/5/00 - Outdated information containing no specific allegations of gang conduct.

(11) CDC-128 B confidential memo dated 3/14/97 - No specific gang activity alleged.

(12) CDC-128 B confidential memo dated 11/7/96 - No specific gang activity is alleged.

(13) CDC-128 B confidential memo dated 3/10/95 - Simply makes reference to RVR where I was found guilty of mutual combat.

(14) CDC-128 B confidential memo dated 11/3/94 - Discloses that a note

was intercepted via legal correspondence, but does not reveal gang activity on my part.

(15) CDC-128 B Confidential Memo dated 5/13/93 - Informant claims knowledge of my being accepted into membership, and references an alleged assault on my crime partner that I was never aware of. No direct evidence of misconduct is provided.

(16) CDC-128 B Confidential memo dated 2/11/93 - A debriefer claims I wrote to another prisoner seeking to have an individual assaulted. No direct evidence provided to show any such communication ever took place.

(17) CDC-128 B Confidential memo dated 10/29/92 - Documents a birthday card that was sent from one prisoner to his brother. No gang activity noted.

(18) CDC-128 B Confidential memo dated 5/2/91 - Debriefer claims association, but offers no direct link to specific acts.

(19) CDC-128 B Confidential memo dated 8/31/90 - Debriefer claims association with no evidence of misconduct.

(20) CDC-128 B Confidential Memo dated 8/31/90 - No specific gang activity alleged.

(21) CDC-128 B Confidential memo dated 4/9/90 - Debriefing statement containing no verifiable acts of gang activity.

(22) CDC-128 B Confidential memo dated 9/20/89 - Informant claimed I was involved in racial disturbance at New Folsom when I was specifically found "not guilty" of such misconduct.

(23) CDC-128 B Confidential Memo dated 9/20/89 - Debriefing statement makes no reference to specific gang activity.

(24.) CDC-128 B Confidential memo dated 10/11/88 - Informant alleges association without evidence of specific acts

Finally, because all of the above cited documents did

not form part of the evidence relied on in the validation process at issue here they are wholly irrelevant and are completely misleading as to how I have conducted myself over the course of the 20+yrs. of my current incarceration. Many acts of serious misconduct are alleged, yet a review of my prison file shows I have <u>never</u> been charged or found guilty via a CDC-115 RVR of conduct which shows I have been as deeply involved in gang activity as prison officials seem to be trying to convince the court I have been. Again, I vehemently declare I am not now, nor have I ever been a member of a prison gang, and assert that the only reason I was validated as a member is because I refused to become an informant.

/s/ Aicidio Acuna

A. Acuña # C-43165

(4)

RESPONSE B

To: D.T. Hawkes
    PBSP-SHU
    Correctional Counselor II

From: A. Acuña # C-43165
      PBSP-SHU / FD6-113

Date: June 08, 2006

Re: Superior Court Case # HCPB-05-5242

on 6/02/06, I received written notice that I would be interviewed by the IGI on 6/8/06 per an agreement entered into between the Attorney General's office and the attorney representing me in the above referenced court action where I challenged my validation as a member of a prison gang and the indeterminate term of segregation imposed as a result of that validation. A total of (27) CDC-1030 Confidential Information Disclosure Forms were provided, some of them dating back almost 20 yrs., but only (3) of these were actually relied on in the validation process, and it was the first time ever the information contained there in was revealed to me. Because the purpose of the forthcoming interview is to determine whether I was provided with the due process required by law in the validation and examine the source items to see if they support my validation as a member of a prison gang, each of these documents is addressed as follows:

(1) CDC-128 B Confidential Memo dated 9/21/00 – The new 1030 form discloses that I received a letter from my niece, Josie Acuña, while I was at CCI where she wrote she had seen Arthur Estrada and gave him my address.

(1)

The form does not allege that I ever communicated with Estrada through my niece in any way shape or form, either directly or indirectly. It does not show I actively promoted, furthered or abetted any verified gang activity, and certainly does not by any means establish I have been accepted into membership by the criteria set forth in the Code of Regulations. At most, it indicates I know Estrada because we are from the same neighborhood and I grew up with his mom and Dad and we were cell mates here at PBSP-SHU in the mid-1990's. But more importantly, it cannot be disputed the documented information was not disclosed to me in accordance with established criteria prior to when the validation package was submitted to the LEIU in Sacramento.

(2). CDC-128 B Confidential memo dated 9/23/03 - The new 1030 form I received on 6/02/04 puts forth numerous allegations of gang activity, documenting that I was "reportedly" instructing inmates about gang activity, that I was sending money to various individuals, that I targeted a prisoner for assault, and a note endorsing my actions was signed by ten validated gang members from PBSP. All of this information is patently false and unverified, the so-called note never existed, and because the charges of misconduct are so serious, it cannot be argued that if prison officials had actually accepted the information as true they would have been obligated by provisions in the Code of Regulations to issue a RVR, and at the very least should have placed me in Ad Seg and taken preventive measures to insure the safety of the individual the informant

(2)

claimed I was targeting for assault. Obviously, the debriefer who provided this false information could not have had first-hand knowledge of something that never occurred and was able to make these wild accusations because he knew I had arrived from PBSP-SHU and was simply assisting himself in the debriefing process knowing the IGI would accept the information as true once the debriefer implicated himself in gang activity. Also, a review of the documents shows the information was not properly disclosed before the validation package was submitted to the LEIU.

(3) CDC-128 B Confidential Memo dated 12/11/03 — This new and expanded disclosure form documents that a note was recovered from a prisoner's cell where another prisoner speculates I may have been provided with information dealing with prison politics by yet another prisoner, but does not allege any gang activity on my part. I was never aware of the situation described in the note until now, and in any case the source item does not establish that I had been accepted into membership of a gang, does not in any way shape or form indicate I was specifically acting to further, aid or abet criminal gang activity, and was not disclosed before the validation package was submitted to the LEIU.

But more importantly, taken individually or collectively, the source items do not establish I have been accepted into factual membership in accordance with the criteria set forth in the Code of Regulations. A review of the record shows that the source items were not disclosed according to manda-tory procedures and do not contain evidence of verified

gang activity.

Furthermore, great emphasis must be put on the fact that I remained in the general population of various prisons for almost 4-yrs. after I was granted inactive status in 2000 and that not once during that time period was I issued a CDC-115 RVR for the serious gang misconduct alleged in the source items. Instead, documentation in my prison file shows I performed all of my assigned duties diligently, that I received commendatory work reports from all of my supervisors and was regularly rewarded with classification score reductions for good conduct.

Finally, I am stating for the record that this is the first time ever the information contained in the 3-source items used in the validation process has been disclosed to me, I assert that all of the allegations of gang activity contained therein are false, I submit the only reason I was validated was because I refused to become an informant, and under penalty of perjury declare I am not now, nor have I ever been a member of a gang.

151 _Cresecdis Cleuna_
_A. Acuna   C-43165_

# ATTACHMENT 3

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165                    INMATE NAME:   ACUNA, ARCADIO

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

        submitted by

    a)  CDC-115, Disciplinary Report dated _____

    _____
                    STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☐ More than one source independently provided the same information.

    d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☐ Part of the information provided by the source(s) has already proven to be true.

    f) ☒ Other (Explain) _____
        Letter from EME member "Tudy" Arthur Estrada V26050

3)  Disclosure of information received.

In a letter from EME member "Tudy" Arthur Estrada V26050 of Cucamonga to "Spooky" Velia Mendoza W15593 (discharged) [at 21957 Woodward Street; Perris, CA, 92507], Acuna is referenced as "the hometown Arcadio." Estrada wrote that Acuna may have misled another individual a little. This does not appear to be a concern to Estrada, for he said after this "So really I'm not tripping." Staff information identified the misled individual as "Dean" Salvador Mendoza J84814 of Casa Blanca. Acuna was identified as training EME associates how to avoid becoming validated

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

    Confidential Memorandum dated October 3, 2005 in confidential section of C-File

*D. T. Hawkes*

D. T. Hawkes, Correctional Counselor II
        STAFF SIGNATURE, TITLE

                      June 2, 2006
                      DATE DISCLOSED

DISTRIBUTION: WHITE co Central File; GREEN co Inmate; YELLOW co Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165          INMATE NAME:   **ACUNA, ARCADIO**

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (Explain) _____
      Notes confiscated from Brent Ebert H78330 of Shermans at Calipatria State Prison.

3) Disclosure of information received.

In one note, the author (identified as EME associate "Danny Boy" Daniel Sandigo K07935 of Upland) directs the recipient, "Anyway get at Cadio and let him know what's up with this vato and also tell Cadio to make sure that Spanky and Strafio have a safe trip back here." "Spanky" has been identified as Henry Duenas P05117.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

 Confidential Memorandum dated October 12, 2004 in confidential section of C-File _____

_D. T. Hawkes_ , Correctional Counselor II
      STAFF SIGNATURE, TITLE

June 2, 2006
DATE DISCLOSED

DISTRIBUTION: WHITE cn Central File; GREEN cn Inmate; YELLOW cn Institution Use

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165                  INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a)  CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                    STAFF NAME, TITLE

   b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☐  More than one source independently provided the same information.

   d) ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐  Part of the information provided by the source(s) has already proven to be true.

   f) ☒  Other (Explain) _____
         Address book of EME member "Turtle" Mark Quiroz C50887 of Colton

3) Disclosure of information received.


Acuna's name was in the address book of EME member "Turtle" Mark Quiroz C50887 of Colton. The
book contained the names of over 130 EME members and associates. Both Acuna's name and CDC#
were entered.




                          (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

   Confidential CDC Form 128B dated August 10, 2004 in confidential section of C-File

*D. T. Hawkes* _____

D. T. Hawkes, Correctional Counselor II                         June 2, 2006
               STAFF SIGNATURE, TITLE                          DATE DISCLOSED
              DISTRIBUTION: WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

06/15/2006    12:28    PBSP LITIGATION    8191632432205    NO.353    P03

STATE OF CALIFORNIA                                        DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165              INMATE NAME:    ACUNA, ARCADIO

1)  Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a)  CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                   STAFF NAME, TITLE

   b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☒  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (Explain) _____

   _____

3)  Disclosure of information received.


A Northern Structure member reported during a debriefing interview that Acuna was assaulted at
PBSP B Facility in 1990 by "Oso" Gerald Winston D51285, because Acuna was an EME associate
and had directed assaults against Northern Hispanic inmates at PBSP Facility A.


(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _____

   Confidential Memorandum dated March 29, 2004 in confidential section of C-File

_D. T. Hawkes, Correctional Counselor II_                     June 2, 2006
                 STAFF SIGNATURE, TITLE                              DATE DISCLOSED
           DISTRIBUTION: WHITE ☐ Central File; GREEN ☐ Inmate; YELLOW ☐ Institution Use

STATE OF CALIFORNIA                                                    DL  .RTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a)☐ This source has previously provided confidential information which has proven to be true.

   b)☐ This source participated in and successfully completed a Polygraph examination.

   c)☐ More than one source independently provided the same information.

   d)☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☐ Part of the information provided by the source(s) has already proven to be true.

   f)☒ Other (Explain) _____

   Note discovered in cell of "Duke" Victor Miranda K59950 of Pico Viejo, Dec. 4, 2003

3) Disclosure of information received.

   The note was sent to Miranda from "Nene" Hugo Hernandez H05442 of San Fer.– Jokers. Hernandez wrote:
   "Beto and Cario are close friends and they work in Auto Body. What I meant to say is take Conejo's yaves and I
   did. I got the yaves from Conejo. I can prove it. So I think Beto must have told Cario I told Ciego that I was
   gonna take the yaves, but it was never Toto's. It was Terco's…If I can get granted to put Ciego, Beto, Cario,
   Conejo and myself all together the truth will come out. It will show that yes Beto was under the wrong
   impression and he ran with it." Gilbert Lopez K86894 is "Beto" of San Diego  Armando Molinar D53455 is
   "Conejo" of Evergreen. Robert Lopez C06986 is "Toto" of Santa Paula. Victor Acuna D33299 is "Terco" of
   Bassett Grande. The term "yaves" is "llaves," and refers to authorization to conduct EME gang activities on
   behalf of the EME.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

   folder). _____

   Confidential Memorandum dated December 12, 2003 in confidential section of C-File

_D. T. Hawkes, Correctional Counselor II_                        June 2, 2006
STAFF SIGNATURE, TITLE                                          DATE DISCLOSED
DISTRIBUTION: WHITE ☐☐ Central File;  GREEN ☐☐ Inmate;  YELLOW ☐☐ Institution Use

STATE OF CALIFORNIA                                    DE...RTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165          INMATE NAME:   **ACUNA, ARCADIO**

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____.

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☒ More than one source independently provided the same information.

    d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒ Part of the information provided by the source(s) has already proven to be true.

    f) ☐ Other (Explain) _____

_____

3) Disclosure of information received.

An EME associate during a debriefing interview, reported that Acuna is an inactive EME associate who continues to participate in EME gang politics.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

  Confidential Memorandum dated November 18, 2003 in confidential section of C-File _____

*D. T. Hawkes* _____

D. T. Hawkes, Correctional Counselor II                       June 2, 2006
        STAFF SIGNATURE, TITLE                              DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File;  GREEN ∞ Inmate;  YELLOW ∞ Institution Use

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165                    INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

    _____
                                  STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a)☐ This source has previously provided confidential information which has proven to be true.

    b)☐ This source participated in and successfully completed a Polygraph examination.

    c)☒ More than one source independently provided the same information.

    d)☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)☒ Part of the information provided by the source(s) has already proven to be true.

    f)☐ Other (Explain) _____
    _____

3) Disclosure of information received.

A self-admitted associate of the EME reported that "Cadio" Acuna was released from PBSP-SHU after getting his status changed to inactive. The source related that Acuna is very active, and was awaiting confirmation of EME membership. There were doubts about the granting of EME membership due to Acuna's age and the fact he had not killed anyone for the gang. While at CCI, Acuna was taking care of four or five EME members at PBSP-SHU. Acuna was sending money to EME members "Terco" Acuna, "Sleepy" Gabriel Huerta C80766 of Wilmas, "Chino" David Delgadillo D16318 of Geraghty Loma, and "Popeye." Acuna was reportedly instructing the inmates about the EME. Acuna reportedly targeted "Squid" Mark Galvan H91736 of Arlanza for assault. The targeting of Galvan for assault was questioned by another person operating for the EME. Acuna's name was on a list of persons the EME was protecting. Acuna and the other six individuals with this protection became known as the "Magnificent Seven." The note endorsing this action was signed by ten EME members from PBSP

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

    Confidential Memorandum dated September 23, 2003 in confidential section of C-File

_D. T. Hawkes, Correctional Counselor II_                                    June 2, 2006
             STAFF SIGNATURE, TITLE                                          DATE DISCLOSED

DISTRIBUTION: WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

06/15/2006  12:28   PPSP  LITIGATION   4 9161163249205                                                                          P12

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER      C43165               INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                              STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a)☒ This source has previously provided confidential information which has proven to be true.

   b)☐ This source participated in and successfully completed a Polygraph examination.

   c)☒ More than one source independently provided the same information.

   d)☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

3) Disclosure of information received.


This is a debriefing interview with an EME member, who identified Acuna as an EME associate he
knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate.  No specific gang
activity is identified.




                              (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

   Confidential Memorandum dated June 17, 2003 in confidential section of C-File _____

_D. T. Hawkes_____
D. T. Hawkes, Correctional Counselor II                              June 2, 2006
            STAFF SIGNATURE, TITLE                                 DATE DISCLOSED
            DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165        INMATE NAME:    ACUNA, ARCADIO

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐   This source has previously provided confidential information which has proven to be true.

b) ☐   This source participated in and successfully completed a Polygraph examination.

c) ☒   More than one source independently provided the same information.

d) ☒   This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒   Part of the information provided by the source(s) has already proven to be true.

f) ☐   Other (Explain) _____

_____

3)  Disclosure of information received.

An EME associate reported that "Cadio" Acuna taught EME associate "Corky" Manuel Flores K32962 how to communicate in code. Acuna used this code in his correspondence with "Popeye" at PBSP. Acuna used "Dean" Salvador Mendoza to assist in redirecting his letters to avoid staff detection that could result in Acuna's return to active status.

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated August 8, 2002 in confidential section of C-File

_D. T. Hawkes_ (signature)

D. T. Hawkes, Correctional Counselor II
STAFF SIGNATURE, TITLE

June 2, 2006
DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DL  RTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    **C43165**      INMATE NAME:    **ACUNA, ARCADIO**

1) **Use of Confidential Information.**

     Information received from a confidential source(s) has been considered in the:

       a) CDC-115, Disciplinary Report dated _____ submitted by

       _____
                                      STAFF NAME, TITLE

       b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) **Reliability of Source.**

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a) ☐ This source has previously provided confidential information which has proven to be true.

     b) ☐ This source participated in and successfully completed a Polygraph examination.

     c) ☒ More than one source independently provided the same information.

     d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e) ☒ Part of the information provided by the source(s) has already proven to be true.

     f) ☐ Other (Explain) _____

     _____

3) **Disclosure of information received.**

A validated EME associate reported that Acuna and "Jo Jo" (identified as EME associate Anthony Sisneros D68626) of Trece Locos were directing the gang activities in PBSP ASU in 1990. Acuna was identified as providing weapons to other EME associates. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated March 5, 2002 in confidential section of C-File _____

*D.T. Hawkes*

D. T. Hawkes, Correctional Counselor II                    June 2, 2006
         STAFF SIGNATURE, TITLE                                   DATE DISCLOSED

DISTRIBUTION: WHITE ▭ Central File; GREEN ▭ Inmate; YELLOW ▭ Institution Use

STATE OF CALIFORNIA                                          DI   RTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165          INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

  Information received from a confidential source(s) has been considered in the:

  a) CDC-115, Disciplinary Report dated _____ submitted by
  _____
                                         STAFF NAME, TITLE

  b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

  The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

  This information is considered reliable because:

  a) ☐ This source has previously provided confidential information which has proven to be true.

  b) ☐ This source participated in and successfully completed a Polygraph examination.

  c) ☒ More than one source independently provided the same information.

  d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

  e) ☒ Part of the information provided by the source(s) has already proven to be true.

  f) ☐ Other (Explain) _____
  _____

3) Disclosure of Information received.

An informant stated a conflict occurred between Marshal Smith P07620 and Acuna at CCI IV-A Law Library on December 4, 2001. When Acuna warned Smith he could receive a rule violation report if he goes behind the counter, Smith began calling Acuna a "rat" and a "snitch." According to the informant, this resulted in Smith having safety concerns from Acuna on the yard

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

  Confidential Memorandum dated December 12, 2001 in confidential section of C-File _____

*D. T. Hawkes* (signature)

D. T. Hawkes, Correctional Counselor II                          June 2, 2006
         STAFF SIGNATURE, TITLE                                 DATE DISCLOSED

DISTRIBUTION: WHITE ⊐ Central File;  GREEN ⊐ Inmate;  YELLOW ⊐ Institution Use

STATE OF CALIFORNIA                                         DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165          INMATE NAME:  ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a)  CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                    STAFF NAME, TITLE

   b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a)☐  This source has previously provided confidential information which has proven to be true.

   b)☐  This source participated in and successfully completed a Polygraph examination.

   c)☐  More than one source independently provided the same information.

   d)☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☐  Part of the information provided by the source(s) has already proven to be true.

   f) ☒  Other (Explain) _____
        Letter from Josie Acuna to Arcadio Acuna _____ .

3) Disclosure of information received.

   In a letter, Josie Acuna informed Arcadio Acuna that she encountered EME member "Tudy" Estrada
   at the Department of Motor Vehicles. She informed Acuna that she gave Estrada Acuna's address,
   and Estrada said he would soon be corresponding with him. Josie Acuna also stated that if there is
   anything important to pass along to Estrada, he simply needs to send her the letter and she will
   deliver it to Estrada

                        (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _____

   Confidential CDC Form 128B dated September 21, 2000 in confidential section of C-File _____

D. T. Hawkes, Correctional Counselor II                          June 2, 2006
              STAFF SIGNATURE, TITLE                            DATE DISCLOSED
        DISTRIBUTION: WHITE ▭ Central File; GREEN ▭ Inmate; YELLOW ▭ Institution Use

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165          INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                 STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____
   _____

3) Disclosure of information received.


During a debriefing interview, an EME associate identified Acuna as an EME associate he knew as
"Arcadio" of Cucamonga. Acuna is referenced on a list as an EME associate.  No specific gang
activity is identified




                        (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _____

   Confidential Memorandum dated January 5, 2000 in confidential section of C-File _____

_D. T. Hawkes_ (signature)
D. T. Hawkes, Correctional Counselor II                         June 2, 2006
          STAFF SIGNATURE, TITLE                                 DATE DISCLOSED
        DISTRIBUTION: WHITE ▭ Central File; GREEN ▭ Inmate; YELLOW ▭ Institution Use

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165          INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

    _____
                                  STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☒ More than one source independently provided the same information.

    d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒ Part of the information provided by the source(s) has already proven to be true.

    f) ☐ Other (Explain) _____

    _____

3) Disclosure of information received.


During a debriefing interview, an EME associate identified Acuna as an EME associate he knew as
"Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity
is identified.




                    (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _____

   Confidential Memorandum dated March 14, 1997 in confidential section of C-File

*D.T. Hawkes* (signature)
D. T. Hawkes, Correctional Counselor II                            June 2, 2006
       STAFF SIGNATURE, TITLE                                  DATE DISCLOSED
      DISTRIBUTION: WHITE ▯ Central File; GREEN ▯ Inmate; YELLOW ▯ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

ARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER __C43165__    INMATE NAME: __ACUNA, ARCADIO__

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (Explain) _____

_____

3) Disclosure of information received.

This is a debriefing interview with an EME associate. The source reported that in 1990, Acuna was
directing gang activities on behalf of the EME at the PBSP Administrative Segregation Unit. The
source added that Acuna's cellmate was Manuel Aguirre C90519. The source identified Acuna as an
EME associate known as "Cadio."

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _____

__Confidential CDC 128B dated November 7, 1996 in confidential section of C-File__

_D. T. Hawkes_

D. T. Hawkes, Correctional Counselor II          June 2, 2006
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

DISTRIBUTION: WHITE ᴄᴄ Central File; GREEN ᴄᴄ Inmate; YELLOW ᴄᴄ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER  C43165                    INMATE NAME:  ACUNA, ARCADIO

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (Explain) _____

3) Disclosure of information received.

This is a debriefing interview with an EME associate. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga. He stated Acuna was assaulted in the B4 Dining Room in 1990 by a gang rival, a Northern Hispanic (identified in the report as NS member "Oso" Gerald Winston D51285)

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

Confidential Memorandum dated February 10, 1995 in confidential section of C-File

_D. T. Hawkes, Correctional Counselor II_
STAFF SIGNATURE, TITLE

June 2, 2006
DATE DISCLOSED

DISTRIBUTION: WHITE ⊐ Central File;  GREEN ⊐ Inmate;  YELLOW ⊐ Institution Use

STATE OF CALIFORNIA                  D .RTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER     C43165          INMATE NAME:    **ACUNA, ARCADIO**

1) Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

     a) CDC-115, Disciplinary Report dated _____ submitted by

     _____
                             STAFF NAME, TITLE

     b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a)☐ This source has previously provided confidential information which has proven to be true.

     b)☐ This source participated in and successfully completed a Polygraph examination.

     c)☐ More than one source independently provided the same information.

     d)☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e)☐ Part of the information provided by the source(s) has already proven to be true.

     f)☒ Other (Explain) _____

       Coded communication from EME member Ruben Hernandez C04672 to Acuna

3) Disclosure of information received.

This documents the misuse of legal assistance between inmates for the purpose of EME member "Tupi" Ruben Hernandez C-04672 to pass along a coded message on January 26, 1994, to Acuna. In the message, Hernandez made reference to "Estrada v. Cucamonga 94 Daily Journal 237. Tudy made out alright. 7 years." Hernandez referenced a volume of the Daily Journal that did not exist in order to pass along information to Acuna about EME member "Tudy" Arthur Estrada C63175 (now V26050) of Cucamonga.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

    Confidential Memorandum dated January 31, 1994 in confidential section of C-File _____

*D.T. Hawkes*

D. T. Hawkes, Correctional Counselor II _____        June 2, 2006
           STAFF SIGNATURE, TITLE                           DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                    INMATE NAME:  **ACUNA, ARCADIO**

1) Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

     a)  CDC-115, Disciplinary Report dated _____ submitted by

     _____
                                    STAFF NAME, TITLE

     b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a) ☐  This source has previously provided confidential information which has proven to be true.

     b) ☐  This source participated in and successfully completed a Polygraph examination.

     c) ☒  More than one source independently provided the same information.

     d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e) ☒  Part of the information provided by the source(s) has already proven to be true.

     f) ☐  Other (Explain) _____

     _____

3) Disclosure of information received.

This documents an interview with an EME associate. The source identified Acuna as "Cadio" of Cucamonga, and reported that Acuna was recently (1993) granted EME membership. The source also reported that Acuna's crime partner was "Huero" Marco Ramirez C55431 of Ontario, who was assaulted at PBSP B Facility by EME associates for becoming a "Christian."

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

     Confidential Memorandum dated May 13, 1993 in confidential section of C-File

*D.T. Hawkes* (signature)

D. T. Hawkes, Correctional Counselor II                         June 2, 2006
                    STAFF SIGNATURE, TITLE                              DATE DISCLOSED

DISTRIBUTION: WHITE ꝏ Central File;  GREEN ꝏ Inmate;  YELLOW ꝏ Institution Use

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165              INMATE NAME:  ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                              STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a)☐ This source has previously provided confidential information which has proven to be true.

   b)☐ This source participated in and successfully completed a Polygraph examination.

   c)☒ More than one source independently provided the same information.

   d)☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

3) Disclosure of information received.

During a debriefing interview, an EME associate reported that Acuna was one of the Mexican Mafia's representatives in PBSP B Facility, and was slashed across the face by a Northern Hispanic inmate when he was eating in the dining room. After Acuna arrived at PBSP Administrative Segregation Unit, he wrote to EME associate "Gusi" Gustavo Flores C62331 of Rivas and directed an assault on "Wolfie" Louis Robles D11016 of Casa Blanca because Robles failed to warn or assist Acuna when he was assaulted in the Dining Room. Instead, Robles was cleared of any wrongdoing by other EME associates. The source identified Acuna as "Cadio" of Cucamonga.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated February 1, 1993 in confidential section of C-File

_____
D. T. Hawkes, Correctional Counselor II                    June 2, 2006
           STAFF SIGNATURE, TITLE                         DATE DISCLOSED

DISTRIBUTION: WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

STATE OF CALIFORNIA  DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165          INMATE NAME:  ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a)  CDC-115, Disciplinary Report dated _____  submitted by

   _____
   STAFF NAME, TITLE

   b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____.

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a)☐ This source has previously provided confidential information which has proven to be true.

   b)☐ This source participated in and successfully completed a Polygraph examination.

   c)☐ More than one source independently provided the same information.

   d)☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☐ Part of the information provided by the source(s) has already proven to be true.

   f)☒ Other (Explain) _____
       Letter from Gavaldon C15377 to Gavaldon C15376

3) Disclosure of information received.

In a letter from EME associate "Little Spider" Roy Gavaldon C15377 to his brother, EME member "Big
Spider" David Gavaldon C15376, the younger Gavaldon informs his brother that Acuna received a
letter from a lawyer who has an office in his area.  Included with the letter was a birthday greeting card
for David Gavaldon signed by various EME associates, including Acuna.  Acuna's message to
Gavaldon , with portions in Spanish translated, stated the following "With all my respect, I send you
greetings. Hope to see you again soon. Your pal,  Cadio." The letter contained coded information
(numbers written in Nahuatl), references to several EME members, names of people who were just
granted EME membership, and other EME gang-related messages.

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

   Confidential Memorandum dated October 29, 1992 in confidential section of C-File

_D. T. Hawkes_ (signature)

D. T. Hawkes, Correctional Counselor II
STAFF SIGNATURE, TITLE

June 2, 2006
DATE DISCLOSED

DISTRIBUTION: WHITE ☐ Central File; GREEN ☐ Inmate; YELLOW ☐ Institution Use

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER  __C43165__          INMATE NAME:  __ACUNA, ARCADIO__

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                    STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

3) Disclosure of information received.


During a debriefing interview, an EME associate identified Acuna as an EME associate he knew as
"Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate.  No specific gang activity
is identified




                         (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

   Confidential Memorandum dated May 2, 1991 in confidential section of C-File
_____

*D. T. Hawkes*

D. T. Hawkes, Correctional Counselor II                              June 2, 2006
                STAFF SIGNATURE, TITLE                              DATE DISCLOSED

            DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165          INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (Explain) _____

_____

3) Disclosure of information received.

This is an interview with an EME associate, who identified Acuna as an active EME associate. Acuna is referenced on a list as an EME associate. No specific gang activity is identified.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

Confidential Memorandum dated August 31, 1990 in confidential section of C-File

_____
D. T. Hawkes, Correctional Counselor II                               June 2, 2006
STAFF SIGNATURE, TITLE                                                DATE DISCLOSED

DISTRIBUTION: WHITE ꝏ Central File;  GREEN ꝏ Inmate;  YELLOW ꝏ Institution Use

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   **C43165**          INMATE NAME:   **ACUNA, ARCADIO**

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

    _____
                              STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☒ More than one source independently provided the same information.

    d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒ Part of the information provided by the source(s) has already proven to be true.

    f) ☐ Other (Explain) _____

3) Disclosure of information received.

An EME associate identified Acuna as an EME associate he knew as "Cadio" of Cucamonga. Acuna is referenced on a list as an EME associate. No specific gang activity is identified

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

  Confidential Memorandum dated April 9, 1990 in confidential section of C-File

*D.T. Hawkes*

D. T. Hawkes, Correctional Counselor II                          June 2, 2006
       STAFF SIGNATURE, TITLE                                  DATE DISCLOSED

    DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA                                         D   ARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165            INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (Explain) _____

3) Disclosure of information received.

This is a debriefing interview with an EME associate, who identified Acuna as an EME associate he knew as "Carrio." The source stated that Acuna may have been involved in the riot that took place at California State Prison Sacramento County on May 25, 1989 (referring to the EME gang-related assault on Black inmates).

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

_Confidential Memorandum dated September 20, 1989 in confidential section of C-File_

_D. T. Hawkes_

D. T. Hawkes, Correctional Counselor II                       June 2, 2006
                    STAFF SIGNATURE, TITLE                        DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File;  GREEN ∞ Inmate;  YELLOW ∞ Institution Use

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                 INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____
   _____

3) Disclosure of information received.

During a debriefing interview, an EME associate identified Acuna as an EME associate he knew as
"Gladio." Acuna is referenced on a list as an EME associate.  No specific gang activity is identified

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

   Confidential Memorandum dated October 11, 1988 in confidential section of C-File

*D. T. Hawkes*

D. T. Hawkes, Correctional Counselor II                    June 2, 2006
                STAFF SIGNATURE, TITLE                     DATE DISCLOSED

DISTRIBUTION:  WHITE co Central File;  GREEN co Inmate;  YELLOW co Institution Use

**EXHIBIT F**

STATE OF CALIFORNIA
CORRECTIONS                                                                    DEPARTMENT OF
CDC 128-B-2 (5/95)

---

INMATE'S NAME: Acuna, Arcadio                                    CDC NUMBER: C43165

---

On Feburary 4, 2000, a gang validation package regarding subject was received from Institution Gang Investigator Crandall at PBSP.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU ON January 12, 2004 , FROM GANG INVESTIGATOR Lt. Garcilazo AT CSP-LOS.  (UPDATED ITEMS LISTED IN ITALICS).*

                                        **TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)**
The following items **meet** the validation requirements:    *Conf Memo dated 12-12-03, Conf Memo dated 9-23-03 and Conf 128B dated 9-21-*
00.                                                                                  *00.*

              **TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS:  (3)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

              **TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS:  (0)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Acuna is:

☒  **VALIDATED**      ☐  **REJECTED**

as a member of the **Mexican Mafia** prison gang.

Wm Luper
Special Agent SSU

**DATE:**  *1-20-04*

---

**GANG VALIDATION/REJECTION REVIEW**
**GENERAL CHRONO**
**LEIU/SSU**

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

**EXHIBIT G**

```
CMHQ C43165                    ACUNA,ARCADIO,SERRANO              PAGE 01
     *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 11/17/2004

 11/17/2004   TRANSFERRED      TO PSP    SHU         FROM DVIRC

 11/16/2004   TRANSFERRED      TO DVIRC             FROM RCC
                               ENROUTE TO PSP

 11/15/2004   TRANSFERRED      TO RCC               FROM CAL
                               ENROUTE TO PSP

 03/05/2004   CHANGED UNIT     NEW UNIT: ADSEG      OLD UNIT: MAIN

 03/01/2004   TRANSFERRED      TO CAL               FROM LAC

 11/04/2003   TEMP RELEASE     TO MED   FROM LAC     CUSTODY: CDC/BAK    RET SAME DAY
                               DR. LUU, MD./BAKERSFIELD

 08/14/2003   CHANGED UNIT     NEW UNIT: IV         OLD UNIT: ADSEG

 08/12/2003   CHANGED UNIT     NEW UNIT: ADSEG      OLD UNIT: IV

 05/28/2002   TRANSFERRED      TO LAC    IV         FROM CCI4A
   P/N PRESS ENTER FOR NEXT PAGE
```

CMHQ C43165                      ACUNA,ARCADIO,SERRANO                    PAGE 02

07/20/2000  TRANSFERRED    TO CCI4A          FROM COR

07/19/2000  STATUS CHANGED TO ENRCHG   FROM ENROUTE   NEW FINAL DEST: CCI4A

07/19/2000  TRANSFERRED    TO COR   SHU      FROM PSP
                           ENROUTE TO CCI

08/07/1995  CHANGED UNIT   NEW UNIT: SHU      OLD UNIT: INF

08/05/1995  CHANGED UNIT   NEW UNIT: INF      OLD UNIT: SHU

07/26/1995  CHANGED UNIT   NEW UNIT: SHU      OLD UNIT: INF

07/25/1995  TEMP RELEASE    TO HOSP FROM PSP   CUSTODY: CDC/DN    RET SAME DAY
                           SUTTER COAST HOSP/CRESCENT CITY

07/24/1995  CHANGED UNIT   NEW UNIT: INF      OLD UNIT: SHU

01/19/1991  TRANSFERRED    TO PSP   SHU      FROM FOL-A

11/05/1990  TRANSFERRED    TO FOL-A ADSEG    FROM FOL-C
P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                        ACUNA,ARCADIO,SERRANO                  PAGE 03

10/30/1990   TRANSFERRED    TO FOL-C           FROM FOL-A

10/26/1990   TRANSFERRED    TO FOL-A           FROM PSP

07/31/1990   CHANGED UNIT   NEW UNIT: MAIN     OLD UNIT: INF

07/30/1990   CHANGED UNIT   NEW UNIT: INF      OLD UNIT: MAIN

12/04/1989   TRANSFERRED    TO PSP             FROM FOL-B

07/19/1989   TRANSFERRED    TO FOL-B           FROM FOL-A

05/25/1989   TRANSFERRED    TO FOL-A ADSEG     FROM FOL-B

03/22/1988   TRANSFERRED    TO FOL-B           FROM FOL-A

03/21/1988   TRANSFERRED    TO FOL-A           FROM FOL
                            INFIRMARY

03/16/1988   TRANSFERRED    TO FOL             FROM FOL-B    TEMPORARILY
                            MED & RET
     P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                        ACUNA,ARCADIO,SERRANO                        PAGE 04

05/27/1987    TRANSFERRED    TO FOL-B              FROM FOL

04/24/1987    TRANSFERRED    TO FOL                FROM NRC
                            LATE ARRIVAL

03/11/1987    RETURNED       TO NRC
                            RET FROM PAROLE    RET STATUS PWNT
                            F/PROCESS

12/05/1983    PAROLED        TO REG4   ONT1    FROM FOL         CUSTODY: SO/RIV
                            TENT DCH DATE: 12/05/1986 CO: SB

07/07/1983    CHANGED UNIT   NEW UNIT: SHU        OLD UNIT: MAIN

05/11/1983    STATUS CHANGED TO ENRREM    FROM ENROUTE

05/11/1983    TRANSFERRED    TO FOL                FROM RCC
                            ENROUTE TO CRC

05/10/1983    STATUS CHANGED TO TEMPREM   FROM TEMP

  P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                        ACUNA, ARCADIO, SERRANO                    PAGE 05

04/07/1983    CHANGED UNIT      NEW UNIT: PALM      OLD UNIT: MAIN

04/07/1983    RETURNED          TO RCC              ENR TO CRC
                                RET FROM OTC
                                TFT

03/10/1983    TEMP RELEASE      TO OTC  FROM RCC    CUSTODY: SO/RIV
                                ARRAIGNMENT

03/03/1983    CHANGED UNIT      NEW UNIT: PALM      OLD UNIT: MAIN

03/03/1983    RETURNED          TO RCC              ENR TO CRC
                                RET FROM OTC
                                TFT

02/15/1983    TEMP RELEASE      TO OTC  FROM RCC    CUSTODY: SO/RIV
                                ARRAIGNMENT

02/07/1983    TRANSFERRED       TO RCC    PALM      FROM CRC      TEMPORARILY
                                H/C

    P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                    ACUNA,ARCADIO,SERRANO                    PAGE 06

02/07/1983   TEMP RELEASE   TO OTC   FROM CRC    CUSTODY: SO/RIV    RET SAME DAY
                            PRELIM

02/07/1983   TRANSFERRED    TO CRC              FROM RCC

01/26/1983   CHANGED UNIT   NEW UNIT: PALM     OLD UNIT: MAIN

01/26/1983   TRANSFERRED    TO RCC             FROM CRC     TEMPORARILY
                            H/C

01/26/1983   TEMP RELEASE   TO OTC   FROM CRC    CUSTODY: SO/RIV    RET SAME DAY
                            ARRAIGN

01/26/1983   TRANSFERRED    TO CRC              FROM RCC

01/17/1983   CHANGED UNIT   NEW UNIT: PALM     OLD UNIT: MAIN

11/12/1982   TRANSFERRED    TO RCC              FROM CRC     TEMPORARILY
                            H/C

 P/N PRESS ENTER FOR NEXT PAGE

CMHQ C43165                        ACUNA,ARCADIO,SERRANO                PAGE 07

06/12/1982   RETURNED        TO CRC
                             RET FROM HOSP

06/11/1982   TEMP RELEASE    TO HOSP FROM CRC    CUSTODY: RGH

03/12/1982   TRANSFERRED     TO CRC              FROM RCC

02/25/1982   ADMITTED        TO RCC              FROM SC/SBD   AS A DSL
                             CII NA
                             B95994

P/01   NO ADDITIONAL PAGE FOLLOWS

**EXHIBIT H**

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| ACUNA, Arcardio | C-43165 |

## REASON(S) FOR PLACEMENT (PART A)

[XX] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[XX] ENDANGERS INSTITUTION SECURITY    [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT On Friday, March 05, 2004, the Institutional Gang Investigator at Calipatria State Prison received a facsimile copy of a CDC 128B-2, Gang Validation Chrono, from the Special Services Unit (SSU), identifying you, Inmate Arcardio Acuna, C-43165, B5-209L, as a validated member of the Mexican Mafia prison gang. Due to your current gang status as an active member of the Mexican Mafia, your continued presence on a general population facility (B Facility) has been deemed a threat to the safety and security of the institution. You are being re-housed in Administrative Segregation pending review by the Institutional Classification Committee for program and housing needs. Due to your Ad-Seg placement, your custody level, privilege group, credit earning and visiting status are subject to change. Inmate ACUNA is not a participant in the Mental Health Services Delivery System (MHSDS) and Disability Placement Program (DDP).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:   /   /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03-05-04 | R. ANTI | | LIEUTENANT |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| 3.5.04 | 1525 | J. Gutierrez | | 70 |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE  x Arcardio Acuna    CDC NUMBER  C-43165

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME  N/A | TITLE | INVESTIGATIVE EMPLOYEE'S NAME  N/A | TITLE |

### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? MHSD | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment    Any "NO" may require IE assignment

[X] NOT ASSIGNED    [X] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[X] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | N/A | |
| WITNESS' NAME  N/A | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY_____  [X] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [X] SINGLE CELL PENDING ICC

REASON FOR DECISION: Ret As pend. ICC review.
Single cell pend ICC review.
Endangers Inst Security.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE | |
|---|---|---|---|---|---|
| J. Bulteman | Capt. | 3-8-04 | 1410 | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

**EXHIBIT I**

**ACTION:**   INITIAL/MAINLINE REVIEW: RETAIN AD SEG PENDING TX TO PBSP-SHU INDETERMINATE VIA CCI-SHU. REFER TO CSR RX TX PBSP-SHU VIA CCI-SHU. ESTABLISH MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. ASSIGN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES/SO. HISPANICS/OTHERS). PLACE ON NON-CONTACT VISITING STATUS EFFECTIVE 03/05/2004. NO MHSDS, MDO, DPP OR DDP CONCERNS NOTED. DOUBLE CELL HOUSING APPROVED. RESCHEDULE ICC 06/03/2004.

Inmate Acuna was screened in person in ICC today for Initial/Mainline Review. Inmate was placed in Ad/Seg on 03/05/2004 for being validated as a Mexican Mafia Prison Gang member per CDC 128B2 dated 01/20/2004. The 114-D Interview was conducted on 03/08/2004 by J. Builteman, FC. The 114-D Hearing was conducted on 03/11/2004 by ICC. Staff Assistant was not assigned. Investigative Employee was not assigned. The issues are not complex nor is the Inmate illiterate. Review of the 114-D within time limitations has been met and no witnesses were requested. Committee finds that segregated housing is appropriate and elects to retain Inmate in Ad/Seg pending transfer to PBSP-SHU Indeterminate via CCI-SHU. No enemies in Ad Seg are noted. Committee refers the case to the CSR recommending transfer to PBSP-SHU via CCI-SHU. Inmate is assigned to Yard Group No. 7, Controlled Compatible (Whites/So. Hispanics/Others). A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. CDC 1882 is located in the Central File. Confidential information was not considered. Inmate assigned to Ad/Seg earning status WG/PG D1/D effective 03/05/2004, custody changed to MAX. Inmate was placed on non-contact visiting status effective 03/05/2004. Committee notes inmate was received in CDC on 03/11/1987 with a term of 3 Life Terms plus 8 Years and will be eligible for custody review on 08/05/2005. Committee notes this hearing also serves as inmate's Mainline Initial Review. Case factors are as follows: Inmate Acuna is a 50 year old, Hispanic, 4th termer, committed from Santa Clara County for the offenses of Kidnapping and Robbery. He was received at CAL on 03/01/2004 from LAC. His GPL is 12.5. Confidential file is noted. Inmate is medi~~REVIEWED~~s Full Duty. TB Alert Code is 22 per 128-C dated 04/28/2003. Inmate does not meet criteria for inclusion in the MHSDS. CDC 812 indicates enemy situation and gang/disruptive group affiliation. Disciplinary history includes Posse~~OBIS~~f Alcohol, Unauthorized Talking, Resisting Staff, Assault on Inmate, Failure to Report, Possession of Controlled Substance and Force and Violence. There is no history of Arson, Kidnapping or Sex related offenses noted. History of Escape is noted for a 1978 Escape from CA Rehabilitation Center. There are no Holds or Detainers noted. Inmate is not a foreign born national. Inmate is not eligible for MSF, CCRC, MCCF, CCF, Camp or Restitution Center due to Life sentence. Inmate does not meet MDO criteria. CDC 840, 812, 127 and Minimum Screening forms have been updated. Inmate's BPT Initial Parole Consideration Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP and Mental Health Staff present during committee is in agreement with this status. Inmate was advised he would be seen by ICC on 06/03/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (acf)

_____  _3/25/04_          _____
T. Ochoa, CDW(A)        CHAIRPERSON          K. Hughes, Asst. C&PR        RECORDER

**Committee Members:** G. Janda, AW; S. Leapheart, FC; G. Chavarria, CCII; D. Middleton, Ph.D.
cc:    Counselor, Inmate
**Date:** 03/11/2004                    **CLASSIFICATION:** ICC AD/SEG             **INST:** CAL-IV

# EXHIBIT J

| | | | |
|---|---|---|---|
| CDC NO #: C43165 | NAME: ACUNA | HOUSING: A5-237 | CDC 128-G |
| PS: 59  LEVEL: IV | MEPD: 08/05/2012 | CUSTODY: MAX-B | |
| WG/PG: D1/D EFF. 03/05/2004 | NEXT CLASSIFICATION: 10/2004 | | |

**ACTION:**    EXCEPTIONAL REVIEW: RETAIN AD SEG PENDING TX. REFER TO CSR RX TX PBSP-SHU FOR INDETERMINATE SHU. REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. RETAIN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES/SO. HISPANICS/OTHERS) AND NON-CONTACT VISITING STATUS EFFECTIVE 03/05/2004. NO MHSDS, MDO, DPP OR DDP CONCERNS NOTED. DOUBLE CELL HOUSING APPROVED. RESCHEDULE ICC 07/22/2004.

Inmate Acuna appeared before ICC this date for an Exceptional Review. He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia Prison Gang member per CDC 128-B2 dated 01/20/2004. Committee notes Inmate Acuna was seen by ICC on 03/11/2004 and was referred to the CSR recommending Indeterminate SHU placement to PBSP-SHU via CCI-SHU. On 04/06/2004, the case was reviewed and was deferred by the CSR stating the CDC 128-B2 dated 01/20/2004 was not available for review. In addition, IGI must update the CDC 812-A to reflect current gang status. It is noted that all deferral issues of 04/06/2004 have been addressed. The CDC 128-B2 dated 01/20/2004 has been placed in the General Chrono Section of the Central File. The CDC 812-A has been updated and placed in the Classification Section of the Central File. All other documents that had validated Inmate Acuna are labeled and are in the Confidential Section of the Central File. Committee elects to retain inmate in Ad Seg pending transfer and refers the case to the CSR recommending transfer to PBSP-SHU for Indeterminate SHU placement. Committee reaffirms MAX custody and WG/PG D1/D effective 03/05/2004. Inmate is retained in Yard Group No. 7, Controlled Compatible (Whites/So. Hispanics/Others) and non-contact visiting status effective 03/05/2004. A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP and Mental Health Staff present during committee is in agreement with this status. Inmate's GPL is 12.5. Inmate was received in CDC on 03/11/1987 and was endorsed to CAL on 02/19/2004 and will be eligible for custody review on 08/05/2005. Committee notes that pertinent case factors remain the same as noted on CDC 128G Chrono dated 03/11/2004. Inmate's next BPT Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004. Inmate was advised he would be seen by ICC on 07/22/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (acf)

_____  5/10/04    _____  **REVIEWED**
T. Ochoa, CDW(A)    CHAIRPERSON         D. Bell, Asst. CCER (A)    RECORDER

**Committee Members:**  M. Bourland, AW;  S. Leapheart, FC;  J. Jackson, CCII;  D. Middleton, Ph.D.
**cc:**    Counselor, Inmate
**Date:** 04/22/2004         **CLASSIFICATION:** ICC AD/SEG         **INST:** CAL-IV

CDC NO #:  C43165                IE:  ACUNA                        P  SING:  A5-237        CDC 128-G
PS: 59  LEVEL: IV               M..PD: 08/05/2012               CUSTODY:  MAX
WG/PG: D1/D EFF. 03/05/2004    NEXT CLASSIFICATION: 10/2004

**ACTION:**        90 DAY REVIEW: RETAIN AD SEG PENDING TX TO PBSP-SHU. REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004. RETAIN YARD GROUP NO. 7, CONTROLLED COMPATIBLE (WHITES, SO. HISPANICS, OTHERS).  NO MHSDS, MDO, DDP OR DPP CONCERNS NOTED.  DOUBLE CELL HOUSING APPROVED.  RESCHEDULE ICC 10/07/2004.

Inmate Acuna appeared before ICC this date for a 90 Day Review. He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia Prison Gang member, refer to CDC 128B-2 dated 01/20/2004.  On 03/11/2004, ICC referred the case to the CSR recommending Indeterminate SHU placement to PBSP-SHU via CCI-SHU.  ON 04/06/2004, the CSR deferred the case noting the CDC 128B-2 was not in the Central File and the 812-A needed to be updated.  On 04/22/2004, ICC noted the CSR deferral issues had been corrected and referred the case for transfer to PBSP-SHU for Indeterminate SHU placement.  On 06/01/2004, the CSR endorsed inmate to PBSP-SHU with transfer approval expiring 09/29/2004.  Committee elects to retain inmate in Ad Seg pending transfer to PBSP-SHU and reaffirms MAX custody and WG/PG D1/D effective 03/05/2004.  Inmate is retained on Yard Group No. 7, Controlled Compatible (Whites, So. Hispanics, Others).  A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing.  Inmate does not meet the criteria for inclusion in the MHSDS, MDO, or DPP per CDC 128G Chrono dated 04/22/2004 and Mental Health Staff present during committee is in agreement with this status.  Madrid Chrono dated 04/22/2004 is in the Central File.  Inmate's GPL is 12.5.  Inmate was received in CDC on 03/11/1987 and was endorsed to PBSP-SHU on 06/01/2004 with a total term of Life (X3) plus 8 Months.  Inmate's BPT Initial Parole Consideration Hearing is scheduled for 07/2011 and his next Annual Review is scheduled for 10/2004.  Committee notes the 180°/270° design housing placement criteria has been reviewed.  Inmate qualifies for 180° design housing placement due to inmate being a validated prison gang member.  Inmate was advised he would be seen by ICC on 10/07/2004.  Inmate Acuna was informed of committee's actions and was advised of his right to appeal.  Inmate had no questions or comments to address to committee.  There are no other case factors or concerns noted.  (abf)

M. Bourland, CDW(A)      CHAIRPERSON                C.J. Caffarella, Asst. CR      REVIEWED RECORDER
                                                                                              OBIS

**Committee Members:**  G. Janda, AW; J. Criman, CCI; D. Middleton, Ph.D.
**cc:**      Counselor, Inmate
**Date:**  07/15/2004                          **CLASSIFICATION:**  ICC AD/SEG              **INST:**  CAL-IV

CDC NO #: C43165   N__ __: ACUNA   H__NG: A5-227   CDC 128-G
PS: 55   LEVEL: IV   M__D: 08/05/2012   CU__ODY: MAX
WG/PG: D1/D EFF. 03/05/2004   NEXT CLASSIFICATION: 10/2005

**ACTION:**   EXCEPTIONAL/ANNUAL REVIEW: REVIEW PERIOD 10/01/2003 THROUGH 09/30/2004 / REDUCE PLACEMENT SCORE TO 55 / RETAIN AD SEG PENDING TRANSFER TO PBSP-SHU / RETAIN MAX CUSTODY AND WG/PG D1/D EFFECTIVE 03/05/2004 / REAFFIRM YARD GROUP #7, CONTROLLED COMPATIBLE (WHITE /SOUTHERN HISPANIC /OTHER) AND REAFFIRM DOUBLE CELL HOUSING / RESCHEDULE ICC ON 12/30/2004 / NO MHSDS, MDO, DDP OR DPP ISSUES NOTED.

Inmate Acuna appeared before ICC this date for an Exceptional/Annual Review. He was initially placed in Ad/Seg on 03/05/2004 as a result of being validated as a Mexican Mafia prison gang member, refer to CDC 128B2 dated 01/20/2004. On 04/22/2004, ICC noted that prior CSR deferral issues had been corrected and referred the case back to CSR for placement at PBSP-SHU for Indeterminate SHU. On 06/01/2004, the CSR endorsed Inmate to PBSP-SHU with transfer approval expiring on 09/29/2004. On 07/15/2004, ICC elected to retain Ad Seg pending transfer to PBSP-SHU, retain MAX custody, WG/PG D1/D effective 03/05/2004 and retain on Yard Group #7. On 09/08/2004, the CSR approved an extension which expires on 01/06/2005. Today's committee elects to retain Ad Seg pending transfer to PBSP-SHU, retain MAX custody and WG/PG D1/D effective 03/05/2004. Reaffirm Yard Group #7, controlled compatible (White /Southern Hispanic /Other). A review of the central file does not indicate a pervasive pattern of in-cell assaults or predatory behavior, therefore, inmate is approved for double cell housing. Inmate does not meet the criteria for inclusion in the MHSDS, MDO, DDP or DPP per CDC 128C Chrono dated 04/22/2004 and Mental Health Staff present during committee is in agreement with this status. This hearing also serves as Inmate's Annual Review for the period of 10/01/2003 through 09/30/2004. Placement score has been reduced from 59 to 55. Inmate's GPL is 12.5. Inmate was received in CDC on 03/11/1987 and was endorsed to PBSP-SHU on 09/08/2004 with a total term of Life (x3) plus 8 months. Inmate's BPT Initial is scheduled for 07/2011. Inmate meets 180 design placement due to being a validated prison gang member. Inmate was advised he would be seen by ICC on 12/30/2004. Inmate Acuna was informed of committee's actions and was advised of his right to appeal. Inmate had no questions or comments to address to committee. There are no other case factors or concerns noted. (lh)

REVIEWED OBIS

T. Ochoa, CDW(A)        CHAIRPERSON        10/21/04        C.J. Caffarella, Asst. C&PR        RECORDER

**Committee Members:** G. Janda, AW; M. Tapia, FC (A); J. Jackson, CCI; D. Middleton, Ph.D.
**cc:**    Counselor, Inmate
**Date:** 10/07/2004        CLASSIFICATION: ICC AD/SEG        INST: CAL-IV

# EXHIBIT K

STATE OF CALIFORNIA

MAR 16 2004
INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)    IBSP

| | tion: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CAL-A- | 1. 04-545 | 6 |
| 2. | ISP-LAC-X | 2. 04-02386 | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME ARCADIO | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| ACUNA | C-43165 | Ad Seg | A5-237 |

A. Describe Problem: ON 3/5/04 I was placed in Ad Seg based on an allegation that I was a validated "member" of a prison gang. (see attached SDS-114-D) I received on that date a copy of a CDC-128-B2 (see attached) asserting that I had been validated per confidential chronos dated 12/12/03, 9/23/03 and, 9/21/00 submitted as part of a validation package by CSP/LAC gang investigator Lt Garcilaza. I am asserting by this appeal that my due process rights were violated in a number of ways by the validation process (continued on attached next page)

If you need more space, attach one additional sheet.

B. Action Requested: Rescind validation as a gang member and return to general population.

Inmate/Parolee Signature: Arcadio Acuna    Date Submitted: 3/11/04

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

CAL BY-PASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

04-545

REC'D CAL APPEALS
MAR 15 2004

04 545

XC # 602 (continued)

process, and vehemently deny that I am a member of a prison's
org. First of all, I have never been provided with CDC-1030
disclosure forms indicating that confidential information had been placed
in my c-file, and submit that each of the listed chronos does not
conform to Title 15, Code of Regulations; §§ 3322 (b)(3)(A)-(B). More-
over, concerning the chronos dated 12/03 and 9/03, during an interview
with Lt. Garcilazo at CSP/LAC, he stated that "some" type of corres-
pondence had been intercepted by "some" unnamed individual or
individuals alleging my involvement in gang activities. Now, the
confidential chrono dated 9/21/00, I know for a fact does not claim
any type of gang activity, but as disclosed to me by Capt.
Medina, CSP/LAC, it documents that a mentally unstable black
inmate took himself off the yard because he said he had verbally
disrespected me in the law library where I worked as a clerk
and felt threatened by other black prisoners because of this.
I hereby declare that at no time did I threaten this inmate or
"insure" black prisoners to harm him in any way. A verbal exchange
did occur in the presence of numerous black prisoners, but I simply
walked away from the situation and gave it no further thought. Further,
a review of my c-file shows that all during the almost four years
since I was released from PBSP-Indeterminate SHU, except for one CDC-115
I received for possession of pruno, I have been a model of good
comportment, have performed above-average at each of my assigned
jobs, and earned certificates. Laudatory job performance reports, com-
pleted an Anger Management/Substance Abuse self-help program, and
interacted positively with prisoners, job supervisors, housing and
custody staff. It is a grave injustice to now label me a
gang member after such positive programming, and by this "action"

over —

REC'D CAL APPEALS

MAR 15 2004

**04 546**

I am no doubt being sentenced to serve a life-term without possibility of parole in the SHU, without justification, and in violation of Due Process Rights, based on false information not even closely establishing that I am a gang member whose presence in the general population threatens the safety and security of the institution.

REC'D CAL APPEALS

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DISTRIBUTION:
WHITE - CENTRAL FILE          CANARY - WARDEN
BLUE - INMATE (2ND COPY)      PINK - HEALTH CARE MGR
GREEN - ASU                   GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| ACUNA, Arcardio | C-43165 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY          [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: On Friday, March 05, 2004, the Institutional Investigator at Calipatria State Prison received a facsimile copy of a CDC 128B-2, Gang Validation Chrono, from Special Services Unit (SSU), identifying you, Inmate Arcardio Acuna, C-43165, B5-209L, as a validated member of the Mexican Mafia prison gang. Due to your current gang status as an active member of the Mexican Mafia, your continued presence on a general population facility (B Facility) has been deemed a threat to the safety and security of this institution. You are being re-housed in Administrative Segregation pending review by the Institutional Classification Committee for program and housing needs. Due to your Ad-Seg placement, your custody level, privilege group, credit earning and visiting status are subject to change. Inmate ACUNA is not a participant in the Mental Health Services Delivery System (MHSDS) and Disability Placement Program (DPP).

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: ___/___/___

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03-05-04 | R. ANTI | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 3.5.04 | 1515 | J.C. GOMEZ | | C/O |

| INMATE SIGNATURE | CDC NUMBER |
|---|---|
| x Arcadio Acuna | C-43165 |

[ ] INMATE REFUSED TO SIGN

## ADMINISTRATIVE REVIEW (PART B)

The following is to be completed during the initial administrative review by the Captain or higher by the first working day following placement

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
|---|---|---|---|---|
| ILLITERATE? | [ ] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES [ ] NO | | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[ ] NOT ASSIGNED          [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | DATE |
|---|---|
| Arcadio Acuna | 3/5/04 |

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____   [ ] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE | |
|---|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | | DATE OF REVIEW |

See chronological Classification Review document (CDC 128 - G) for specific hearing information

REC'D CAL APPEAL'S

MAR 1 5 2004

**04** 545

STATE OF CALIFORNIA
CORRECTIONS
CDC 128-B-2 (5/95)

DEPARTMENT OF

---

**INMATE'S NAME: Acuna, Arcadio**                    **CDC NUMBER: C43165**

On Feburary 4, 2000, a gang validation package regarding subject was received from Institution Gang Investigator Crandall at PBSP.

*SUBSEQUENT INFORMATION WAS RECEIVED BY SSU ON January 12, 2004, FROM GANG INVESTIGATOR Lt. Garcilazo AT CSP-LOS. (UPDATED ITEMS LISTED IN ITALICS).*

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (3)**
The following items meet the validation requirements:    *Conf Memo dated 12-12-03, Conf Memo dated 9-23-03 and Conf 128B dated 9-11-00.*

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)**

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (0)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio Acuna is:

☒ **VALIDATED**    ☐ **REJECTED**

as a member of the **Mexican Mafia** prison gang.

Wm Luper
Special Agent SSU

**DATE:** 1-20-04

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator 1
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

AL-A- 04-545

**First Level** ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

Staff Signature: _____  Title: _____  Date Completed: _____

Division Head Approved: _____  Returned

Signature: _____  Title: _____  Date to Inmate: _____

CSI/ON BYPASS

F. If dissatisfied, explain reasons for requesting a Second-Level Review and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

**Second Level** ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____  Due Date: 10/13/04

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____

☐ See Attached Letter                                              SEP 18 2004  9/10/04

Signature: _____  S.C.F  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

As shown above, 16 months after it was filed this appeal was denied without explanation or comment, and each of the CDC-1030 Forms I submitted challenging confidential info used in the validation process were simply attached as exhibits and not individually addressed. The validation process was a gross denial of due process and sentencing me to an indeterminate SHU based on this process is a grave miscarriage of justice and violation of constitutionally protected rights.

Signature: Arcadio Ceresia  Date Submitted: 9/26/04

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

**DIRECTOR'S ACTION:** ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

☐ See Attached Letter                                              Date: _____

CDC 602 (12/87)

ATTACHMENT 04 545

Department of Corrections

State of California

# Memorandum

Date : July 1, 2004

*Dr forward appeals to LAC - IGI* 7/6/04

To : Stuart Ryan
Warden (A)
Calipatria State Prison

Subject: **INMATE ACUNA C-43165 APPEAL**

Inmate Acuna, C-43165 A5-237, is appealing his gang validation package submitted by CSP-Los Angeles CO. (LAC). Acuna was transferred to Calipatria State Prison (CAL) from LAC on March 1, 2004. CAL was advised by LAC that they had submitted the validation package on Acuna. On March 5, 2004 the validation on Acuna was received at CAL. Acuna was housed in Administrative Segregation pending transfer.

Correctional Sergeant Roe served three CDC 1030 prepared by Institutional Gang Investigator (IGI) at LAC. LAC has all the documents that they submitted for the validation on Acuna.

In the past when CAL has submitted validation packages and there have been appeals on the validation package, the appeal has been sent to CAL for the IGI to answer. This is what happened with Inmate Staska when he was transferred to Centinela State Prison (CEN). Sergeant Roe went to CEN, interviewed and answered Inmate Staska's appeals. This has also transpired when another inmate was transferred to CA Correctional Institution, Tehachapi (CCI).

Recommend that these three appeals be forwarded to IGI at LAC for them to answer. IGI at CAL will assist them with what ever they need to answer the appeals.

R. Ahti
Correctional Lieutenant
Chief Investigator
Calipatria State Prison

CDC 1617 (3/88)

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

APR 2 8 2[?]

ATTACHMENT

04.545

Location: Institution/Parole Region     Log No.     Category

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Acuna | C-43105 | Ad Seg | A3-237 |

A. Describe Problem: On 1/20/04, a Confidential Information Disclosure Form was provided which identified a Confidential Memorandum dated 12/12/03 alleging that I had continued to participate in prison gang activities while at CSP/LAC, Fac. B. The reliability of the information was supposedly established by criteria (e), in that part of the information provided by the source(s) had allegedly already proven to be true. Furthermore, during an interview with IGI Lt. Garcilaga, he stated that a letter from some unnamed individual had been intercepted, and that said letter

(see attached)

If you need more space, attach one additional sheet.

B. Action Requested: Expunge Confidential Memorandum from my C-File, nullify evidentiary process that relied on false information, and return to general population.

Inmate/Parolee Signature: _Ricardo Acuna_     Date Submitted: 1/26/04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: 

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: _____  Date Completed: _____
                                                                     Returned
Division Head Approved: _____  Title: _____  Date to Inmate: _____
Signature: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

                                                    Date Submitted: _____
Signature: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

                                                    Date Completed: _____
Signature: _____
                                                    Date Returned to Inmate: _____
Warden/Superintendent Signature: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

                                                    Date Submitted: _____
Signature: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                     Date: _____

CDC 602 (12/87)

REC'D CAL APPEALS

APR 28 2004

ATTACHMENT
TO: 04 724
ATTACHMENT
TO: 04 545

CDC-602 (cont'd)

indicated I was involved in criminal gang activities.
I vehemently deny this allegation, and assert that
the information contained in the confidential memorandum
dated 12/12/03 is false, and is completely contradicted
by the other documentation in my C-File showing that
since my release from indeterminate SHU in May 2000,
I have conformed to behavioral expectations, have performed
assigned duties with diligence earning high marks of
approval from supervisors, and do not doubt that if
interviewed these supervisors would attest to the fact they
saw no indication I was involved in gang activi-
ties. During the almost four years that I remained
in the general population of CCI, Fac. A, and CSP/
LAC, Fac's B & D, my conduct was exemplary and
in fact I successfully completed a self-help
anger management/substance abuse course under the
direction of DR. E. Eskandari, Ph.D., and he was
so impressed by my conduct and maturity that he
requested I become a mentor for his self-help
group. All of the above thus clearly shows
that I was not and am not involved in
any type of prison gang activity.

APR 28 2004

ATTACHMENT
04 724
DEPARTMENT OF CORRECTIONS
ATTACHMENT
TO: 04 545

STATE OF CALIFORNIA
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C 43165          INMATE NAME: Acuna

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: _that Acuna is was a Chicano C-43165, considered to be part of the Uhh American Mafia activities, while at this institution to the Prison Los Angeles County Jail Dec. 2003.

*(If additional space needed, attach another sheet.)*

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder): Additional Information and Notes 12-12-03 in the confidential material folder.  _____

_____          04/30/04
STAFF SIGNATURE, TITLE                DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

RECD CALA EALS
APR 27 2

ATTACHMENT
TO  04.545

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | 1. _____ | 1. _____ | | |
| | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Acuña | C-43165 | Ad Seg | AS-237 |

A. Describe Problem: On 4/20/04 I received a CDC-1030 Confidential Information Disclosure Form which described a confidential memorandum dated 9/23/03 alleging that I had continued to involve myself in prison gang activities by sending money to gang members. This information was supposedly provided by a source whose reliability was established solely on the basis that he had incriminated himself in a criminal activity at the time of providing the information. By this appeal I am asserting that this information is false and that I was denied due process by: (1) the fact that the

If you need more space, attach one additional sheet.                    (see attached)

B. Action Requested: Expunge Confidential Memorandum from my C-File ; nullify validation process which relied on information contained in the memorandum.

Inmate/Parolee Signature: _Arcadio Acuña_                    Date Submitted: 4/25/04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Title: _____ Returned Date to Inmate: _____

Signature: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

_____ Date Submitted: _____

Signature: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____ Date Submitted: _____

Signature: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter    Date: _____

CDC 602 (12/87)

REC'D CAL APPEALS
APR 27 2004

ATTACHMENT
TO: ___ 04-724

ATTACHMENT
TO: 04 545

CDC-602 (cont'd)

information was not disclosed to me at the time it was provided so that I could challenge its veracity, (2) that it was relied on in the validation process without allowing me an opportunity to dispute it, (3) that its reliability was not established in conformance to CCR, Title 15, sec. 3321(d)(1)-(3), and (4) that the source providing the false information did so simply in order to gain for himself preferential treatment in the way of classification, custody, or placement considerations. Finally, I vehemently deny that I have been involved in any type of criminal and/or prison gang activities, and submit that a review of my C-File indicates everything contrary to this accusation; showing that since my release from indeterminate SHU in May 2000, I programmed without committing major rule infractions, that I received commendatory work performance reports from all my supervisors, that I earned numerous Certificates of Vocational Achievement, and that I also successfully completed a self-help course in substance abuse/ anger management.

REC'D CAL APPEALS
APR 2 7 2004

TO: 04-724
DEPARTMENT OF CORRECTIONS

ATTACHMENT
TO: 04 545

STATE OF CALIFORNIA
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __C43165__     INMATE NAME: __Acuna__

1) **Use of Confidential Information.**

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) **Reliability of Source.**

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

3) **Disclosure of information received.**

   The information received indicated the following: _That you Inmate Acuna_
   _continue to involve yourself in Mexican_
   _Mafia prison gang activities by sending_
   _money to Mexican Mafia members._

   _____
   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Confidential memorandum dated 9-23-03_
   _Located in your confidential folder_

   _____          _____
   STAFF SIGNATURE, TITLE                DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use     87 82069

REC'D CAL APPEALS

INMATE/PAROLEE
APPEAL FORM
COC 602 (12/87)

APR 26 2004

REC'D CAL APPEALS

| | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| cation; | CAL-A | 1. | 0 - 724 | 1. | 04-545 |
| | 2. | | | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Acuna | C-43165 | Ad Seg | A5-237 |

A. Describe Problem: ON 4/20/04, I received a CDC-1030 Confidential Information Disclosure Form stating that while at CCI Confidential information was documented on a CDC-128 B dated 9/21/00 alleging that I continued to communicate with a validated gang member, and that the reliability of the source providing this information was established under criteria (d)."This source incriminated himself in a criminal activity at the time of providing the information." First of all, I vehemently deny that I have communicated in any way, shape or form with any

If you need more space, attach one additional sheet.            (see attached)

B. Action Requested: Expunge Confidential Memorandum dated 9/21/04 from my C-File, Nullify validation process, and return me to the general population of a Level III prison.

Inmate/Parolee Signature: Arcadio Acuna          Date Submitted: 4/22/04

INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| 04 724 |
|---|

AL-A - 04 724

ATTACHMENT
TO: 04-545

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: BY-PASS Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-25-04 Due Date: 8-9-04

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

REC'D CAL APPEALS
APR 26 2004

04 724
ATTACHMENT
TO: 04 545

CDC-602 (cont'd)

alleged gang members since my release from indeterminate SHU in May 2000 and dispute the truthfulness of the source providing this false information, submitting that if as the 1030 form indicates this prisoner was himself involved in criminal activities he lied in order to gain for himself preferential treatment in the way of classification, custody or placement consid- erations. Moreover, I assert that the mandates of CCR, Title 15, sec. 3372(d)(2) were not adhered to in establishing the reliability of the information provided, and on this basis submit that the document should not have been relied on in any decision affecting my classifica- tion and custody status. Furthermore, there are serious due process violation concerns here arising from the fact that when this false accusation was made I was not provided a CDC-1030 form so that at that time I don't have challenged it and mounted a viable defense to prove the information was false. To wait 3½ years to disclose the information after!! the validation package had been sub- mitted to Sacramento gave me no opportunity to defend myself to the individuals making what clearly is a life-altering decision.

STATE OF CALIFORNIA
CDC 1030 (12/86)

REC'D CAL APPEALS
APR 2 6 2004

ATTACHMENT
TO: 04-545

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: **C 43165**    INMATE NAME: **ACUNA**

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: _____
_____
_____
_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____
_____

_____                    _____
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use          87 82089

04 545
Department of Corrections

State of California

# Memorandum

Date : July 1, 2004

To : Stuart Ryan
Warden (A)
Calipatria State Prison

Subject : **INMATE ACUNA C-43165 APPEAL**

Inmate Acuna, C-43165 A5-237, is appealing his gang validation package submitted by CSP-Los Angeles CO. (LAC). Acuna was transferred to Calipatria State Prison (CAL) from LAC on March 1, 2004. CAL was advised by LAC that they had submitted the validation package on Acuna. On March 5, 2004 the validation on Acuna was received at CAL. Acuna was housed in Administrative Segregation pending transfer.

Correctional Sergeant Roe served three CDC 1030 prepared by Institutional Gang Investigator (IGI) at LAC. LAC has all the documents that they submitted for the validation on Acuna.

In the past when CAL has submitted validation packages and there have been appeals on the validation package, the appeal has been sent to CAL for the IGI to answer. This is what happened with Inmate Staska when he was transferred to Centinela State Prison (CEN). Sergeant Roe went to CEN, interviewed and answered Inmate Staska's appeals. This has also transpired when another inmate was transferred to CA Correctional Institution, Tehachapi (CCI).

Recommend that these three appeals be forwarded to IGI at LAC for them to answer. IGI at CAL will assist them with what ever they need to answer the appeals.

R. Anti
Correctional Lieutenant
Chief Investigator
Calipatria State Prison

*Recommend this appeal also be sent to LAC as I did with the other one — ANTI*

CDC 1817 (3/89)

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF CORRECTIONS**
**Inmate Appeals Branch**
P.O. Box 942883
Sacramento, CA 94283-0001

May 24, 2005

Appeals Coordinator
California State Prison, Los
44750 - 60th Street West
Lancaster, CA  93536-7620

RE:  ACUNA, CDC
Info & Records

To the Appeals Coordinator:

A response is needed at the ne

Please have the Second Leve
documents to this office by Ju

N. GRANNIS, Chief
Inmate Appeals Branch

*Received Corrected*
*signed response from*
*CDC.*

Arcadio Acuna # C-47168                    Dec. 29, 2004
PBSP- SHU / FD3 - 112
P.O. Box 7500
Crescent City, CA 95532

Re : CDC-602 Appeal log# CAL 04-545 / LAL 04-02386

Dear N. Grannis,

    I am resubmitting the attached appeal for Director's Level Review, and in response to your letter dated 12/20/04 requesting attachment of Second Level Response would advise you that I was never provided with such a response. This is one of the issues I am addressing in my Director's Level Review as well as the fact that at no time during the 10 months this 602 has been pending was I ever interviewed to the (4) separate 602's I submitted on my validation.

    I contacted my counselor here, CCI E. DeRusha asking that she look into the matter, and as indicated by her written response she was not able to locate any indication in my file that a written response was ever produced.

    I hope then, that as part of your review you will address these issues and determine the extent to which I was denied due process.

               Sincerely,

          Arcadio Acuna

# CALIFORNIA DEPARTMENT OF CORRECTIONS
# CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

## SUPPLEMENTAL PAGE

RE:    Appeal Log #LAC-X-04-02386
       Second Level Response
       Inmate ACUNA, C43165

## APPEAL DECISION: DENIED.

## APPEAL ISSUE: PRISON GANG VALIDATION.

You state in your appeal that you want your validation as an associate of the Mexican Mafia Prison Gang rescinded and to be placed back on a General Population Yard.

## ACTION REQUESTED:

You requested that your status as a Validated Associate of the Mexican Mafia Prison Gang be rescinded and all confidential information utilized against you be removed from your Central-File.

## APPEAL RESPONSE

On January 12, 2004, a prison gang validation package was submitted to LEIU/SSU, by CSP-Los Angeles County Institutional Gang Investigator J. Garcilazo to re-validate you as an associate of the Mexican Mafia Prison Gang. While at CSP-LAC you were in the General Population due to being released from Pelican Bay State Prison Security Housing Unit as an In-Active Mexican Mafia Associate. On January 20, 2004 you were re-validated as an associate of the Mexican Mafia Prison Gang pursuant to the validation requirements established in Title 15 CCR Section 3378. Your case will be considered for review in six (6) years for In-Active status, if you have remained gang activity free in that time.

M. Hunter
Chief Deputy Warden (A)
CSP-Los Angeles County

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: SEP 2 3 2005

In re:     Acuna, C-43165
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0500285          Local Log No.: CAL 04-545

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I     APPELLANT'S ARGUMENT: It is the appellant's position that he was placed in the California State Prison, Los Angeles County (LAC) Administrative Segregation Unit based on allegations that he was a validated gang member of a prison gang. The appellant contends that this was action was a direct violation of his due process rights. The appellant requests that his validation as a gang member be rescinded and that he be returned to the general inmate population.

II     SECOND LEVEL'S DECISION: The reviewer found that on January 12, 2004, a gang validation package was submitted to the Law Enforcement Investigation Unit by the LAC Institution Gang Investigator, to re-validate the appellant as an associate of the Mexican Mafia (EME) prison gang. While at LAC the appellant was in the general inmate population (GP) due to being released from Pelican Bay State Prison (PBSP) Security Housing Unit as an in-active "EME" associate. On January 20, 2004, the appellant was re-validated as an associate of the "EME" prison gang pursuant to the validation requirements established by the California Code of Regulations, Title 15, (CCR). The appellant's case will be considered for review in six years for in-active status, if he remains gang activity free for that time frame. The reviewer learned the one CDC Form 1030 Confidential Information Disclosure notice was provided to the appellant and the information was deemed reliable in accordance with the CCR 3321. Therefore, the Second Level of Review denied the appeal.

III     DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.     FINDINGS: There was sufficient evidence to warrant the appellant's re-validation as an "EME" gang associate. The appellant provided no evidence to the committee members contesting his validation. The appellant was provided with copies of the materials used to re-validate him. Additionally, the LEIU provided a CDC Form 128-B2, Validation Chrono, dated January 20, 2004, which identified three items which supported the validation of the appellant as a member of the EME. The appellant has not provided sufficient evidence to overturn or rescind his validation as an associate of the "EME." The appeal was denied at the Director's Level of Review.

B.     BASIS FOR THE DECISION:
CCR: 3001, 3335, 3338, 3339, 3370, 3375, 3378

C.     ORDER: No changes or modifications are required by the institution.

ACUNA, C-43165
CASE NO. 0500285
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP
        Appeals Coordinator, CAL

# EXHIBIT L

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43165_                INMATE NAME: _ACUNA_

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated _____ submitted by

    _____
    STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a)  ☐  This source has previously provided confidential information which has proven to be true.

    b)  ☐  This source participated in and successfully completed a Polygraph examination.

    c)  ☐  More than one source independently provided the same information.

    d)  ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)  ☒  Part of the information provided by the source(s) has already proven to be true.

    f)  ☐  Other (EXPLAIN) _____

    _____

    _____

3)  Disclosure of information received.

    The information received indicated the following: that you inmate Acuna
    C-43165, continued to participate with
    Mexican Mafia Activities, while at the
    California State Prison-Los Angeles County
    Facility "B".

    _____

    (If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC 128-B of 5-15-86 in the confidential material
    folder). Confidential Memorandum dated 12-19-03 authored
    by S. Preciado Institutional Gang Investigator Assistant
    located in your confidential file.

    _____ ___/___                    _04/20/04_
    STAFF SIGNATURE, TITLE                   DATE DISCLOSED

87 82069

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __C43165__        INMATE NAME: __Acuna__

1)   Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

     a)  CDC-115, Disciplinary Report dated _____ submitted by

     _____
                              STAFF NAME, TITLE

     b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)   Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a)  ☐  This source has previously provided confidential information which has proven to be true.

     b)  ☐  This source participated in and successfully completed a Polygraph examination.

     c)  ☐  More than one source independently provided the same information.

     d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e)  ☐  Part of the information provided by the source(s) has already proven to be true.

     f)  ☐  Other (EXPLAIN) _____

     _____

3)   Disclosure of information received.

     The information received indicated the following: _That you Inmate Acuna_
     _continue to involve yourself in Mexican_
     _Mafia Prison Gang activities by sending_
     _money to Mexican Mafia members._

     _____

     _____

                    (If additional space needed, attach another sheet.)

4)   Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
     folder). _Confidential Memorandum Dated 9-26-03_
     _Located in your Confidential Folder_

     _____        _4/20/04_
               STAFF SIGNATURE, TITLE              DATE DISCLOSED
               Sgt/IGI

                                                                        87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C43165_    INMATE NAME: _ACUNA_

1)   Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)   CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b)   CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)   Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

a)   ☐   This source has previously provided confidential information which has proven to be true.

b)   ☐   This source participated in and successfully completed a Polygraph examination.

c)   ☐   More than one source independently provided the same information.

d)   ☒   This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)   ☐   Part of the information provided by the source(s) has already proven to be true.

f)   ☐   Other (EXPLAIN) _____

_____

3)   Disclosure of information received.

The information received indicated the following: _That you inmate Acuna Continued to communicate with a Validated Physical Mafia Member Arturo Estrada CDC # C-63175._

_____

_____

(If additional space needed, attach another sheet.)

4)   Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _CDC-128B Dated 09-21-00 Authored by Correctional Officer B. Shelton located in Your Confidential folder._

_____                      04/20/04
STAFF SIGNATURE, TITLE                                        DATE DISCLOSED

87 82069

# SEALED DOCUMENTS PURSUANT TO 10/31/05 COURT ORDER

# In re Arcadio Acuna HCPB05-5242

# CONFIDENTIAL

# Exhibits X, Y and Z

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **In re Arcadio Acuna**

No.:  **HCPB05-5242**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age and older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 16, 2006,</u> I served the attached:

**RETURN AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**(SEALED DOCUMENTS EXHIBITS X, Y, AND Z, PER 10/31/05 COURT ORDER)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

George M. Mavris
Law Offices of George M. Mavris
1 Point Saint George Place
Crescent City, CA 95531
Attorney for Petitioner, Arcadio Acuna:

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 16, 2006, at Sacramento, California.

| L. Sandoval | |
| --- | --- |
| Declarant | Signature |

30130963.wpd