# EXHIBIT 10

Case 3:07-cv-05423-VRW    Document 16-13    Filed 06/23/2008    Page 1 of 19

GEORGE M. MAVRIS (SB# 179471)
Attorney at Law
1 Point Saint George Place
Crescent City, CA 95531

Attorney for Mr. Acuna

FILED
DEL NORTE
SUPERIOR COURT

2006 SEP 15 AM 11: 50

CLERK OF THE COURT

BY_____P.J. Smith
DEPUTY

DOCKETED
Hooley
SEP 18 2006
By L. EDWARDS
SA2005 30464

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF DEL NORTE

IN RE:                                    ) Case No.: HCPB 05-5242
                                          )
                                          )
ARCADIO ACUNA, C-43165                    ) SUPPLEMENTAL BRIEF REGARDING
                                          ) "REVALIDATION"
         Petitioner,                      )
                                          )
On Habeas Corpus.                         )

The issue presented is whether or not more than one source item is required to "revalidate" an inmate as a gang member or associate. Respondent's position is that only one source item is required to revalidate an inmate. However, this is completely at odds with the plain language of the Title 15.

In considering these arguments, the Court is asked to distinguish "being removed from the general population" from "revalidation." Indeed, there are significantly different levels of due process which are required depending on what action is taken as will be shown below.

1.  **Gang Validation**

It is undisputed that "at least three (3) independent source items of documentation indicative of" actual membership or association in a prison gang. <u>California Code of Regulations</u>, Title 15, Section 3378(c)(3)&(c)(4).

The issue becomes: when an inmate has been determined to be inactive, what is required to revalidate him? According to the clear language of 3378(g):

> "The procedures relating to the initial validation or rejection of gang members or associates as described in **this section shall be followed when reviewing the present status of an inactive gang member or associate**. Verification of an inmate's active status shall be approved or

1

rejected by the chief, OCS, or a designee. This determination shall be forwarded for placement in the inmate's central file." (emphasis added).

This language "this section" obviously refers to 3378. Section 3378, as noted above, requires that three source items be used to validate an inmate as a member or an associate. There is no support for the proposition that one can "revalidate" an inmate based on one source item. The Court is well aware of the level of due process required for the "validation" process so it will not be repeated here.

2. **Removal from General Population**

The level of due process required to remove an inmate from the General Population is not nearly as strict as that of "validating" an inmate. That is, any inmate considered a threat to the safety or security of the institution may be immediately removed from the general population yard and placed into segregated housing. CCR, Tit. 15, 3341.5. Neither the Law Enforcement Investigation Unit (LEIU) nor the Directors Review Board ("DRB") is implicated in such removal. According to 3341.5 of the Title 15, "Placement into and release from these units requires approval by a classification staff representative." ("CSR") Id.

An inmate who is involved in gang activity is obviously a threat to the safety and security of the institution and can be immediately removed from the yard upon approval by a CSR. However, it is established by the language of 3378 that not all gang activity results in validation. Indeed, any non-validated inmate can commit two clearly egregious acts of gang activity and never qualify for gang validation if no other gang activity is recorded. This is because three independent source items are required for validation.

Thus the Title 15 clearly distinguishes between removal from the yard and actual validation. The same standard applies to any inmate on the GP in terms of being removed. If one is engaged in criminal activity, they are subject to immediate removal from the yard without so much as a single requirement that the inmate be validated or non-validated.

## CONCLUSION

Petitioner does not deny that an inmate may be removed from the general population based upon only one source item. However, Petitioner does not concede that this is the same as

2

being "revalidated" as a prison gang associate or member without complying with the requirements of Section 3378(g).[1]

Respectfully Submitted:

Date: September 14, 2006

GEORGE M. MAVRIS
Attorney for Mr. Acuna

---

[1] Petitioner also bases his opposition on his own submission for the Court which is being filed concurrently with this Supplemental Brief.

# PROOF OF SERVICE

Case Name:      In Re Arcadio Acuna, on Habeas Corpus
Court:          Del Norte County Superior Court
Case No.:       HCPB 05-5242

    I am a citizen of the United States, over the age of 18 years, and not a party to the above-entitled action. My business address is 1 Point Saint George Place, Crescent City, California 95531.

    On September 15, 2006, I caused to be served

**SUPPLEMENTAL BRIEF REGARDING "REVALIDATION"**

on the interested party(ies) listed below, addressed as follows:

    Pamela B. Hooley
    Deputy Attorney General
    P. O. Box 944255
    Sacramento, CA 94244-2550

✓ **By Regular Mail.** By depositing a true copy thereof to the party(ies) set forth above, in a sealed envelope for collection and mailing on the date set forth above. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

____ **By Personal Service.** By personally delivering a true copy thereof to the party(ies) at the address(es) set forth above.

____ **By Facsimile.** By faxing a true copy thereof to the party(ies) at the facsimile number(s) set forth above.

____ **By Court Mailbox.** By placing a true copy thereof in the appropriate file folder located in the Court House.

    I declare under penalty of perjury under the laws of the State of the California that the foregoing is true and correct.

    Executed September 15, 2006, at Crescent City, California, by:

                                                   Donna Lema, Declarant

# EXHIBIT 11

1  BILL LOCKYER
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  PAMELA B. HOOLEY, State Bar No. 161616
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 323-1951
8   Fax: (916) 324-5205

9  Attorneys for Respondent
   SA2005301964

10



E. ESPARZA



## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF DEL NORTE

| In re | NO. HCPB05-5242 |
|---|---|
| **ARCADIO ACUNA (C-43165),** | **SUPPLEMENTAL BRIEFING FOR HEARING** |
| Petitioner, | Date: September 22, 2006 |
| **On Habeas Corpus.** | Time: 8:30 a.m. |
| | Judge: The Hon. William H. Follett |

### INTRODUCTION

Inmate Arcadio Acuna had been validated as an associate of the Mexican Mafia prison gang, was later classified as inactive, and was later validated as an active Mexican Mafia member. Acuna filed a petition for writ of habeas corpus challenging this last decision and alleging that his due process rights had been violated.

In his response to the Court's Order to Show Cause, respondent stated that Acuna's gang status was being reviewed and that Acuna had been provided the requisite due process, both in the initial validation and upon review. Respondent argued that the petition should be denied in light of the pending review.

In his traverse, Acuna argued, among other points, that three source items, rather than only one, are required to return a gang member or associate to active status. The Court then set this matter for a status conference to review the recent review of Acuna's validation. The Court also invited further briefing concerning the proper procedure, namely, whether one item is sufficient to re-validate a prisoner's active gang status.

The review of Acuna's gang status has now been completed, and he has been validated as an active associate of the Mexican Mafia based on multiple documents. Accordingly, Acuna's petition is moot, and this matter should be dismissed. Finally although the question is not relevant to the resolution of this matter, only one item is necessary to demonstrate that a previously inactive gang member or associate has resumed gang activity.

## I.

## ARGUMENT

**ACUNA'S PETITION IS MOOT BECAUSE HE HAS BEEN PROVIDED WITH THE REQUISITE DUE PROCESS, DURING WHICH HE WAS FOUND TO BE AN ACTIVE ASSOCIATE OF THE MEXICAN MAFIA PRISON GANG.**

After this petition, prison officials began reviewing Acuna's gang affiliation to ensure that Acuna received the appropriate due process and to review his gang status. (See Return, ¶ 18; *id.*, Ex. E, Hawkes Declaration, ¶¶ 20-22 and exhibits.)

The Department of Corrections and Rehabilitation (CDCR) recently amended its regulations relating to gang validation to require the inmate to be given notice and an opportunity to be heard concerning the source items being considered in connection with his potential validation as a gang member or associate. (See Cal. Code Regs., tit. 15, § 3378, subd. (c)(6).) As part of this process, the inmate must be given written notice at least 24 hours before the interview, and he must be given copies of the non-confidential items and CDC 1030 forms for each confidential document. (*Id.* at § 3378, subd. (c)(6)(A)-(C).) In addition, the interview must be documented and must include a record of the inmate's opinion concerning each source item. (*Id.* at § 3378, subd. (c)(6)(D).) The validation package is then submitted to the Law Enforcement Investigation Unit (LEIU), now known as the Office of Correctional Safety (OCS) to either approve or reject the validation. (*Id.* at § 3378, subd. (c)(6)(E).) The validation and/or rejection of the submitted

2

Supplemental Briefing for Hearing

1  evidence is then documented on a CDC 128B2. (*Id.* at § 3378, subd. (c)(6)(G).)

2  Acuna was afforded all of these due process protections during the recent review of his gang status. (See Return, Ex. E, Hawkes Declaration, ¶¶ 20-22 and its exhibits.) On July 26, 2006, the LEIU/OCS determined that Acuna should be validated as an active associate of the Mexican Mafia prison gang after concluding that nineteen of the items submitted for consideration meet the CDCR's gang validation requirements. (Ex. M, CDC 128B2.[1/])

## II.

## THE PETITION IS MOOT AND SHOULD BE DENIED.

Acuna has now received the requisite due process; thus, his petition should be denied as moot. A matter is moot where there is no justiciable issue before the court. (*Hagen v. Fairchild* (1956) 238 Cal.App.2d 197, 202.) Pertinent changes in a petitioner's status or circumstances warrant dismissal for mootness. (*Frias v. Superior Court* (1975) 51 Cal.App.3d 919, 923.) As a general principle of law, the court is under a duty to decide only "actual controversies" by a judgment that can be carried into effect. (*Nat'l. Assn. of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, 746.) "Although a case may originally present an existing issue . . . if, before the decision is reached, it has, through acts of the parties or other cause, lost the existent character, it is rendered moot and may not be considered." (*Ibid.*)

Such matters are considered moot because even if the petition were granted, "it would result in nothing for petitioner [and] hence resolution of the question originally presented [would be] academic and of no practical effect." (*Frias, supra,* 51 Cal.App.3d at p. 923.) A petition for writ of habeas corpus should be denied as moot where, as here, circumstances have changed so that the basis for granting relief no longer exists. (See Cal. Rules of Court, rule 4.552(b)(2)(B); *In re Hutchinson* (1972) 23 Cal.App.3d 337, 338-339 [court discharged show cause order because inmate's transfer mooted issue]; *In re Ponce* (1966) 65 Cal.2d 341, 343.)

///

---

1. The exhibits to the respondent's return were labeled A through L.

3

Supplemental Briefing for Hearing

### III.

### UNDER CDCR'S REGULATIONS, AN INACTIVE GANG MEMBER OR ASSOCIATE MAY BE RECLASSIFIED AS AN ACTIVE GANG AFFILIATE BASED ON A SINGLE SOURCE.

Here, CDCR relied on not one, not three, but nineteen different items, to demonstrate that Ruan is an active associate of the Mexican Mafia. (Ex. M.) Thus, Acuna's contention that one item alone is insufficient to find that an inactive gang member or associate as resumed active affiliation with a prison gang is irrelevant to the resolution of this petition. In any event, under the regulations, only one item is necessary to reclassify as active a previously validated, but currently inactive gang member or associate as active. (Cal. Code Regs., tit. 15, § 3378, subd. (f)-(g); see also Ex. N, Rosenkrans Declaration.)

### CONCLUSION

Because Acuna has been afforded the requisite due process and because he has been properly classified as an active Mexican Mafia associate, his petition should be denied.

Dated: September 15, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

MARY JO GRAVES
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

PAMELA B. HOOLEY
Deputy Attorney General

Attorneys for Respondent

30165097.wpd

4

Supplemental Briefing for Hearing

# EXHIBIT M

STATE OF CALIFORNIA, DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

CDC NUMBER: C43165

INMATE'S NAME: Arcadio ACUNA

On October 5, 1995, a CDC 128B2 regarding subject was issued identifying subject as an Active EME associate based upon a gang validation package submitted by Institution Gang Investigator Bell at FOL. A subsequent CDC 128B2 dated February 7, 2000, was issued identifying subject as Inactive. On January 12, 2004, an Active/Inactive Review was completed by Institutional Gang Investigator Garcilazo at LAC, which resulted in a CDC 128B2 dated January 20, 2004, identifying subject as an active EME member. In an agreement with the Del Norte County Superior Court, the validation of subject and his current status were to be reviewed. The following documents were submitted to UPDATE and CHANGE subject's validation status:

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (27)**

Item (1) Confidential Memorandum dated 10/3/05 (Communications)
Item (2) Confidential Memorandum dated 10/12/04 (Communications)
Item (3) Confidential CDC 128B dated 8/10/04 (Association)
Item (4) CDC 115 dated 7/30/90 (Offenses) supported by
   Confidential Memorandum dated 3/29/04 (Debrief),
   Confidential Memorandum dated 2/10/95 (Debrief), and
   Confidential Memorandum dated 2/1/93 (Debrief)
Item (5) Confidential Memorandum dated 12/12/03 (Communications) (Accepted 1/20/04)
Item (6) Confidential Memorandum dated 11/18/03 (Debrief)
Item (7) Confidential Memorandum dated 9/23/03 (Informant) (Accepted 1/20/04)
Item (8) Confidential Memorandum dated 8/8/02 (Informant)
Item (9) Confidential Memorandum dated 3/5/02 (Debrief)
Item (10) Confidential CDC 128B dated 9/21/00 (Communications) (Accepted 1/20/04)
Item (11) Confidential Memorandum dated 1/31/94 (Communications)
Item (12) Confidential Memorandum dated 5/13/93 (Informant)
Item (13) Confidential Memorandum dated 10/29/92 (Communications)
Item (14) Confidential Memorandum dated 8/31/90 (Debrief) (Accepted 10/5/95)
Item (15) Confidential Memorandum dated 9/20/89 (Debrief) (Accepted 10/5/95)
Item (16) Confidential Memorandum dated 10/11/88 (Informant) (Accepted 10/5/95)

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (19)**

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

Item (1) Confidential Memorandum dated 6/17/03 (Debrief) (No EME activity noted)
Item (2) Confidential Memorandum dated 12/12/01 (Informant) (No EME activity noted)
Item (3) Confidential Memorandum dated 1/5/00 (Debrief) (No EME activity noted)
Item (4) Confidential Memorandum dated 3/14/97 (Debrief) (No EME activity noted)
Item (5) Confidential Memorandum dated 11/7/96 (Debrief) (No EME activity noted)
Item (6) CDC 128B dated 5/3/96 (Offenses) (No EME activity noted)
Item (7) Confidential Memorandum dated 5/2/91 (Debrief) (No EME activity noted)
Item (8) Confidential Memorandum dated 4/9/90 (Informant) (No EME activity noted)

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (8)**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio ACUNA is:

☒ VALIDATED  ☐ REJECTED

as an "Active" associate of the Mexican Mafia prison gang.

**ACTIVE/INACTIVE REVIEW**

**OCT - 3 2011**

**ELIGIBILITY DATE**

CDC 128B2
Arcadio ACUNA, C43165
Page 2

| _signature_ | _signature_ | _signature_ |
|---|---|---|
| SIGNATURE CHAIRPERSON | SIGNATURE MEMBER | SIGNATURE MEMBER |
| M. Ruff | Everett W. Fischer | G. Williams |
| Printed name | Printed name | Printed name |

DATE: 7/26/06

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

# EXHIBIT N

BILL LOCKYER
Attorney General of the State of California
MARY JO GRAVES
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
PAMELA B. HOOLEY, State Bar No. 161616
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-1951
  Fax: (916) 324-5205

Attorneys for Respondent
SA2005301964

SUPERIOR COURT OF CALIFORNIA

COUNTY OF DEL NORTE

| | |
|---|---|
| In re<br><br>**ARCADIO ACUNA (C-43165),**<br><br>                       Petitioner,<br><br>**On Habeas Corpus.** | NO. HCPB05-5242<br><br>**DECLARATION OF TERRY ROSENKRANS IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL BRIEFING FOR HEARING**<br><br>Date: September 22, 2006<br>Time: 8:30 a.m.<br>Judge: The Hon. William H. Follett |

I, TERRY ROSENKRANS, declare:

1. I am employed as a Special Agent in the Special Service Unit of the California Department of Corrections and Rehabilitation (CDCR), and I have personal knowledge of the matters set forth in this declaration and could testify to them if called as a witness.

2. I have been employed by CDCR for approximately eighteen years, and I have extensive experience working with prison gangs during that time, including eight years as a Correctional Officer, three years as a Correctional Sergeant, and seven years as a Correctional Lieutenant.

1

Declaration of Terry Rosenkrans in Support of Respondent's Supplemental Briefing for Hearing

During this time, I was assigned as an Institution Gang Investigator for approximately three years at the California Men's Colony and, for approximately three years, I was assigned as a Correctional Lieutenant in the Office of Correctional Safety (OCS), Gang Intelligence Operations Unit. Further, I served as a departmental consultant regarding to the inmate validation process in the case of *Steven Castillo v. Edward Alameida*, U.S.D.C. Northern District of Calif., S.F. Div, Case No. C 94-2847 MJJ JCS. A settlement agreement was reached in that case concerning CDCR's gang validation procedures. As a result of the settlement, I provide gang validation training to all CDCR gang investigators. Accordingly, I am very familiar with CDCR's policies and procedures for identifying and validating prison gang members and associates, including Mexican Mafia gang members and associates.

3. California Code of Regulations (CCR), title 15, section 3378(f) specifically addresses inmates who have been classified as inactive or validated as dropouts of a prison gang and who have been released from a Security Housing Unit (SHU). Section 3378(f) states that these inmates "may be removed from the general population or any other placement based upon one reliable source item identifying the inmate as an active gang member or associate of the prison gang with which the inmate was previously validated." Thus, upon discovery of one reliable source item for validation, as identified in CCR section 3378(c)(8)(A) through (M), the inmate may be removed from the general population and reclassified as an active member or associate of the gang. It is irrelevant how long the inmate remained inactive because prison gang members become members for life and live by a "blood in, blood out" creed. To become a gang member, an inmate must commit a serious assault and shed the blood of another. To get out of the gang, an inmate's own blood must be shed; that is, he must die. In addition, although a gang member may be currently inactive, he may be called on to commit crimes on behalf of the gang at any time. Associates of the gang live by this same creed and must remain loyal to the gang for life. If a gang member or associate turns on the gang, he himself will be targeted for assault. Accordingly, it is necessary to remove inactive prison gang members and associates from the general population at the first sign that they have again become actively involved with the gang, without regard for the amount of time that they have been inactive.

2

Declaration of Terry Rosenkrans in Support of Respondent's Supplemental Briefing for Hearing

4. CCR section 3378 states that the inmate may be removed from the general population and does not specifically state that the inmate will be returned to the SHU. The removal from the general population of an inmate suspected of re-involvement with the gang is based solely upon the threat the inmate poses if retained in a general population setting. The CDCR has deemed prison gang members and associates to be a severe threat to the safety of others and the security of the institution. Placement in the SHU is a classification action and can only be ordered by the Departmental Review Board (DRB). Then, only after a thorough investigation has been completed and all due process and validation requirements have been met will an inmate be re-housed in the SHU.

5. Under CCR section 3378 (g), when reviewing the present status of an inactive gang member or associate, gang investigators afford the inmate all disclosure and due process rights as when he was initially validated. Unlike the initial validation of an inmate as a gang associate or member, re-validating an inactive or dropout inmate as an active member or associate, three reliable independent source documents are not required. Instead, as stated in CCR section 3378 (f), only one reliable source document is needed to re-establish activity and reclassify the inmate as an active member or associate of the gang.

6. Further, an inactive member or associate of the prison gang is still considered a validated member or associate of the gang. The inmate is, however, reclassified as inactive after a minimum of six years has passed without any documented activity. All evidence used in the initial validation continues to be used as reliable evidence and is updated by any new source items. Although only one reliable source is needed, all procedural protocols that apply to an initial validation are followed when re-validating an inmate as an active member or associate. For example, reliability must be established, evidence must be disclosed, the inmate must be allowed at least twenty-four hours to prepare for an interview, and the inmate must be given an opportunity to be heard regarding the evidence used in the validation. The completed validation

///

///

///

3

Declaration of Terry Rosenkrans in Support of Respondent's Supplemental Briefing for Hearing

1  package, including all evidence and the documented opinion of the inmate, is submitted to the
2  OCS for review. The validation will be either accepted or rejected, and the inmate will be
3  notified of the outcome. The inmate has a right to appeal this decision.
4      I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th
5  day of September, 2006, at Fresno, California.

*/s/ Terry L. Rosenkrans*
TERRY ROSENKRANS

30165471.wpd

4

Declaration of Terry Rosenkrans in Support of Respondent's Supplemental Briefing for Hearing

TOTAL P.05

## DECLARATION OF SERVICE BY FACSIMILE AND MAIL

Case Name:   In re ARCADIO ACUNA, on Habeas Corpus.

No.:   Del Norte County Superior Court, No. HCPB05-5242

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business. My facsimile machine telephone number is (916) 324-5205.

On September 15, 2006 at 1:54 PM., I served the attached **SUPPLEMENTAL BRIEFING FOR HEARING** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2008. The facsimile machine I used complied with Rule 2003, and no error was reported by the machine. Pursuant to rule 2008(e)(4), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration. In addition, I placed a true copy thereof enclosed in a sealed envelope with postage thereof fully prepaid, in the internal mail system of the Office of the Attorney General, addressed as follows:

**George M. Mavris, Esq.**
**Law Offices of George M. Mavris**
**1 Point Saint George Place**
**Crescent City, CA 95531**

(707) 464-3364

Attorney for Petitioner, Arcadio Acuna

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 15, 2006, at Sacramento, California.

|  M. Latimer  | *signature* |
|---|---|
| Declarant | Signature |

30165654.wpd