# EXHIBIT 15
# part 1 of 2

MC-275

Name _Arcadio Acuna_

Address _Pelican Bay State Prison_

_P.O. Box 7500 | FD6-113_

_Crescent City, California 95532_

CDC or ID Number _C-43165_

**FILED**

DEC 13 2006

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

_Superior Court of California_
_County of Del Norte_
(Court)

| | |
|---|---|
| _Arcadio Acuna_<br>Petitioner<br><br>vs.<br><br>_Robert A. Horel, Warden_<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. _HCPB-06-5235_<br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

- ☐ A conviction
- ☐ A sentence
- ☐ Jail or prison conditions
- ☐ Other *(specify):* _____
- ☐ Parole
- ☐ Credits
- ☒ Prison discipline

1. Your name: Arcadio Acuna

2. Where are you incarcerated? Pelican Bay State Prison - Crescent City, CA

3. Why are you in custody? ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Kidnap/robbery (3-counts); prior prison term enhancement

b. Penal or other code sections: P.C. §§ 209 (b) / 12022.5

c. Name and location of sentencing or committing court: Superior Court of California - County of Santa Clara

d. Case number: SCL 103259

e. Date convicted or committed: Mar. 9, 1987

f. Date sentenced: Mar. 9, 1987

g. Length of sentence: Life + Life + Life + 8 yrs.

h. When do you expect to be released? 2012

i. Were you represented by counsel in the trial court? ☒ Yes.    ☐ No. If yes, state the attorney's name and address:

Unknown

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Revalidation of Petitioner As An Active Associate of A
Prison Gang Did Not Comport To Castillo Settlement Agreement
And California Code of Regulations

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(See attached Memorandum of Points and Authorities)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

(See attached Memorandum of Points and Authorities)

7. Ground 2 or Ground _____ (if applicable):

N/A

a. Supporting facts:

N/A

b. Supporting cases, rules, or other authority:

N/A

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

Court of Appeal

b. Result  Denied                          c. Date of decision: unknown

d. Case number or citation of opinion, if known:  unknown

e. Issues raised: (1)  N/A

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

unknown

9. Did you seek review in the California Supreme Court?  ☒ Yes  ☐ No.  If yes, give the following information:

a. Result  Denied                          b. Date of decision: _____

c. Case number or citation of opinion, if known:  unknown

d. Issues raised: (1)  N/A

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

N/A

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

Exhausted Administrative Remedy vie CDC-602 Inmate Appeal log# D06-01842. Director's level Review completed 12/01/06 [see attached Exhibit-B)

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of California - County of Del Norte

   (2) Nature of proceeding (for example, "habeas corpus petition"): habeas corpus petition

   (3) Issues raised: (a) Denied Due Process in Validation as Member of Prison Gang

   (b) Insufficient Evidence to Support Decision Labeling Petitioner Gang Member

   (4) Result (Attach order or explain why unavailable): Denied (see Exhibit-A)

   (5) Date of decision: 10/06/06   Case No. HC-PB-05-5242

   b. (1) Name of court: N/A

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
   Status Review Denied relief (see Exhibit-A)

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   None

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12/10/06                                    ▶ _____
                                                         (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]          PETITION FOR WRIT OF HABEAS CORPUS                Page six of six

Arcadio Acuna #C-43165
PBSP-SHU/FD6-113
P.O. Box 7500
Crescent City, CA 95532


In Pro Per


Superior Court of California
County of Del Norte

|  |  |
|---|---|
| Arcadio Acuna, | Case No._____ |
| Petitioner, |  |
| vs. | Memorandum of Points and |
| Robert A. Horel, Warden, | Authorities in Support of |
| Respondent. | Petition for Writ of |
|  | Habeas Corpus |


## Introduction

Petitioner, Arcadio Acuna, is a state prisoner currently housed in the Security Housing Unit (SHU) of Pelican Bay State Prison (PBSP), in Crescent City, Calif. On Oct. 06, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of Del Norte County challenging the validation process that labeled him a member of a prison gang, his placement in the SHU and the institutional committee actions retaining him on an indeterminate term of segregation based on his being erroneously labeled a member of a prison gang.

(1)

After the Court in an order to show cause indicated due process in the initial validation had in fact been denied and the evidence relied on did not support the finding he is or was a member of a prison gang, a new validation process was conducted by prison officials. On July 26, 2006, a decision was made labeling Petitioner as an "active" associate of a prison gang holding that he would not be eligible for consideration for in-active status or release back to the general population until Oct. 03, 2011.

On Oct. 06, 2006, the Superior Court dismissed the Petition for writ of Habeas Corpus without explanation or citation to legal authority and discharged its previously Issued Order to Show Cause. (see Exhibit-A)

By this action Petitioner asserts that the revalidation entered on July 26, 2006, that labeled him an active associate of a prison gang did not comport to the criteria set forth in Castillo v. Alameida, No. C-94-2847-MJJ-JCS and provisions contained in Calif. Code of Regulations, Title 5, Div. 2, and submits that because the evidence relied on does not support the finding he was involved in gang activity after he was granted in-active status in May 2002 the current revalidation should be overturned and the Department be compelled to release Petitioner to the general population forthwith.

## Statement of Facts

As a preliminary matter Petitioner submits that after vigorously arguing for over 2 1/2 years through the institutional inmate appeal process that he had been denied due process in the initial action that labeled him a member of a prison gang and exhausting

(2)

administrative remedy through the Director's Level of Review a revalidation was conducted by prison officials after the Superior Court in the previous habeas proceedings Issued an Order to Show Cause setting forth that Petitioner had in fact been denied due process and the evidence relied on did not show Petitioner to be a member of a prison gang. (see In re Acuna, No. HC-PB 05-5242, Order to Show Cause dated Feb. 14, 2006)

Moreover, a review of the record here shows that Petitioner is a 55-yr. old prisoner serving a triple-life sentence, plus 8-yrs., and has been continuously confined in various Calif. prisons since 1985. Petitioner previously served 10-yrs. on an indeterminate term of segregation from 1990 to 2000 in PBSP-SHU after he was labeled an associate of a prison gang.

The record also shows that Petitioner was granted "in-active" status on Feb. 07, 2000, and was transferred to Calif. Correctional Institution (CCI), on July 20, 2000. Petitioner remained in the general population of CCI for 2-yrs., earning average or above-average work performance reports in all of his assigned positions, completed a 12-week Anger Management/Substance Abuse Self-Help Program, and received only one CDC-115 Rules Violation Report during this entire period for possession of inmate manufactured alcohol.

On May 20, 2002, Petitioner was transferred to Calif. State Prison-Los Angeles County (CSP-LAC), in Lancaster, Calif., after he requested and was granted a hardship transfer because of medical issues concerning his only surviving sibling, and a desire to be housed closer to his daughter and grandchildren who reside in Palmdale, Calif. During the almost 2-yrs. Petitioner was housed at CSP-LAC he

earned numerous Certificates of Completion in various vocational assignments, was awarded laudatory job performance reports and received No CDC-115 Rules Violations Reports.

Nevertheless, in Dec. 2004, Petitioner was approached by Institutional Gang Investigator (IGI) Lt. Garcilazo at CSP-LAC and told that unless he agreed to become an informant he was going to find a way to send Petitioner back to the SHU. (see Exhibit-E, Declaration) Petitioner refused to succumb to Lt. Garcilazo's threats and soon thereafter he was advised that a validation package was being submitted to the Law Enforcement and Investigation Unit (LEIU) in Sacramento, Calif., alleging Petitioner to be an active member" of a prison gang.

Petitioner remained in the general population of CSP-LAC until Mar. 01, 2004, when he was transferred to Calipatria State Prison (CSP) because CSP-LAC was being closed to general population prisoners. Three days after his arrival at CSP Petitioner was placed in Ad. Seg. after notice was received from the LEIU that he had been Validated as an active member of a prison gang on Jan. 20, 2004.

Petitioner was subsequently transferred back to PBSP-SHU on Nov. 17, 2004, and after exhausting administrative remedy via a CDC-602 Inmate Appeal, on Oct. 05, 2005, filed a Petition for writ of Habeas Corpus in Del Norte County Superior Court asserting denial of due process and insufficiency of evidence. On Oct. 31, 2005, the Court requested an Informal Response from prison officials, and the deputy attorney general acting on behalf of the warden filed such a response on Dec. 29, 2005, claiming all due process requirements had been met. On Jan. 13, 2006, Petitioner made a Reply to the

(14)

Informal Response refuting each of Respondent's allegations.

On Feb. 14, 2006, the Court issued an Order to Show Cause stating the evidence relied on in the initial revalidation had not been properly disclosed and expressed grave concerns on the source items after it conducted an in-camera review of the documents at issue. The Court also appointed counsel to represent Petitioner in the habeas proceedings.

On June 05, 2006, a new revalidation package was prepared by PBSP IGI D. Hawke and submitted to the LEIU which made reference to #7-seperate source items dating from Oct. 11, 1988, to Oct. 03, 2005. Petitioner challenged each of the items asserting that they did not comport to the "Castillo" criteria and Cali.C. Code of Regulations, but on July 26, 2006, Petitioner was validated as an active associate of a prison gang based on 16 of the source items submitted. (see Exhibit-B, CDC-602 Inmate Appeal log# D06-01842)

In this appeal Petitioner challenged the revalidation process and set forth how each of the source items did not qualify as reliable evidence of gang activity according to express provisions contained in the Code of Regulations. The appeal was denied through the Director's Level of Review and at each level prison officials failed to explain how each item established verifiable acts of misconduct committed by Petitioner shown to aid and abet, promote or further the interests of a prison gang. (see Exhibit-B)

On June 16, 2006, Respondent filed a Return to the Court's Order to Show Cause arguing that Petitioner's initial revalidation of Jan. 2004 had been properly obtained, and noted that a new revalidation package had been submitted to the LEIU and a decision was still pending

(5)

as to Petitioner's current gang status. Petitioner filed a Denial to Respondent's Return on July 17, 2006, denying each allegation asserted in the Return and set forth how the revalidation process was complete at odds with the "Castillo" Settlement Agreement and Cal.C. Code of Regulations as the only question that should have been addressed was whether there was evidence establishing a direct link to verifiable gang activity after Petitioner was granted in-active status in May 2000 during that time period when he was housed in the general population. Petitioner asserted that all the source items did not qualify as reliable evidence of gang activity under provisions contained in the Cal.C. Code of Regulations.

On July 26, 2006, the Court issued an Order Setting Status Review wherein it stated the Court had previously held the mistaken impression at the time the Order to Show Cause was issued that the challenged revalidation was an initial validation, and requesting briefing on the standard of review applicable to a revalidation after a prisoner has been granted in-active status.

On Sept 15, 2006, Respondent filed a Supplemental Brief arguing that only one source item was necessary to have revalidated Petitioner as an active associate of a prison gang and that the issue of the illegality of the Jan 2004 was moot since a new validation had been obtained on July 27, 2006. Petitioner filed papers in opposition to Respondent's allegations, and set forth that the process applicable to a revalidation as contained in Cal.C. Code of Regulations required 3-source items, and submitted that Respondent's argument was contrary to the provisions set forth in the Castillo Settlement Agreement.

The Court on Oct. 06, 2006, in a Minute Order denied the

Petition for writ of Habeas Corpus, and without explanation or citation to legal authority dismissed its previously issued Order to Show Cause. (see Exhibit-A)

I.

## Revalidation of Petitioner As An Active Associate of A Prison Gang Did Not Comport To Castillo Settlement Agreement And Calif. Code of Regulations

On Sept. 21, 2004, a settlement Agreement was entered into in the case Castillo v. Alameida, et. al., No. C-94-2847-MJJ-JCS (N.D. calif.), wherein the Calif. Department of Corrections and Rehabilitation agreed to propose and codify changes in policy and procedures concerning what is referred to as the gang validation process. (see Exhibit-C) By this binding agreement applicable to all Calif. state prisoners due process in gang validations and in-active status reviews was defined and it was established, among other things, that after a prisoner is granted in-active gang status and released to the general population in order to revalidate him as "active" the same process as is applicable to the initial validation must be applied. (see Exhibit-C, Agreement at pp. 4-7) This requires that at a minimum at least three independent source items be presented which document verifiable acts of gang misconduct. (see Calif. Code of Regulations, Title 15, sec. 3378(c)(4)).

In accordance with this Agreement prison officials on Mar. 10, 2005, issued a Memorandum to all staff concerning changes to policy in regards to gang management procedures. (see Exhibit-D) Also, on Oct. 07, 2005, a notice of change to Regulations was distributed announcing amendments to the Code of Regulations in reference to gang validations and in-active status reviews. In clear and unambiguous language sec. 3378(g)(2) stated: "The procedures

relating to the initial validations or rejections of gang members or associates as described in this section shall be followed when reviewing the present status of an active member or associate. (see Exhibit - E, Notice # 05/08)

A.

### Revalidation Did Not Comport to Castillo Settlement Agreement And Calif. Code of Regulations.

On July 27, 2006, Petitioner was revalidated as an active associate of a prison gang based on 16 of 27 source items contained in a validation package presented to the LEIU by PBSP-IGI D. Hawke on June 05, 2006, after the Court in the previous habeas proceedings issued an Order to Show Cause recognizing that serious questions existed concerning denial of due process and insufficiency of evidence in the Jan. 2004 validation of Petitioner as a member of a prison gang. The source items relied on in the revalidation ranged in date from Oct. 11, 1988, to Oct. 03, 2005.

On July 30, 2006, Petitioner filed an institutional appeal, CDC 602 log # D-06-01842, wherein he challenged the validation and addressed each of the source items relied on in the process. Petitioner put forth that items 1, 2, 3 and 6 were developed after Petitioner was erroneously validated as a member of a prison gang in Jan. 2004; items 5, 7, and 10 were relied on to validate Petitioner as a member on Jan 20 2004; items 14, 15 and 16 were relied on in the Nov. 1990 validation process that labeled Petitioner an associate of a prison gang; and, items 4, 8, 9, 11, 12 and 13 were available in Petitioner's prison file but did not qualify as reliable source items in the Jan. 2004 and Nov. 1990 validations. Petitioner further asserted that the source items did not qualify as evidence

of current gang activity under provisions of the Castillo Settlement Agreement and Calif. Code of Regulations as they did not document evidence of verifiable acts of gang misconduct as defined in CCR, Title 15, sec. 3378 (c)(8)(A-m), fell outside the 6-yr. period defined in sec. 3378 (c)(1), and in each instance prison officials failed to state an articulable basis for how or why each item qualified as evidence of current gang activity as required by sec. 3378(c)(8)(A-m). (see Exhibit-B, CDC-602 Inmate Appeal log# DO6-01842)

The appeal was denied through the Director's Level of Review and at each phase of review prison officials failed to explain how each source item qualified as evidence of current activity as defined by the Code of Regulations or by what legal authority, regulation or statute it was established only one source item was necessary to have revalidated Petitioner as an active associate of a prison gang and retain him in the SHU on an indeterminate term of segregation. (see Exhibit B)

Furthermore, while the revalidation of July 27, 2006, was not properly before the Court in the previous habeas proceedings the Court in its dismissal of that action did not clarify or explain why the requested relief was denied, did not set forth the legal standards applicable to a revalidation after the issue was fully briefed and did not rule whether 3-source items are required or if only one will suffice. (see Exhibit-A, Minute Order)

Petitioner asserts that the revalidation that took place on July 27, 2006, should have only focused on whether evidence existed showing Petitioner was actively engaged in verifiable acts of gang misconduct during that time period after he was granted in-active status and released to the general population in May

2000. It was wholly irrelevant to the process, and contrary to the Castillo criteria to have relied on documented information dating back almost 20 yrs. (see Exhibit-D, p.1, item "E")

Moreover, Petitioner submits that the significance of the 3-source item rule in revalidations arises from the higher level of due process that is mandated when imposing long-term periods of segregation to be served in PBSP-SHU. (see Castillo v. Alameida, supra.; Madrid v. Gomez (N.D.Cal. 1995) 889 F. Supp. 1146) The conditions of confinement and deprivations Petitioner has had to endure as described in Madrid cannot be understated and must be given due consideration when a decision is made as to whether the revalidation at issue here comported to the Castillo Settlement Agreement and Calif. Code of Regulations.

Finally, Petitioner asserts that under the facts of this case with a view to the entire record and especially the documented history of Petitioner's performance while he was housed in the general population between May 2000 to Mar. 2004, makes it clear that it would be a gross miscarriage of justice and contrary to the law to allow the current validation to remain in force and permit prison officials to continue enforcing an illegal policy, especially considering that the initial revalidation of Jan. 2004 was imposed in retaliation for Petitioner refusing to become an informant.

## Conclusion

Petitioner herein incorporates by reference all of the papers and pleadings filed in Superior Court Case In re Acuna No. HC. PB- 05-5242, and asserts that as based on all of the reasons set forth in the attached Petition for Writ of Habeas Corpus, this Memorandum of Points and Authorities, and all other papers

(10)

and pleading referenced herein, prison officials should be ordered to reimpose Petitioner's in-active status, release him to the general population forthwith, and the Court should Issue the writ and Grant any and all other relief as may be required by law.

I declare under penalty of perjury that all of the foregoing is true and correct and was executed on this 10th day of Dec., 2006, in Crescent City, Calif.

Respectfully Submitted,

Arcadio Acuna

Arcadio Acuna, Petitioner
In Pro Per

(11)

# EXHIBIT A

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF DEL NORTE

| | |
|---|---|
| **ARCADIO C-43165 ACUNA** <br> Plaintiff, <br> Counsel: Mavris (NP) <br> Mr. Alexander special appearance. <br> Vs. <br><br> **RICHARD WARDEN KIRKLAND** <br> Defendant <br> Counsel: **HOOLEY** — present telephonically | Judge: ☒ FOLLETT ☐ _____ <br><br> Clerk: ☐Enea ☐Obuchon ☐Reynolds ☐Robson ☒Rodriguez ☐ _____ <br><br> Bailiff: ☐Esparza ☒Dickson ☐Shine ☐ _____ <br><br> CSR: ☒Beard ☐Cobarruviaz ☐McClendon ☐ _____ <br><br> Cert. Interpreter: _____ <br> Non-certified Interpreter: _____ <br> Language: ☐Spanish ☐ |

| | |
|---|---|
| ☐Motion for <br> ☐Order to Show Cause Re: <br> ☐Demurrer <br> ☐Summary Judgment <br> ☐Other <br> ☒REVIEW | Date: **10/06/2006** <br><br> Case Number: **HC-PB-05-0005242** |

☐Plaintiff present ☐In Pro Per ☒Not present     ☐Defendant present ☐In Pro Per ☒Not present
☐Continuance requested by _____    ☐Granted     ☐Denied
☒No appearances in opposition.
☒Argued by counsel and submitted.
☐Submitted on the pleadings.
**OTHER:**

_____

_____

_____

**BY ORDER OF THE COURT:**
☐Motion Granted.       ☐Motion Denied.
☐Case stands submitted.
☐Briefing schedule:
☐Demurrer sustained ☐with leave to amend ☐without leave to amend
☐Amended Complaint to be on file by
☐Demurrer overruled with answer to be on file by
☐Motion for Summary Judgment ☐granted ☐denied
☐Continued to _____ at _____ ☐Dept. 1 ☐Dept. 2
**OTHER ORDERS:**

Case dismissed, petition dismissed/discharged, osc dismissed.

_____

_____

_____

_____

COPIES TO:
☒Counsel     ☐Petitioner    ☒ Hooley     ☐ _____
Mavris

Misc. Civil Minutes Rev. 8/2005

# EXHIBIT B

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    PBSP    Log No: D06-01842    Category 6/8
1.                                                                      Active/Inactive 128 B2
2.                                    2.                                 7/26/06

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Acuna Arcadio  NUMBER J-13165  ASSIGNMENT SHU    UNIT/ROOM NUMBER D6-113

A. Describe Problem: On 7/28/06, I was given a CDC-128-B2 gang validation chrono showing that I had been validated as an "associate" of a prison gang on 7/26/06 based on (16) different source items ranging in date from 10/7/05 to 10/11/03. To begin with it must be noted that I was validated as a "member" of a gang on 1/20/04 based on (3) of the source items relied on in the current validation, and pursuant to a court order in case #HCPB-03-7242 where it was found I was denied due process and the evidence did not show actual membership, a new

If you need more space, attach one additional sheet.                    (see attached)

B. Action Requested: I issue a decision that source items do not establish I am an active associate of a prison gang in accordance with "Castillo" criteria, grant inactive status and release to the G.P. forthwith.

Inmate/Parolee Signature: Arcadio Acuna    Date Submitted: 7/30/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

INMATE APPEALS BRANCH SEP 21 2006 RECEIVED

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

2ND LEVEL RULES
GI
AUG 0 2 2006

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date. _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other ___9/5/2006___

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ___8/2/06___    Due Date: ___9/14/06___

☐ See Attached Letter

Signature: _____    Date Completed: ___7/5 Pool e___ 9/12/06

Warden/Superintendent Signature: _____    Date Returned to Inmate: ___9/12/06___

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

CDC-602 (cont'd)

validation package was submitted to the LEIU on 1/5/04 by ICI D. Hawke. Also of relevance to this appeal. I am asserting the "Castillo" criteria is controlling, and under these standards the source items relied on do not establish I am an active associate. Each of the source items is address as follows;

Item #1 - memo dated 10/3/03 - Alleges a letter was written to the mother of my ex-cell mates by I/M Estrada, but does not identify gang activity on my and does not show I myself ever communicated with I/m Estrada. Also, s failed to articulate how this information qualified as evidence of active association in accordance with sec 3378(c)(8)(c).

Item #2 - memo dated 10/12/04 - Discloses a note confiscated from a prisoner at Cal patria mentions me by name but does not depict gang activity on my part. Sh failed to articulate how this information qualified as evidence of active associa in accordance with sec 3378(c)(8)(c).

Item #3 - 128 B dated 8/10/04 - States my name and number found in another pris er's phonebook, but shows no link to gang activity or that I ever communicate with this I/m. Staff failed to articulate how this information qualified as evi dence of active association in accordance with sec 3378(c)(8)(c).

Item #4 - CDC-115 dated 7/30/90 - [citing 128 B's dated 3/24/04, 2/10/95, 3/11/93] Refer ences a RVR where I was found guilty of an assault. Incident occurred more than 6-yrs ago and does not qualify as source item pursuant to 3378(c)(1).

Item #5 - memo dated 12/12/03 - This item was originally relied on to validate me a "member", but does not show gang activity on my part. It says a note we recovered from another prisoner who "speculates" I may have been made aware o prison politics by yet another prisoner. I was not, and staff failed to articulat how this information qualified as showing active association in accordance with sec 3378(c)(8)(c).

Item #6 - memo dated 11/18/03 - Self-serving debriefing statement alleging unverified a non-specific acts. Staff failed to articulate how this information qualified as showing active association pursuant to sec 3378(c)(8)(c).

Item #7 - memo dated 9/23/03 - This information was relied on in the 1/20/04 valida tion which held I was a "member" of a prison gang, makes numerous allegation of serious criminal conduct that was never verified in any way, shape or form, o reported in a RVR as required pursuant to sec 3312(3).

Item #8 - memo dated 8/6/02 - Alleges through hearsay that I was instructing prisone on how to communicate in code in a self-serving debriefing statement with no

over-

STATE OF CALIFORNIA,
CDC 128-B-2 (5/95)

DEPARTMENT OF CORRECTIONS

INMATE'S NAME: Arcadio ACUNA

CDC NUMBER: C43165

On October 5, 1995, a CDC 128B2 regarding subject was issued identifying subject as an Active EME associate based upon a gang validation package submitted by Institution Gang Investigator Bell at FOL. A subsequent CDC 128B2 dated February 7, 2000, was issued identifying subject as Inactive. On January 12, 2004, an Active/Inactive Review was completed by Institutional Gang Investigator Garcilazo at LAC, which resulted in a CDC 128B2 dated January 20, 2004, identifying subject as an active EME member. In an agreement with the Del Norte County Superior Court, the validation of subject and his current status were to be reviewed. The following documents were submitted to UPDATE and CHANGE subject's validation status:"

### TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (27)

Item (1) Confidential Memorandum dated 10/3/05 (Communications)
Item (2) Confidential Memorandum dated 10/12/04 (Communications)
Item (3) Confidential CDC 128B dated 8/10/04 (Association)
Item (4) CDC 115 dated 7/30/90 (Offenses) supported by
    Confidential Memorandum dated 3/29/04 (Debrief),
    Confidential Memorandum dated 2/10/95 (Debrief), and
    Confidential Memorandum dated 2/1/93 (Debrief)
Item (5) Confidential Memorandum dated 12/12/03 (Communications) (Accepted 1/20/04) X-1
Item (6) Confidential Memorandum dated 11/18/03 (Debrief)
Item (7) Confidential Memorandum dated 9/23/03 (Informant) (Accepted 1/20/04) X-1
Item (8) Confidential Memorandum dated 8/8/02 (Informant)
Item (9) Confidential Memorandum dated 3/5/02 (Debrief)
Item (10) Confidential CDC 128B dated 9/21/00 (Communications) (Accepted 1/20/04) X-1
Item (11) Confidential Memorandum dated 1/31/94 (Communications)
Item (12) Confidential Memorandum dated 5/13/93 (Informant)
Item (13) Confidential Memorandum dated 10/29/92 (Communications)
Item (14) Confidential Memorandum dated 8/31/90 (Debrief) (Accepted 10/5/95) XX
Item (15) Confidential Memorandum dated 9/20/89 (Debrief) (Accepted 10/5/95) XX
Item (16) Confidential Memorandum dated 10/11/88 (Informant) (Accepted 10/5/95) XX

### TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (19)

The following items **do not meet** the validation requirements and were/shall not be used as a basis for validation:

Item (1) Confidential Memorandum dated 6/17/03 (Debrief) (No EME activity noted)
Item (2) Confidential Memorandum dated 12/12/01 (Informant) (No EME activity noted)
Item (3) Confidential Memorandum dated 1/5/00 (Debrief) (No EME activity noted)
Item (4) Confidential Memorandum dated 3/14/97 (Debrief) (No EME activity noted)
Item (5) Confidential Memorandum dated 11/7/96 (Debrief) (No EME activity noted)
Item (6) CDC 128B dated 5/3/96 (Offenses) (No EME activity noted)
Item (7) Confidential Memorandum dated 5/2/91 (Debrief) (No EME activity noted)
Item (8) Confidential Memorandum dated 4/9/90 (Informant) (No EME activity noted)

### TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (8)

---

### ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, Arcadio ACUNA is:

☒ **VALIDATED**    ☐ **REJECTED**

as an "Active" associate of the Mexican Mafia prison gang.

**ACTIVE/INACTIVE REVIEW**

**OCT - 3 2011**

**ELIGIBILITY DATE**

INMATE COPY

CDC 128B2
Arcadio ACUNA. C43,165
Page 2

| | | |
|---|---|---|
| SIGNATURE<br>CHAIRPERSON | SIGNATURE<br>MEMBER | SIGNATURE<br>MEMBER |
| Printed name | Printed name | Printed name |
| M. Ruff | Everett W. Fischer | G. Williams |

DATE: 7/26/06

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

INMATE COPY

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE:    SEP 1 1 2008

Inmate: ACUNA, C-43165
Pelican Bay State Prison
Security Housing Unit
Facility D

RE:    WARDEN'S LEVEL DECISION              APPEAL:    DENIED
       APPEAL LOG NO. PBSP-D06-01842         ISSUE:     CASE INFO/RECORDS

This matter was reviewed by Robert A. Horel, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant D. Barneburg conducted the Appeal interview at the Second Level of Appeal Review on August 31, 2006.

All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review. Additionally, a thorough investigation has been conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSP's institutional procedures and the California Department of Corrections and Rehabilitation policies.

ISSUES

In Section A of the Appeal Form, inmate ACUNA states that he had been issued a new CDC 128B2 indicating that his validation had been changed and updated from Mexican Mafia (EME) member to EME associate. This update was completed per a court order issued by the Del Norte County Superior Court. ACUNA asserts that the sixteen (16) validation sources cited on his 128B2 did not meet the criteria set forth in the Castillo vs. Alameida settlement and did not articulate specific gang activity on ACUNA's part. ACUNA addressed the 16 items individually, stating that each did not meet the Castillo criteria.

Inmate ACUNA requested that a decision be made that he is not an active associate of the EME pursuant to the Castillo vs. Alameida settlement, and be released to the General Population.

The Informal Level, Formal Level, and First Level were bypassed in this Appeal.

On August 31, 2006, Sergeant Barneburg interviewed inmate ACUNA concerning the contents of this Appeal. During the course of this interview, ACUNA related essentially the same information that he provided in his written Appeal.

FINDINGS

I

Inmate ACUNA was originally validated as a member of the EME on October 5, 1995, based upon a gang validation package submitted by Institutional Gang Investigator Bell at Folsom State Prison. A subsequent 128B2 dated February 7, 2000, was issued identifying ACUNA as inactive. On

Second Level Reviewer's Response
Appeal Log No. PBSP-D06-01842
Inmate ACUNA, C-43165
Page 2

January 12, 2004, an Inactive Review was completed by Institutional Gang Investigator Garcilazo at California State Prison, Los Angeles County, which resulted in a CDC 128B2, Gang Violation Chrono dated January 20, 2004, identifying inmate ACUNA as an active EME member. In an agreement with the Del Norte County Superior Court, the validation of ACUNA and his status were reviewed. The 16 documents were submitted by Correctional Counselor II D. Hawkes to satisfy this agreement resulting in a CDC 128B2 dated July 26, 2006, validating inmate ACUNA as an active associate of the EME.

Sergeant Barneburg reviewed inmate ACUNA's Central File and determined that the Confidential Memorandums used in ACUNA'S validation meet the validation requirements established in the California Code of Regulations (CCR), Title 15, Section 3378 and the Castillo vs. Alameida settlement. The Law Enforcement and Investigations Unit (LEIU) accepted the documents as current gang activity, and as the validating authority, LEIU is considered to be expert in their review and determination of the documents. Inmate ACUNA received a CDC 1030, Confidential Information Disclosure Forms, regarding each item used in his validation. The CDC 1030 provides the inmate with notification of documents being used against him, without revealing enough information for the inmate to identify the confidential source. Inmate ACUNA takes issue in his Appeal with not being provided enough information from confidential documents; however, all information regarding these documents has already been disclosed in accordance with policy and procedure.

II

DETERMINATION OF ISSUE

The Second Level Reviewer reviewed the action requested in this Appeal. This Appeal is DENIED at the Second Level. A review of the documents used in inmate ACUNA'S Active/Inactive review revealed that they met the validation requirements established in CCR, Title 15, Section 3378 and the Castillo vs. Alameida settlement. Therefore, ACUNA'S request that the documents used to justify his active gang status be expunged from his Central File is DENIED.

MODIFICATION ORDER

No modification of this decision or action is required.

ROBERT A. HOREL
Warden

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 0 1 2006

In re: Acuna, C-43165
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0603584          Local Log No.: PBSP 06-01842

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

I    **APPELLANT'S ARGUMENT:** It is the appellant's position that he has been incorrectly validated by staff at Pelican Bay State Prison (PBSP) as an associate member of the Mexican Mafia (EME) disruptive group. The appellant states that the 16 items listed on his CDC Form 128-B2, Gang Validation/Rejection Review Chrono, as validation sources did not meet the criteria set forth in the Castillo vs. Alameida court settlement regarding gang validation. He also believes that the validation sources did not properly articulate specific gang activity on his part. The appellant requests on appeal that a decision be made that source items used to validate him as an active associate of a prison gang member not be used, and that he be granted inactive status and released to a general inmate population setting.

II    **SECOND LEVEL'S DECISION:** The reviewer found that in accordance with departmental regulations and the Castillo vs. Alameida court settlement, CDCR Institution Gang Investigator staff appropriately documented critical case information regarding the appellant's gang involvement. The appropriate documents were submitted to the Law Enforcement Investigation Unit (LEIU) for review regarding the appellant's validation. The LEIU accepted the documents as current gang activity and validated the appellant as an active associate of the EME. The reviewer notes that the appellant received a copy of each and every CDC Form 1030, Confidential Information Disclosure Forms, regarding his validation. The appeal was denied at the Second Level of Review (SLR).

III    **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A.    **FINDINGS:** A review of the SLR indicates that the appellant's appeal complaint has been thoroughly addressed. The institution has appropriately followed the rules and regulations set forth by the CDCR to validate members of disruptive groups. Information contained within the appellant's central file was thoroughly reviewed by institution and Department staff familiar with the activities of gangs. It was properly determined that sufficient documentation exists to support validation from the LEIU. The information used to identify the appellant has been properly documented and enclosed in his central file.

The appellant's association with a prison gang has been properly documented and subsequent classification and housing based upon gang membership will be appropriate. The appellant has failed to provide a compelling argument to warrant a modification of the decision reached by the institution. Therefore, no relief will be afforded the appellant at the Director's Level of Review.

B.    **BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3023, 3321, 3378, 3378.2, 3402
CDC Operations Manual Section: 13030.10

C.    **ORDER:** No changes or modifications are required by the institution.

ACUNA, C-43165
CASE NO. 0603584
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

R. Manu

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165        INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

         a) CDC-115, Disciplinary Report dated _____ submitted by

     _____
                                      STAFF NAME, TITLE

         b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a) ☐ This source has previously provided confidential information which has proven to be true.

     b) ☐ This source participated in and successfully completed a Polygraph examination.

     c) ☐ More than one source independently provided the same information.

     d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e) ☐ Part of the information provided by the source(s) has already proven to be true.

     f) ☒ Other (Explain) _____

         Letter from EME member "Tudy" Arthur Estrada V26050 _____

3) Disclosure of information received.


In a letter from EME member "Tudy" Arthur Estrada V26050 of Cucamonga to "Spooky" Velia Mendoza W15593 (discharged) [at 21957 Woodward Street, Perris, CA, 92507], Acuna is referenced as "the hometown Arcadio." Estrada wrote that Acuna may have misled another individual a little. This does not appear to be a concern to Estrada, for he said after this "So really I'm not tripping." Staff information identified the misled individual as "Dean" Salvador Mendoza J84814 of Casa Blanca. Acuna was identified as training EME associates how to avoid becoming validated

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

folder). _____

     Confidential Memorandum dated October 3, 2005 in confidential section of C-File _____

*D.T. Hawkes* (signature)

D. T. Hawkes, Correctional Counselor II                  June 2, 2006
            STAFF SIGNATURE, TITLE                             DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165

INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (Explain) _____
    Notes confiscated from Brent Ebert H78330 of Shermans at Calipatria State Prison.

3) Disclosure of information received.

In one note, the author (identified as EME associate "Danny Boy" Daniel Sandigo K07935 of Upland) directs the recipient, "Anyway get at Cadio and let him know what's up with this vato and also tell Cadio to make sure that Spanky and Straño have a safe trip back here." "Spanky" has been identified as Henry Duenas P05117.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

Confidential Memorandum dated October 12, 2004 in confidential section of C-File

*D.T. Hawkes* _____
D. T. Hawkes, Correctional Counselor II
STAFF SIGNATURE, TITLE

June 2, 2006 _____
DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER  C43165

INMATE NAME:  ACUNA, ARCADIO

1) Use of Confidential Information.

　　Information received from a confidential source(s) has been considered in the:

　　a) CDC-115, Disciplinary Report dated _____ submitted by

　　_____
　　　　　　　　　　　　　　　STAFF NAME, TITLE

　　b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

　　The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

　　This information is considered reliable because:

　　a) ☐ This source has previously provided confidential information which has proven to be true.

　　b) ☐ This source participated in and successfully completed a Polygraph examination.

　　c) ☐ More than one source independently provided the same information.

　　d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

　　e) ☐ Part of the information provided by the source(s) has already proven to be true.

　　f) ☒ Other (Explain) _____
　　　　Address book of EME member "Turtle" Mark Quiroz C50887 of Colton

3) Disclosure of information received.


Acuna's name was in the address book of EME member "Turtle" Mark Quiroz C50887 of Colton. The book contained the names of over 130 EME members and associates. Both Acuna's name and CDC# were entered.


(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

　Confidential CDC Form 128B dated August 10, 2004 in confidential section of C-File

*D. T. Hawkes*

D. T. Hawkes, Correctional Counselor II
STAFF SIGNATURE, TITLE

June 2, 2006
DATE DISCLOSED

DISTRIBUTION:  WHITE ∞ Central File;  GREEN ∞ Inmate;  YELLOW ∞ Institution Use

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| C-43165 | ACUNA, A | | PBSP | A1-230 | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005(c) Force & Violence | Physical Assault | E-2 Din. Rm. | 7-30-90 | 0600 Hours |

CIRCUMSTANCES  On July 30, 1990, while providing coverage in Facility B Control Booth #4, during controlled feeding of C section, Building #4, I observed inmate WINSTON, D-41855 walking into the Dining Hall. As he was walking past inmate ACUNA, C-43165, who was seated at the dining table, WINSTON stopped, turned to his left, placed ACUNA in a head lock, with his left arm and made what appeared to be slashing motions with his right hand at ACUNA'S right facial and neck area. At this time, the Control Booth Officers ordered everyone down. All inmates complied, with the exception of ACUNA, who remained seated at the table. As responding staff approached the table, ACUNA, leaning forward, left his table and kicked WINSTON in the upper body and facial area. Both inmates fell to the floor wrestling and throwing punches until responding staff separated the combatants and placed them in mechanical restraints (handcuffs). ACUNA and WINSTON were escorted to the Facility B Clinic, where they were examined by the M.T.A. ACUNA received two (2) three inch (3") lacerations to the right side of his face. WINSTON received a small laceration on his right index finger. WINSTON was re-housed in Administrative Segregation. ACUNA was re-housed in the Institution Infirmary. A search of the area in which the incident occurred produced an inmate manufactured slashing instrument. The weapon consisted of a razor blade with thread wrapped arund one end.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ B. G. BURLISON | 7-30-90 | | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| ▶ | 8/7/90 | DATE  07-30-90 |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 8/7/90 | | ☐ SHO ☐ SC |

| | COPIES GIVEN INMATE BEFORE HEARING | | |
|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
| | | 8/8 | 1315 | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) |

## HEARING

Inmate ACUNA stated that he was in good health and acknowledged hearing the evidence and was ready to proceed with the hearing. All time constraints were met less than 24 hours prior to the hearing. Correctional Officer T. Higgins was assigned to be the Investigative Employee. ACUNA waived the assignment of an Investigative Employee, or any other Investigative Employee. ACUNA did not request witnesses present. The charge was read to inmate ACUNA, he pled GUILTY.

FINDINGS:  Subject is being found GUILTY of violating Director's Rules, section 3005 entitled, ASSAULT ON INMATE WINSTON. The preponderance of the evidence submitted at the hearing SUSTAINS the charge. This evidence includes: CDC-115 dated 07-30-90, describing subject's refusal to comply with staff's orders.

DISPOSITION:  Assessed 90 days loss of credits. Counseled and Reprimanded.

REFER TO:  I.C.C. for confirmation of disposition. Inmate ACUNA was advised that he will receive a copy of the completed CDC-115 upon final audit by the Chief Disciplinary Officer. He was also advised of his right to/and the procedure for appeal of this action.

| REFERRED TO ☒ CLASSIFICATION ☐ BPT/NAEA | SIGNATURE | DATE | TIME |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | |
| ▶ | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
| ▶ | 8-2-90 | | 8/2/90 | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
CDC 115 (4/88)

STATE OF CALIFORNIA

# SERIOUS RULES VIOLATION

| NUMBER | NAME | | VIOLATED RULE NO. SP. | |
|---|---|---|---|---|
| C-43165 | ACUNA, A | | 3005(c) Force & Violence | |

STAFF ASSISTANT: ☐ NEEDED ☐ REQUESTED ASSIGNED? ☐ YES ☐ NO

NAME: DEOLES PER CCATTR/6/5 3375 (d)

STAFF INVESTIGATOR: ☐ NEEDED ☐ REQUESTED ☒ WAIVED BY INMATE: SIGNATURE:

ASSIGNED: TYPED NAME: T. HIGGINS    DATE: 8-8-90

REQUEST FOR POSTPONEMENT OF DISCIPLINARY HEARING:

I, _____ N/A _____ request my hearing be postponed pending outcome of
        INMATE SIGNATURE AND DATE

referral for Prosecution.

Notice of outcome received _____    Disposition N/A

I, _____    DATE    N/A _____ , revoke my request _____ for postponement.
        INMATE SIGNATURE AND DATE

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☒ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☒ NONE

WITNESSES (GIVE NAME AND NO./POS.)

| | GRANTED | NOT GRANTED |
|---|---|---|
| | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 8-8-90, at approximately 1320 hours, while assigned as an Investigative Employee from the position assigned to Inmate ACUNA, CDC #C-43165, cell A1230, I attempted to interview Inmate ACUNA. I advised him he was to be interviewed, and he stated that he refuses all other Investigative Employees.

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                     INMATE NAME:    ACUNA, ARCADIO

1)  Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a)  CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☒  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (Explain) _____

   _____

3)  Disclosure of information received.


A Northern Structure member reported during a debriefing interview that Acuna was assaulted at PBSP B Facility in 1990 by "Oso" Gerald Winston D51285, because Acuna was an EME associate and had directed assaults against Northern Hispanic inmates at PBSP Facility A.


(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated March 29, 2004 in confidential section of C-File _____

D. T. Hawkes, Correctional Counselor II _____          June 2, 2006
   STAFF SIGNATURE, TITLE                                        DATE DISCLOSED
DISTRIBUTION: WHITE ⊏⊏ Central File;  GREEN ⊏⊏ Inmate;  YELLOW ⊏⊏ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165                    INMATE NAME:   ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

   _____

3) Disclosure of information received.

This is a debriefing interview with an EME associate. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga. He stated Acuna was assaulted in the B4 Dining Room in 1990 by a gang rival, a Northern Hispanic (identified in the report as NS member "Oso" Gerald Winston D51285)

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated February 10, 1995 in confidential section of C-File

_D. T. Hawkes_ (signature)

D. T. Hawkes, Correctional Counselor II                    June 2, 2006
STAFF SIGNATURE, TITLE                                     DATE DISCLOSED

DISTRIBUTION:  WHITE ∞ Central File;  GREEN ∞ Inmate;  YELLOW ∞ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS



## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43165_    INMATE NAME: _ACUNA, ARCADIO_

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a)  ☐  This source has previously provided confidential information which has proven to be true.

b)  ☐  This source participated in and successfully completed a Polygraph examination.

c)  ☒  More than one source independently provided the same information.

d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)  ☒  Part of the information provided by the source(s) has already proven to be true.

f)  ☐  Other (EXPLAIN) _____

_____

3)  Disclosure of information received.

The information received indicated the following: _DURING A DEBRIEFING AN_
_ASSOCIATE OF THE MEXICAN MAFIA, YOU WERE_
_IDENTIFIED AS AN ASSOCIATE OF THE MEXICAN_
_MAFIA (EME) PRISON GANG W/ AKA OF "CADIO."_

_____

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _CONFIDENTIAL MEMO DATED 2/10/95 LOCATED IN_
_THE CONFIDENTIAL SECTION OF YOUR C-FILE._

_____          _12/4/96_
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

      a)  CDC-115, Disciplinary Report dated _____ submitted by

      _____
                                    STAFF NAME, TITLE

      b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐  This source has previously provided confidential information which has proven to be true.

    b) ☐  This source participated in and successfully completed a Polygraph examination.

    c) ☒  More than one source independently provided the same information.

    d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒  Part of the information provided by the source(s) has already proven to be true.

    f) ☐  Other (Explain) _____

    _____

3) Disclosure of information received.

During a debriefing interview, an EME associate reported that Acuna was one of the Mexican Mafia's representatives in PBSP B Facility, and was slashed across the face by a Northern Hispanic inmate when he was eating in the dining room. After Acuna arrived at PBSP Administrative Segregation Unit, he wrote to EME associate "Gusi" Gustavo Flores C62331 of Rivas and directed an assault on "Wolfie" Louis Robles D11016 of Casa Blanca because Robles failed to warn or assist Acuna when he was assaulted in the Dining Room. Instead, Robles was cleared of any wrongdoing by other EME associates. The source identified Acuna as "Cadio" of Cucamonga.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated February 1, 1993 in confidential section of C-File

_____
D. T. Hawkes, Correctional Counselor II                              June 2, 2006
        STAFF SIGNATURE, TITLE                                    DATE DISCLOSED

DISTRIBUTION:  WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43/65_    INMATE NAME: _Acuna_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _9/29/93_ .

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: _In a debriefing interview with an inmate you were identified as "Cadio" an EME associate from Cocamonga._

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Confidential memo located in confidential section of c-file, date 2/1/93 by G.Briddle, PBSP IGI_

_D _____ CCI_                        _9/29/93_
STAFF SIGNATURE, TITLE                 DATE DISCLOSED

DISTRIBUTION: WHITE    Control File: GREEN    Inmate: YELLOW    Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                  INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                              STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☐ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☒ Other (Explain) _____
       Note discovered in cell of "Duke" Victor Miranda K59950 of Pico Viejo, Dec. 4, 2003

3) Disclosure of information received.

The note was sent to Miranda from "Nene" Hugo Hernandez H05442 of San Fer – Jokers. Hernandez wrote:
"Beto and Cario are close friends and they work in Auto Body. What I meant to say is take Conejo's yaves and I
did. I got the yaves from Conejo. I can prove it. So I think Beto must have told Cario I told Ciego that I was
gonna take the yaves, but it was never Toto's. It was Terco's...If I can get granted to put Ciego, Beto, Cario,
Conejo and myself all together the truth will come out. It will show that yes Beto was under the wrong
impression and he ran with it." Gilbert Lopez K86894 is "Beto" of San Diego  Armando Molinar D53455 is
"Conejo" of Evergreen. Robert Lopez C06986 is "Toto" of Santa Paula. Victor Acuna D33299 is "Terco" of
Bassett Grande. The term "yaves" is "llaves," and refers to authorization to conduct EME gang activities on
behalf of the EME.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
folder). _____

   Confidential Memorandum dated December 12, 2003 in confidential section of C-File

_D. T. Hawkes_____

D. T. Hawkes, Correctional Counselor II                          June 2, 2006
              STAFF SIGNATURE, TITLE                            DATE DISCLOSED

DISTRIBUTION: WHITE ထ Central File;  GREEN ထ Inmate;  YELLOW ထ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C 43165_     INMATE NAME: _Acuna_

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ :

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

The information received indicated the following: that you inmate Acuna C-43165, continued to participate with Mexican Mafia Activities, while at here California State Prison-Los Angeles County Facility B.

_____
(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder) confidential Memorandum dated 12-12-03. Authored by S. Preciado Institutional Gang Investigator Assistant located in your confidential file folder

STAFF SIGNATURE, TITLE

DATE DISCLOSED: 04/20/04

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

87 82069

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    **C43165**                INMATE NAME:    **ACUNA, ARCADIO**

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____    submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

3) Disclosure of information received.

   _____

An EME-associate during a debriefing interview, reported that Acuna is an inactive EME associate
who continues to participate in EME gang politics.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _____

   Confidential Memorandum dated November 18, 2003 in confidential section of C-File

_____

D. T. Hawkes, Correctional Counselor II                    June 2, 2006
STAFF SIGNATURE, TITLE                                      DATE DISCLOSED
DISTRIBUTION: WHITE ☐☐ Central File; GREEN ☐☐ Inmate; YELLOW ☐☐ Institution Use

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                    INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                              STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a Polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (Explain) _____

   _____

3) Disclosure of information received.

   A self-admitted associate of the EME reported that "Cadio" Acuna was released from PBSP-SHU after getting his status changed to inactive. The source related that Acuna is very active, and was awaiting confirmation of EME membership. There were doubts about the granting of EME membership due to Acuna's age and the fact he had not killed anyone for the gang. While at CCI, Acuna was taking care of four or five EME members at PBSP-SHU. Acuna was sending money to EME members "Terco" Acuna, "Sleepy" Gabriel Huerta C80766 of Wilmas, "Chino" David Delgadillo D16318 of Geraghty Loma, and "Popeye." Acuna was reportedly instructing the inmates about the EME. Acuna reportedly targeted "Squid" Mark Galvan H91736 of Arlanza for assault. The targeting of Galvan for assault was questioned by another person operating for the EME. Acuna's name was on a list of persons the EME was protecting. Acuna and the other six individuals with this protection became known as the "Magnificent Seven." The note endorsing this action was signed by ten EME members from PBSP

                         (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated September 23, 2003 in confidential section of C-File

_____                    June 2, 2006
D. T. Hawkes, Correctional Counselor II                   _____
         STAFF SIGNATURE, TITLE                              DATE DISCLOSED
         DISTRIBUTION:  WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __C43165__      INMATE NAME: __Acuna__

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                                    STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☐  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (EXPLAIN) _____

   _____

3) Disclosure of information received.

   The information received indicated the following: _That you Inmate Acuna_
   _continue to involve yourself in Mexican_
   _Mafia Prison Gang activities by sending_
   _money to Mexican Mafia members._

   _____

   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). _Confidential Memorandum Dated 9-23-03_
   _Located in your Confidential Folder_

   _____        Set/IGI            __4/20/04__
              STAFF SIGNATURE, TITLE                        DATE DISCLOSED

   DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165      INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

     Information received from a confidential source(s) has been considered in the:

     a) CDC-115, Disciplinary Report dated _____ submitted by

     _____
                                    STAFF NAME, TITLE

     b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

     The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

     This information is considered reliable because:

     a) ☐ This source has previously provided confidential information which has proven to be true.

     b) ☐ This source participated in and successfully completed a Polygraph examination.

     c) ☒ More than one source independently provided the same information.

     d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

     e) ☒ Part of the information provided by the source(s) has already proven to be true.

     f) ☐ Other (Explain) _____

3) Disclosure of information received.

An EME associate reported that "Cadio" Acuna taught EME associate "Corky" Manuel Flores K32962 how to communicate in code. Acuna used this code in his correspondence with "Popeye" at PBSP. Acuna used "Dean" Salvador Mendoza to assist in redirecting his letters to avoid staff detection that could result in Acuna's return to active status.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated August 8, 2002 in confidential section of C-File

*D. T. Hawkes*

D. T. Hawkes, Correctional Counselor II                June 2, 2006
        STAFF SIGNATURE, TITLE                          DATE DISCLOSED
DISTRIBUTION: WHITE ꝏ Central File; GREEN ꝏ Inmate; YELLOW ꝏ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)



DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165                    INMATE NAME:   ACUNA, ARCADIO

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated _____ submitted by

    _____
                                   STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐  This source has previously provided confidential information which has proven to be true.

    b) ☐  This source participated in and successfully completed a Polygraph examination.

    c) ☒  More than one source independently provided the same information.

    d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☒  Part of the information provided by the source(s) has already proven to be true.

    f) ☐  Other (Explain) _____

3)  Disclosure of information received.

A validated EME associate reported that Acuna and "Jo Jo" (identified as EME associate Anthony Sisneros D68626) of Trece Locos were directing the gang activities in PBSP ASU in 1990. Acuna was identified as providing weapons to other EME associates. The source identified Acuna as an EME associate known as "Cadio" of Cucamonga.

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

  Confidential Memorandum dated March 5, 2002 in confidential section of C-File

_D. T. Hawkes_ (signature)

D. T. Hawkes, Correctional Counselor II                          June 2, 2006
       STAFF SIGNATURE, TITLE                                    DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File;  GREEN ∞ Inmate;  YELLOW ∞ Institution Use

STATE OF CALIFORNIA  DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

$10$

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER    C43165                    INMATE NAME:    ACUNA, ARCADIO

1) Use of Confidential Information.

      Information received from a confidential source(s) has been considered in the:

      a)  CDC-115, Disciplinary Report dated _____ submitted by

      _____
                                 STAFF NAME, TITLE

      b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

      The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

      This information is considered reliable because:

      a) ☐ This source has previously provided confidential information which has proven to be true.

      b) ☐ This source participated in and successfully completed a Polygraph examination.

      c) ☐ More than one source independently provided the same information.

      d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

      e) ☐ Part of the information provided by the source(s) has already proven to be true.

      f) ☒ Other (Explain) _____

          __Letter from Josie Acuna to Arcadio Acuna__

3) Disclosure of information received.

In a letter, Josie Acuna informed Arcadio Acuna that she encountered EME member "Tudy" Estrada at the Department of Motor Vehicles. She informed Acuna that she gave Estrada Acuna's address, and Estrada said he would soon be corresponding with him. Josie Acuna also stated that if there is anything important to pass along to Estrada, he simply needs to send her the letter and she will deliver it to Estrada

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

  _Confidential CDC Form 128B dated September 21, 2000 in confidential section of C-File_

_D. T. Hawkes, Correctional Counselor II_                    June 2, 2006
        STAFF SIGNATURE, TITLE                                    DATE DISCLOSED

DISTRIBUTION: WHITE ☐ Central File; GREEN ☐ Inmate; YELLOW ☐ Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C43165_    INMATE NAME: _ACUNA_

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated _____ submitted by

        _____
        STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a)  ☐  This source has previously provided confidential information which has proven to be true.

    b)  ☐  This source participated in and successfully completed a Polygraph examination.

    c)  ☐  More than one source independently provided the same information.

    d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)  ☐  Part of the information provided by the source(s) has already proven to be true.

    f)  ☐  Other (EXPLAIN) _____

        _____

3)  Disclosure of information received.

    The information received indicated the following: _that you source Acuna_
    _continued to Communicate with a_
    _Validated physical Mafia Member_
    _Arturo Estrada CDC # C-63175._

        _____

        _____

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
    folder). _CDC-128 B Dated 09-21-00 Authored_
    _by Correctional Officer B. Shelton Located in_
    _your Confidential folder._

    _____    _04/20/04_
    STAFF SIGNATURE, TITLE         DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   C43165          INMATE NAME:   ACUNA, ARCADIO

1)  Use of Confidential Information.

 Information received from a confidential source(s) has been considered in the:

 a)  CDC-115, Disciplinary Report dated _____ submitted by

 _____
 STAFF NAME, TITLE

 b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2)  Reliability of Source.

 The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

 This information is considered reliable because:

 a) ☐ This source has previously provided confidential information which has proven to be true.

 b) ☐ This source participated in and successfully completed a Polygraph examination.

 c) ☐ More than one source independently provided the same information.

 d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

 e) ☐ Part of the information provided by the source(s) has already proven to be true.

 f) ☒ Other (Explain) _____
 Coded communication from EME member Ruben Hernandez C04672 to Acuna

3)  Disclosure of information received.

This documents the misuse of legal assistance between inmates for the purpose of EME member "Tupi" Ruben Hernandez C-04672 to pass along a coded message on January 26, 1994, to Acuna.  In the message, Hernandez made reference to "Estrada v. Cucamonga 94 Daily Journal 237. Tudy made out alright. 7 years."  Hernandez referenced a volume of the Daily Journal that did not exist in order to pass along information to Acuna about EME member "Tudy" Arthur Estrada C63175 (now V26050) of Cucamonga.

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

 Confidential Memorandum dated January 31, 1994 in confidential section of C-File

D. T. Hawkes, Correctional Counselor II          June 2, 2006
STAFF SIGNATURE, TITLE                           DATE DISCLOSED

DISTRIBUTION: WHITE ☐ Central File; GREEN ☐ Inmate; YELLOW ☐ Institution Use