1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  CHARLES J. ANTONEN, State Bar No. 221207
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5443
    Fax:  (415) 703-5843
8   Email:  Charles.Antonen@doj.ca.gov

9  Attorneys for Defendants
   J. Woodford, E. Alameida, R. Kirkland, L. Chrones,
10 G. Williams, N. Grannis, E. Fischer, D. Hawkes,
   M. Ruff, M. Hunter, J. Garcilazo, and W. Luper

11

12

13                IN THE UNITED STATES DISTRICT COURT

14           FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16 | ARCADIO S. ACUNA, | C 07-5423 VRW |

17 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN** |

18 | v. | **SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

19 | LEA ANN CHRONES, et al., | |

20 | Defendants. | |

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    INTRODUCTION                                                                                    2

4    STATEMENT OF ISSUES                                                                   2

5    STATEMENT OF THE CASE                                                              2

6    FACTUAL BACKGROUND                                                                 2

7    I.    THE PARTIES.                                                                                2

8    II.   A SUMMARY OF THE ALLEGATIONS IN THE COMPLAINT.        3

9          A.   The 2004 Prison Gang Re-Validation.                                    3

10               1.   Inmate Appeal No. CAL 04-00545.                              3

11               2.   Superior Court Case No. HCPB 05-5242.                      4

12         B.   The 2006 Prison Gang Re-Validation.                                   5

13               1.   Inmate Appeal No. PBSP 06-01842.                            5

14               2.   Superior Court Case No. HCPB 06-5235.                      6

15   ARGUMENT                                                                                         7

16   I.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER RULE
            12(b)(6).                                                                                       7

17

           A.   The Complaint Is Barred by the Doctrines of Res Judicata and
18              Collateral Estoppel Because Plaintiff Litigated All the Alleged
                Claims and Issues Contained in the Complaint Before the Superior
19              Court.                                                                                      7

20               1.   The Complaint is Barred by Res Judiciata.                    8

21                    i.    Plaintiff's First Petition, Second Petition, and the
                            Complaint All Involve the Same Controversy Under
22                          California Law.                                                      9

23                    ii.   The Parties Involved in Plaintiff's First Petition,
                            Second Petition, and the Complaint Are
24                          Substantially Identical Under
                            California Law.                                                      9

25
                      iii.  The Superior Court's Decisions on Plaintiff's First
26                          and Second Petitions are Considered Final and on
                            the Merits Under California Law.
27                                                                                                     10

28               2.   The Complaint is Barred by Collateral Estoppel.          11

Mem. of P. & A. in Supp. of                                    *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                              C 07-5423 VRW

i

**TABLE OF CONTENTS** (continued)

|  |  |  | Page |
|---|---|---|---|
| i. | The Issues in the First Petition, Second Petition, and Complaint are Identical Under California Law. | | 11 |
| ii. | The Issues in the Complaint Were Actually Litigated Before the Superior Court. | | 12 |
| iii. | The Issues in the Complaint Were Necessarily Decided by the Superior Court. | | 12 |
| iv. | The Superior Court's Decisions Were Final and on the Merits. | | 12 |
| v. | Plaintiff Was a Party to the Superior Court Actions. | | 13 |

B.  Plaintiff's Claims Against Defendants Woodford, Alameida, Chrones, Kirkland, and Hunter Fail as a Matter of Law Because, Absent Certain Facts, Supervisors Are Not Liable Under Section 1983.  .......... 13

C.  Plaintiff's Claims Against Grannis, Kirkland, and Hunter Fail as a Matter of Law Because Plaintiff Does Not Have a Constitutional Right to an Administrative-Appeals Process.  .......... 14

II.  PLAINTIFF'S CLAIM FOR RETALIATION MUST BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.  .......... 14

A.  The PLRA Requires Plaintiff to Exhaust Administrative Remedies Before Filing Suit.  .......... 15

B.  Plaintiff Failed to Properly Exhaust His Administrative Remedies on His Retaliation Claim.  .......... 16

III.  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.  .......... 17

CONCLUSION  .......... 18

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW

ii

1                               **TABLE OF AUTHORITIES**

2                                                                             **Page**

3   **Cases**

4   *Allen v. Murray*
    449 U.S. 90 (1980)                                  7
5

6   *Baker v. McCollan*
    443 U.S. 137 (1979)                                14

7   *Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990)                    7
8

9   *Barker v. Hull*
    191 Cal. App. 3d 221 (1987)                  12

10   *Behrens v. Pelletier*
    516 U.S. 299 (1996)                                17
11

12   *Bell Atlantic Corp. v. Twombly*
    127 S. Ct. 1955 (2007)                             7

13   *Booth v. Churner*
    532 U.S. 731 (2001)                                15
14

15   *Buckley v. Barlow*
    997 F.2d 494 (8th Cir. 1993)                  14

16   *Burns v. Reed*
    500 U.S. 478 (1991)                                17
17

18   *Castillo v. Alameida*
    No. 94-2849 MJJ (N.D. Cal.)                5, 6

19   *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*
    60 Cal. App. 4th 1053 (1998)                  9
20

21   *Clement v. Cal. Dep't of Corrs.*
    220 F. Supp. 2d 1098 (2002)                 12

22   *Crowley v. Katleman*
    8 Cal. 4th 666 (1994)                            9
23

24   *Datta v. Staab*
    173 Cal. App. 2d 613 (1959)                 10

25   *Eulenberg v. Torley's, Inc.*
    56 Cal. App. 2d 653 (1943)                  10
26

27   *Hamilton v. Endell*
    981 F.2d 1062 (9th Cir. 1992)                 13

28

Mem. of P. & A. in Supp. of                            *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                     C 07-5423 VRW

**TABLE OF AUTHORITIES  (continued)**

Page

*Hansen v. Black*
885 F.2d 642 (9th Cir. 1978)                                                    13

*Harlow v. Fitzgerald*
457 U.S. 800 (1982)                                                             17

*Ivey v. Bd. of Regents of the Univ. of Alaska*
673 F.2d 266 (9th Cir. 1982)                                                    13

*Jeffers v. Gomez*
267 F.3d 895 (9th Cir. 2001)                                                    17

*Leer v. Murphy*
844 F.2d 628 (9th Cir. 1988)                                                    13

*Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*
750 F.2d 731 (9th Cir. 1984)                                                    8, 9

*Lucido v. Superior Court*
51 Cal. 3d 335 (1990)                                                           11, 12

*Malley v. Briggs*
475 U.S. 335 (1986)                                                             17

*Mann v. Adams*
855 F.2d 639 (9th Cir. 1988)                                                    14

*McKinney v. Carey*
311 F.3d 1198 (9th Cir. 2002)                                                   15, 17

*MGIC Indem. Corp. v. Weisman*
803 F.2d 500 (9th Cir. 1986)                                                    7

*Monell v. Dep't of Soc. Serv.*
436 U.S. 658 (1978)                                                             13

*Mycogen Corp. v. Monsanto Co.*
28 Cal. 4th 888 (2002)                                                          8, 9

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001)                                                    7

*Olwell v. Hopkins*
28 Cal. 2d 147 (1946)                                                           9-11

*Palmer v. Sanderson*
9 F.3d 1433 (9th Cir. 1993)                                                     13

*People v. Drinkhouse*
4 Cal. App. 3d 931 (1970)                                                       9

Mem. of P. & A. in Supp. of                                  *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                          C 07-5423 VRW

iv

# TABLE OF AUTHORITIES  (continued)

Page

*People v. Sims*
32 Cal. 3d 468 (1982)                                                          12

*Ramirez v. Galaza*
334 F.3d 850 (9th Cir. 2003)                                                  14

*Romero v. Kitsap County*
931 F.2d 624 (9th Cir. 1991)                                                  18

*Saucier v. Katz*
533 U.S. 194 (2001)                                                       17, 18

*Silverton v. Dep't of Treasury*
644 F.2d 1341 (9th Cir. 1981)                                                  8

*Slater v. Blackwood*
15 Cal. 3d 791 (1975)                                                          9

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989)                                                 13

*United States v. L.A. Tucker Truck Lines, Inc.*
344 U.S. 33 (1952)                                                            16

*Vaden v. Summerhill*
449 F.3d 1047 (9th Cir. 2006)                                                 15

*Woodford v. Ngo*
548 U.S. 81 (2006)                                                        15-17

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003)                                                 14

**Statutes**

California Code of Regulations, Title 15
        § 3084.1(a)                                                           15
        § 3084.2(a)                                                           15
        § 3084.5                                                          15, 16

Federal Rules of Civil Procedure
        rule 12(b)                                                            14
        rule 12(b)(6)                                                      7, 14

United States Code, Title 28
        § 1738                                                                 7
        § 1915A                                                                2

United States Code, Title 42
        § 1983                                                       2, 7, 13, 14
        § 1997e(a)                                                         15, 16

Mem. of P. & A. in Supp. of                                      *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                  C 07-5423 VRW

v

1

**INTRODUCTION**

2      Plaintiff Arcadio Acuna's (Plaintiff) Complaint should be dismissed because (1) all the

3  claims are barred by the doctrines of res judicata and collateral estoppel, (2) Plaintiff failed to

4  establish supervisor liability under 42 U.S.C. § 1983, (3) there is no constitutional right to an

5  administrative-appeals process, and (4) Plaintiff failed to properly exhaust his administrative

6  remedies for his retaliation claim.  Moreover, Defendants are entitled to qualified immunity for

7  the actions alleged in the Complaint.  Therefore, Defendants respectfully request Plaintiff's

8  Complaint be dismissed.

9

**STATEMENT OF ISSUES**

10      1.      The doctrines of res judicata and collateral estoppel prohibit a party from asserting

11  the same claims or issues in multiple lawsuits.  Plaintiff presented the claims and issues

12  contained in the Complaint on two separate occasions to the Superior Court of California,

13  County of Del Norte.  Is the Complaint barred by res judicata and collateral estoppel?

14      2.      A supervisor is not liable under 42 U.S.C. § 1983 for the actions of his or her

15  subordinates unless the supervisor participated in or directed the violations or knew of the

16  violations and failed to prevent them.  The Complaint names as defendants several high level

17  California Department of Correction and Rehabilitation officials but does not allege that these

18  officials participated in or directed the violations of Plaintiff's constitution rights or knew of the

19  violations and failed to prevent them.  Must these supervisory defendants be dismissed because

20  the Complaint fails to state a claim upon which relief can be granted?

21      3.      A prison official's involvement and actions in reviewing and/or investigating a

22  inmate's administrative appeal cannot ordinarily serve as the basis for liability under 42 U.S.C. §

23  1983.  The Complaint seeks to impose liability on various defendants for their actions reviewing

24  and/or investigating the inmate appeals submitted by Plaintiff.  Must these defendants be

25  dismissed because the Complaint fails to state a claim upon which relief can be granted?

26      4.      The Prison Litigation Reform Act requires inmates to exhaust their administrative

27  remedies before filing a lawsuit.  Plaintiff did not exhaust his administrative remedies with

28  respect to his claim for retaliation.  Must Plaintiff's claim for retaliation be dismissed?

Mem. of P. & A. in Supp. of                                                      *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                                 C 07-5423 VRW

1

1          **STATEMENT OF THE CASE**

2          On October 24, 2007, Plaintiff, a state prisoner, filed a 42 U.S.C. § 1983 civil rights

3    complaint (Complaint) in the U.S. District Court for the Northern District of California.  In the

4    Complaint, Plaintiff alleges that Defendants Woodford, Alameida, Kirkland, Chrones, Williams,

5    Grannis, Fischer, Hawkes, Ruff, Hunter, Garcilazo, and Luper (Defendants) violated various

6    federal and state laws.  This Court screened the Complaint under 28 U.S.C. § 1915A and found

7    that Plaintiff stated cognizable claims for alleged due process violations and retaliation against

8    Defendants.  (Order of Service 3:19-25.)  Defendants now submit this motion to dismiss

9    Plaintiff's action under Rule 12(b)(6) and the unenumerated portion of Rule 12(b).

10          **FACTUAL BACKGROUND**

11   **I.     THE PARTIES.**

12          Plaintiff is an inmate currently housed in the security housing unit (SHU) at Pelican Bay

13   State Prison (PBSP).  (Compl. ¶ 15.)  Plaintiff is serving a triple-life sentence, plus eight years.

14   (*Id.* ¶ 16.)  In 1990, Plaintiff was validated as an associate of a prison gang and was placed in

15   PBSP's SHU.  (*Id.*)  Plaintiff was released from the SHU to the general prison population in

16   2000.  (*Id.*)  After being re-validated as an associate of a prison gang, Plaintiff was removed from

17   the general prison population on March 5, 2004.  (*Id.* ¶ 21.)

18          Plaintiff alleges that Defendants Woodford, Alameida, and Chrones were at various times

19   the Director of the California Department of Corrections and Rehabilitation (CDCR).  (*Id.* ¶¶ 1-

20   3.)  Plaintiff does not allege these defendants took any particular action against him but that they

21   are only "legally responsible for the overall operation of the Department (*i.e.* CDCR) and each

22   institution under its jurisdiction." (*Id.*)

23          Plaintiff alleges that Defendants Kirkland and Hunter are the former acting wardens for

24   PBSP and California State Prison, Lancaster (CSP-LAC).  (*Id.* ¶¶ 6, 8.)  Plaintiff alleges that

25   these defendants are "legally responsible for the operations of PBSP [and CSP-LAC] and the

26   welfare of all the inmates in that prison." (*Id.*)  Moreover, Plaintiff alleges that these defendants

27   "denied the institutional appeal challenging Plaintiff's illegal placement and retention in the SHU

28   at the second level of review." (*Id.*)

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

2

*Acuna v. Chrones, et al.*
C 07-5423 VRW

1      Plaintiff alleges that Defendant Grannis is the Chief of the Inmate Appeal Branch for

2  CDCR.  (*Id.* ¶ 7.)  Plaintiff alleges that this defendant "denied the institutional appeals

3  challenging plaintiff's illegal placement and retention in the SHU . . . ."  (*Id.*)

4      Plaintiff alleges that Defendant Garcilazo is a correctional officer at CSP-LAC.  (*Id.* ¶ 4.)

5  Plaintiff alleges that this defendant "falsely accused Plaintiff of being a member of a prison gang

6  when Plaintiff refused to become an informant."  (*Id.*)

7      Plaintiff alleges that Defendant Luper is a correctional officer with CDCR.  (*Id.* ¶¶ 5, 21.)

8  Plaintiff alleges that this defendant was involved in the initial decision to re-validate Plaintiff as

9  an active member of a prison gang in 2004.  (*Id.*)

10      Plaintiff alleges that Defendants Hawkes, Williams, Fischer, and Ruff are correctional

11  officers with CDCR.  (*Id.* ¶¶ 9-12, 28-29.)  Plaintiff alleges that these defendants were involved

12  in the decision to re-validate Plaintiff as an active member of a prison gang in 2006.  (*Id.*)

13  **II.    A SUMMARY OF THE ALLEGATIONS IN THE COMPLAINT.**

14      The gravamen of the Complaint relates to Plaintiff being re-validated as an associate of

15  the Mexican Mafia ("EME") prison gang on two occasions.  The first re-validation took place in

16  2004, while the second re-validation took place in 2006.  After each re-validation, Plaintiff

17  submitted an inmate appeal and filed a petition for the writ of habeas corpus with the Superior

18  Court of California, County of Del Norte (Superior Court).

19      **A.    The 2004 Prison Gang Re-Validation.**

20      Plaintiff alleges that on December 2003, Defendant Garcilazo approached him and stated

21  that "unless Plaintiff agreed to become an informant [that] he [*i.e.* Defendant Garcilazo] was

22  going to find a way to send Plaintiff back to PBSP SHU."  (*Id.* ¶ 19.)  Plaintiff contends that he

23  refused this request, which prompted Defendant Garcilazo to start the process to re-validate

24  Plaintiff as an associate of the EME.  (*Id.*)  Plaintiff contends that on January 20, 2004,

25  Defendant Luper re-validated Plaintiff as an associate of the EME.  (*Id.* ¶ 21.)

26      **1.    Inmate Appeal No. CAL 04-00545.**

27     ·  Plaintiff apparently believed that this 2004 gang re-validation violated his due process

28  rights.  On March 11, 2004, Plaintiff submitted inmate appeal no. CAL 04-00545.  (Compl. Ex.

Mem. of P. & A. in Supp. of                                     *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                  C 07-5423 VRW

3

1   F.)  In this inmate appeal, Plaintiff grieved that his "due process rights were violated in a number

2   of ways by the validation process."  (*Id.*)  Specifically, Plaintiff grieved that he was not provided

3   with certain disclosure forms, that evidence used in the validation process did not conform with

4   California law, and that Plaintiff disputed some of the evidence utilized in the re-validation

5   process.  (*Id.*)

6          This inmate appeal bypassed both the informal and first level of review.  At the second

7   level, Plaintiff's inmate appeal was denied.  (*Id.*)  Plaintiff continued to prosecute this inmate

8   appeal to the Director's Level contending that the "validation process was a gross denial of due

9   process."  (*Id.*)  At the Director's Level, Plaintiff's inmate appeal was denied.  (*Id.*)

10              **2.        Superior Court Case No. HCPB 05-5242.**

11         On October 6, 2005, Plaintiff filed a petition for the writ of habeas corpus against

12  Defendant Kirkland in the Superior Court.  (Req. for Judicial Not. (RJN) Ex. 1.)  Plaintiff's

13  petition was assigned the case no. HCPB 05-5242.  (*Id.*)  Plaintiff's petition recited in detail the

14  factual background surrounding the 2004 gang re-validation.  (*Id.*)  In the petition, Plaintiff

15  alleged that the 2004 gang re-validation violated his due process rights, that the gang re-

16  validation was not supported by the evidence, and that the periodic reviews of Plaintiff's

17  placement in the SHU were a "meaningless gesture."  (*Id.*, at 3-5, 8-9, 14-15.)

18         The Superior Court requested the parties submit briefing on Plaintiff's petition.  (*Id.* Ex.

19  2.)  The respondent submitted a detailed response disputing the allegations in Plaintiff's petition

20  and requested the petition be denied.  (*Id.* Ex. 3.)  As permitted by the Superior Court, Plaintiff

21  timely submitted a detailed reply to the respondent's response.  (*Id.* Ex. 4.)  After reviewing the

22  parties' submissions, the Superior Court appointed counsel for Plaintiff and issued an order to

23  show cause to the respondent.  (*Id.* Ex. 5.)

24         Despite disputing each of Plaintiff's allegations in the petition, counsel for both the

25  respondent and Plaintiff agreed that the respondent would "review [Plaintiff's] entire central files

26  to conduct a thorough review of [Plaintiff's] status as an active affiliate of the EME and to

27  provide [Plaintiff] with an opportunity to address each item that may be considered by the LEIU

28  [*i.e.* Law Enforcement and Investigations Unit] for validation before the materials were

1   forwarded to the LEIU." (RJN Ex. 6, at Ex. E, Hawkes Decl. ¶ 20.) This review occurred in

2   June 2006. While disputing whether this new process provided Plaintiff with the requisite due

3   process, Plaintiff's counsel recognized that Plaintiff was aware of the charges leveled against

4   him, was provided with the opportunity to contest the evidence utilized against him, and was

5   provided with an adequate disclosure of the confidential information utilized in the re-validation

6   process. (*Id.* Ex. 7, at ¶¶ 7, 16, 18.)

7         In addition to these due process issues, a dispute arose regarding the number of source

8   items required for re-validation under the terms of the *Castillo v. Alameida,* No. 94-2849 MJJ

9   (N.D. Cal.) settlement. The Superior Court requested the parties submit additional briefing on

10  this topic. (*Id.* Ex. 8.) In its order, the Superior Court noted that the respondent "has initiated a

11  new re-validation process that is not yet complete . . ., [and] it would appear that giving

12  [Plaintiff] the process that was initially deprived may cure any defects in the previous re-

13  validation process." (*Id.*, at 2:12-15.) After receiving the requested supplemental briefing, the

14  Superior Court ordered the "case dismissed, petition dismissed/discharged, [and] OSC

15  dismissed." (*Id.* Ex. 13.) Plaintiff did not appeal this order. (*Id.* Ex. 14.)

16        **B.     The 2006 Prison Gang Re-Validation.**

17        As referenced above, Plaintiff received another prison gang re-validation process in June

18  2006. Specifically, Plaintiff alleges that Defendant Hawkes assembled over twenty-seven source

19  items indicating Plaintiff was an active associate of the EME. (Compl. ¶ 28.) Additionally,

20  Plaintiff alleges that Defendants Williams, Fischer, and Ruff "made the decision to validate

21  Plaintiff as an active associate of a prison gang based on sixteen of the twenty-seven source items

22  presented in the validation package." (*Id.* ¶ 29.)

23             **1.     Inmate Appeal No. PBSP 06-01842.**

24        Again Plaintiff apparently believed that this 2006 gang re-validation violated his due

25  process rights. On July 30, 2006, Plaintiff submitted inmate appeal no. PBSP 06-01842.

26  (Compl. Ex. H.) In this inmate appeal, Plaintiff grieved that the source items utilized to re-

27  validate him as an associate of a prison gang did not comport with the required *Castillo* criteria.

28  (*Id.*)

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss
                                        5

*Acuna v. Chrones, et al.*
C 07-5423 VRW

1    This inmate appeal bypassed both the informal and first level of review. At the second

2  level, Plaintiff's inmate appeal was denied. (*Id.*) Plaintiff continued to prosecute this inmate

3  appeal to the Director's Level. (*Id.*) At the Director's Level, Plaintiff's inmate appeal was

4  denied. (*Id.*)

5              **2.     Superior Court Case No. HCPB 06-5235.**

6    On December 13, 2006, Plaintiff filed another petition for the writ of habeas corpus in the

7  Superior Court. (RJN Ex. 15.) Plaintiff's second petition was assigned the case no. HCPB 06-

8  5235. (*Id.*) Plaintiff's second petition recited in detail the factual background surrounding both

9  the 2004 and 2006 gang re-validations. (*Id.*) In the petition, Plaintiff alleged that the 2006 re-

10  validation did not comport with the relevant *Castillo* criteria. (*Id.*, at 7-8.)

11    The Superior Court requested the parties submit informal responses to Plaintiff's second

12  petition. (*Id.* Ex. 16.) The respondent again submitted a detailed response denying the

13  allegations in Plaintiff's second petition and requested the Superior Court deny Plaintiff's second

14  petition. (*Id.* Ex. 17.) As permitted by the Superior Court, Plaintiff timely submitted a detailed

15  reply to the respondent's response. (*Id.* Ex. 18.) After reviewing the parties' submissions, the

16  Superior Court denied Plaintiff's second petition. (RJN Ex. 19; Compl. Ex. K.)

17    In its decision, the Superior Court evaluated Plaintiff's 2006 prison gang re-validation

18  and even conducted an *in camera* review of the confidential documents utilized in Plaintiff's

19  gang re-validation process. (RJN Ex. 19, at 3:3.) In this process, the Court found that Plaintiff

20  was provided with "detailed 1030 confidential disclosure forms." (*Id.*, at 2:8.) Moreover, the

21  Court found insufficient as a matter of law Plaintiff's argument that several of the sources used

22  against him were self-serving. (*Id.*, at 2:8-14.) In fact, the Court evaluated the relevant *Castillo*

23  criteria and found that "only one, not three, source item is required to return [Plaintiff] to active

24  gang status and mandatory SHU commitment." (*Id.*, at 3:1-2.) Consequently, the Superior Court

25  denied Plaintiff's second petition. Plaintiff again did not appeal this order. (*Id.* Ex. 20.)

26  ////

27  ////

28  ////

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

6

*Acuna v. Chrones, et al.*
C 07-5423 VRW

**ARGUMENT**

Defendants' motion to dismiss is based on (1) Rule 12(b)(6) due to Plaintiff's failure to state a claim for which relief can be granted, (2) the unenumerated portion of Rule 12(b) due to Plaintiff's failure to exhaust his administrative remedies with respect to his retaliation claim, and (3) qualified immunity due to the Superior Court's multiple rulings regarding the claims and issues alleged by Plaintiff in the Complaint.

## I.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER RULE 12(b)(6).

Dismissal is appropriate when a complaint fails to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007); Fed R. Civ. P. 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Moreover, it is appropriate for the Court to "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of the motion to dismiss. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

Here, the Complaint fails to state a claim not barred by the doctrines of res judicata and collateral estoppel, fails to establish supervisor liability under 42 U.S.C. § 1983, and fails to demonstrate a constitutional right to an administrative-appeals process. For these reasons, Defendants' motion to dismiss should be granted.

### A.    The Complaint Is Barred by the Doctrines of Res Judicata and Collateral Estoppel Because Plaintiff Litigated All the Alleged Claims and Issues Contained in the Complaint Before the Superior Court.

As a general rule, federal courts must accord preclusive effect to issues decided by state courts. *See* 28 U.S.C. § 1738. The rationale for this principle is that "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. Murray,* 449 U.S. 90, 95-96 (1980).

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

7

*Acuna v. Chrones, et al.*
C 07-5423 VRW

1    While habeas petitions are considered an extraordinary remedy, the doctrines of res

2  judicata and collateral estoppel apply with full force and effect.  The Ninth Circuit could not state

3  with greater clarity that:

4    There is no reason to conclude that a decision by a state habeas
     court, after a full and fair hearing, should be considered to have

5    any less weight or credibility than a state court decision in a direct
     action.  If issues are presented to a habeas court, it can be assumed

6    to apply the appropriate constitutional standards and reach a
     decision just as would be done on direct review.

7    . . . .
     In sum, we hold that because of the nature of a state habeas

8    proceeding, a decision actually rendered should preclude an
     identical issue from being relitigated in a subsequent [Section]

9    1983 action if the state habeas court afforded a full and fair
     opportunity for the issue to be heard and determined under federal

10   standards.

11  *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1346-47 (9th Cir. 1981).  Consequently, this

12  Court must accord the Superior Court's decisions regarding both of Plaintiff's habeas petitions

13  the same preclusive effect that these decisions would be afforded in a California court.  *Los*

14  *Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 736 (9th Cir. 1984).

15    Here, Plaintiff, on no less than two occasions, petitioned the Superior Court for redress

16  for the claims that are now reiterated yet again in the Complaint.  After substantial briefing and

17  argument, the Superior Court dismissed Plaintiff's first petition and denied Plaintiff's second

18  petition.  (RJN Ex. 13, 19.)  Moreover, during the litigation involving Plaintiff's first petition, a

19  settlement was reached between the parties, which the Superior Court recognized would "cure

20  any defects in the previous re-validation process."  (*Id.* Ex. 8, at 2:12-15.)  Under these facts and

21  applying California law, a California court would find that the Complaint is barred by the

22  doctrines of res judicata and collateral estoppel.  Therefore, Defendants respectfully request that

23  the Complaint be dismissed in its entirety.

24    1.    **The Complaint is Barred by Res Judiciata.**

25    Res judicata, commonly known as claim preclusion, prohibits a second lawsuit involving

26  the (1) same controversy (2) between the same parties or their privies (3) so long as the prior

27  lawsuit was a final judgment on the merits.  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888,

28  896 (2002).  Res judicata is a powerful doctrine because it bars all issues that were litigated or

1  that might have been litigated in the first proceeding. *Mycogen Corp.*, 28 Cal. 4th at 896; *Olwell*

2  *v. Hopkins*, 28 Cal. 2d 147, 152 (1946). Here, the decisions rendered by the Superior Court with

3  respect to Plaintiff's first and second petitions satisfy the necessary requirements and operate as

4  res judicata to bar the Complaint.

5          **i.    Plaintiff's First Petition, Second Petition, and the Complaint**
               **All Involve the Same Controversy Under California Law.**

6

7          Under California law, the primary right theory is utilized to determine whether the "same

8  controversy" is being precluded for res judicata purposes. *Mycogen Corp.*, 28 Cal. 4th at 904;

9  *Los Angeles Branch NAACP*, 750 F.2d at 737. Under the primary right theory "a 'cause of

10  action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the

11  defendant, and a wrongful act by the defendant constituting a breach of that duty." *Crowley v.*

12  *Katleman*, 8 Cal. 4th 666, 681 (1994). Consequently, "a judgment for the defendant is a bar to a

13  subsequent action by the plaintiff based on the same injury to the same right, even though he

14  presents a different legal ground for relief." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975).

15          The primary right asserted in Plaintiff's two petitions and the Complaint is the same, the

16  violation of Plaintiff's federal civil rights. Plaintiff does not allege anything substantively new or

17  different in the Complaint, than what he already raised before the Superior Court in his two

18  petitions. The specific legal theories utilized by Plaintiff in these various actions are immaterial

19  because Plaintiff has not suffered injury to more than one interest. Consequently, res judicata

20  bars the Complaint because it seeks to revisit the same controversy already presented to the

21  Superior Court.

22          **ii.   The Parties Involved in Plaintiff's First Petition, Second**
               **Petition, and the Complaint Are Substantially Identical Under**
23             **California Law.**

24          While the Complaint names eleven defendants not mentioned in the petitions, this fact

25  does not defeat the application of res judicata. For the purposes of res judicata, privity is

26  determined based on a "whether the non-party is sufficiently close to the original case to afford

27  application of the principle of preclusion." *People v. Drinkhouse*, 4 Cal. App. 3d 931, 937

28  (1970); *see also Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th

Mem. of P. & A. in Supp. of                                    *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                         C 07-5423 VRW

9

1  1053, 1069 (1998). Here, most of the new defendants are referenced in Plaintiff's two habeas

2  petitions. In fact, both of Plaintiff's habeas petitions were brought against the warden at PBSP

3  and Defendant Kirkland was named as the sole respondent in Plaintiff's first petition.

4         It is simply not dispositive that Plaintiff added eleven more defendants to the Complaint.

5  These new defendants added nothing to the claims asserted in Plaintiff's various habeas petitions.

6  *See Eulenberg v. Torley's, Inc.,* 56 Cal. App. 2d 653, 657 (1943). Consequently, the parties

7  between Plaintiff's various habeas petitions and the Complaint should be considered

8  substantially identical and res judicata should bar the Complaint.

9              iii.    **The Superior Court's Decisions on Plaintiff's First and Second**
                       **Petitions are Considered Final and on the Merits Under**
10                     **California Law.**

11         In order for res judicata to bar Plaintiff's Complaint, the Superior Court's decisions with

12  respect to Plaintiff's petitions must be considered final and on the merits. This requirement is

13  imposed to give stability to judgments after the parties have been given a fair opportunity to

14  litigate their claims and defenses. *Datta v. Staab,* 173 Cal. App. 2d 613, 620 (1959). Here, there

15  can be no dispute that the Superior Court's decision denying Plaintiff's second petition is

16  considered a final judgment on the merits. The Superior Court reviewed Plaintiff's second

17  petition, requested the parties submit briefing, and after reviewing this briefing entered an order

18  denying Plaintiff the requested relief. Plaintiff did not appeal this order and the judgment

19  became final as a matter of law.

20         The Superior Court's decision dismissing Plaintiff's first petition is a closer question.

21  Ordinarily, a judgment of dismissal is not considered a final judgment on the merits. *Olwell,* 28

22  Cal. 2d at 149. But the mere dismissal of an action is not dispositive because sometimes "a

23  dismissal may follow an actual determination on the merits." *Id.* To make this determination the

24  Court should consider the "entire 'judgment' together with the pleadings and the findings." *Id.*

25  The Superior Court's action dismissing Plaintiff's first petition should be considered final and on

26  the merits because the petition was "dismissed after the department (*i.e.* CDCR) agreed to

27  undertake anew proceedings against [Plaintiff] to establish his 'active' status and return him to

28  SHU." (RJN Ex. 19, at 1:26-28.) In this proceeding before the Superior Court, Plaintiff was

Mem. of P. & A. in Supp. of                                              *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                   C 07-5423 VRW

1   represented by counsel and the Superior Court recognized that the parties' agreement to provide

2   Plaintiff with a new re-validation process would "cure any defects in the previous re-validation

3   process." (*Id.* Ex. 8, at 2:12-15.)  At the time the Superior Court dismissed Plaintiff's first

4   petition, there was no additional relief the Superior Court could have granted Plaintiff.

5   Consequently, in this case the "dismissal occurred after an not in lieu of a determination on the

6   merits." *Olwell*, 28 Cal. 2d at 151.

7                   **2.      The Complaint is Barred by Collateral Estoppel.**

8         Collateral estoppel, commonly known as issue preclusion, prohibits the re-litigation of

9   issues decided in a prior proceeding so long as: (1) the issue is identical to the one decided in a

10  prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was

11  necessarily decided in the prior proceeding; (4) the decision in the prior proceeding was final and

12  on the merits; and (5) the party against whom preclusion is sought is same or in privity with the

13  party from the prior proceeding. *Lucido v. Superior Court,* 51 Cal. 3d 335, 341 (1990).  Here,

14  the decisions rendered by the Superior Court with respect to Plaintiff's first and second petitions

15  satisfy the necessary requirements and operate as collateral estoppel to bar the Complaint.  For

16  the above referenced reasons, the claims in the Complaint are barred by the doctrine of res

17  judicata.

18                   **i.      The Issues in the First Petition, Second Petition, and
                              Complaint are Identical Under California Law.**
19

20        Under California law, the identical issue requirement "addresses whether 'identical

21  factual allegations' are at stake in the two proceedings, not whether the ultimate issues or

22  dispositions are the same." *Lucido,* 51 Cal. 3d at 342.  Without belaboring the point, the issues

23  confronted in Plaintiff's petitions and the Complaint are identical.  The petitions and the

24  Complaint reference the same incidents, involving the same Defendants.  Consequently, for the

25  purposes of collateral estoppel, the issues in Plaintiff's petitions are identical to the issues in the

26  Complaint.

27  ////

28  ////

Mem. of P. & A. in Supp. of                                                      *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                             C 07-5423 VRW

                                                11

1          ii.          **The Issues in the Complaint Were Actually Litigated Before the Superior Court.**

2

3          In addition to being identical, the issues raised in the Complaint were actually litigated in

4    the Superior Court. Under California law, an issue is actually litigated "when it is *properly*

5    *raised* by the pleadings or otherwise and is submitted for determination . . . ." *People v. Sims*, 32

6    Cal. 3d 468, 484 (1982) (emphasis in original). To satisfy this prong, it is not necessary that an

7    exhaustive adversarial hearing be held. *Barker v. Hull*, 191 Cal. App. 3d 221, 226 (1987).

8    Moreover, there is no requirement than even an evidentiary hearing be held. *Clement v. Cal.*

9    *Dep't of Corrs.*, 220 F. Supp. 2d 1098, 1108 (2002).

10         Here, Plaintiff raised his various due process issues to the Superior Court. (RJN Ex. 1, at

11   3-5, 8-9, 14-15; Ex. 15, at 7-8.) Additionally, Plaintiff repeatedly raised the factual basis

12   regarding his retaliation claim. (*Id.* Ex. 1, at 7; Ex. 4, at 8; Ex. 7, at 5; Ex. 15, at 4, Ex. F.)

13   Therefore, as the issues contained in the Complaint were presented to the Superior Court for

14   determination, these issues were actually litigated for the purposes of collateral estoppel.

15         iii.          **The Issues in the Complaint Were Necessarily Decided by the Superior Court.**

16

17         To satisfy this standard, Defendants must demonstrate that the issue sought to be

18   precluded was not "entirely unnecessary" to the judgment in the prior proceeding. *Lucido*, 51

19   Cal.3d at 342. It is readily apparent that the Superior Court necessarily decided Plaintiff's due

20   process issue when it dismissed and denied Plaintiff's habeas petitions. By dismissing and

21   denying the habeas petitions, the Superior Court necessarily decided that Plaintiff's due process

22   rights were not violated because Plaintiff was not entitled to additional due process. Moreover,

23   as Plaintiff bundled his retaliation issue with his due process issue in the two habeas petitions,

24   the retaliation issue should also be considered necessarily decided by the Superior Court as well.

25         iv.          **The Superior Court's Decisions Were Final and on the Merits.**

26         As previously discussed, the Superior Court's decisions were final and on the merits for

27   purposes of California law.

28   ////

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW

1             **v.**    **Plaintiff Was a Party to the Superior Court Actions.**

2         Finally, Defendants are able to demonstrate the necessary privity because Plaintiff was

3 the petitioner in both Superior Court actions. For the above referenced reasons, the issues

4 addressed in the Complaint are barred by the doctrine of collateral estoppel.

5         **B.**    **Plaintiff's Claims Against Defendants Woodford, Alameida, Chrones, Kirkland, and Hunter Fail as a Matter of Law Because, Absent Certain**

6               **Facts, Supervisors Are Not Liable Under Section 1983.**

7         To state a claim for a constitutional violation, Plaintiff must set forth facts proximately

8 connecting the individual defendants to the loss Plaintiff claims to have suffered. *Leer v.*

9 *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vague and conclusory allegations concerning the

10 involvement of personnel in civil-rights violations are insufficient to survive a motion to dismiss.

11 *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff must

12 establish the personal involvement of each defendant in the alleged constitutional deprivation or

13 at least a "causal connection" between each defendant's wrongful conduct and the deprivation at

14 issue. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1978).

15         Here, the Complaint apparently seeks to impose liability on Defendants Woodford,

16 Alameida, Chrones, Kirkland, and Hunter through either a *respondeat superior* or vicarious

17 liability theory. (Compl. ¶¶ 1-3, 6, 8, 58-61.) The law is clear, however, that neither of these

18 theories are available in a 42 U.S.C. § 1983 action. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658,

19 692 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). A supervisor is "only

20 liable for constitutional violations of his subordinates, if the supervisor participated in or directed

21 the violations or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F.2d

22 1040, 1045 (9th Cir. 1989); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992). The

23 Complaint makes no allegation that Defendants Woodford, Alameida, Chrones, Kirkland, or

24 Hunter engaged in such conduct. (Compl. ¶¶ 1-3, 6, 8, 58-61.) Therefore, Plaintiff's claims

25 against Defendants Woodford, Alameida, Chrones, Kirkland, and Hunter should be dismissed.

26 *////*

27 *////*

28 *////*

Mem. of P. & A. in Supp. of                                    *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                        C 07-5423 VRW

1  **C.    Plaintiff's Claims Against Grannis, Kirkland, and Hunter Fail as a Matter of Law Because Plaintiff Does Not Have a Constitutional Right to an**
2  **Administrative-Appeals Process.**

3        Inmates do not have a constitutional right to submit prisoner administrative appeals or

4  inmate grievances.. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855

5  F.2d 639, 640 (9th Cir. 1988).  A prison grievance procedure is a procedural right only and does

6  not confer any substantive rights upon inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

7  1993).  Consequently, a prison official's involvement and actions in reviewing and/or

8  investigating a prisoner's administrative appeal cannot serve as the basis for liability under a

9  Section 1983 action. *Buckley,* 997 F.2d at 495.

10        Here, Plaintiff alleges that Defendants Grannis, Kirkland, and Hunter denied his inmate

11  appeal nos. CAL 04-00545 and PBSP 06-01842.  (Compl. ¶¶ 6-8.)  Plaintiff does not allege that

12  Defendants Grannis, Kirkland, or Hunter did anything other than review and/or investigate

13  Plaintiff's various inmate appeals.  Where there are no facts that show the violation of a federally

14  protected right, a party is entitled to prevail as a matter of law. *See Baker v. McCollan*, 443 U.S.

15  137, 146 (1979).  Consequently, in the absence of any evidence of wrongdoing, Defendants

16  Grannis, Kirkland, and Hunter may not be held liable for their actions taken as part of the inmate

17  appeals process and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

18  **II.    PLAINTIFF'S CLAIM FOR RETALIATION MUST BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**
19

20        An inmate's failure to exhaust administrative remedies as required by the Prison

21  Litigation Reform Act (PLRA) is a matter in abatement properly raised in an unenumerated 12(b)

22  motion.  Fed. R. Civ. P. 12(b); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In

23  deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look

24  beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119-20.  If the

25  Court determines that the inmate has not exhausted his administrative remedies, the case must be

26  dismissed without prejudice. *Id.*

27        Here, Plaintiff failed to exhaust his administrative remedies with respect to his claim for

28  retaliation.  Consequently, to the extent the Court finds Plaintiff's retaliation claim is not barred

Mem. of P. & A. in Supp. of                                              *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                   C 07-5423 VRW

1   by the doctrines of res judicata and collateral estoppel, this claim should be dismissed without

2   prejudice because Plaintiff failed to exhaust his administrative remedies.

3   **A.     The PLRA Requires Plaintiff to Exhaust Administrative Remedies Before**
4            **Filing Suit.**

5       The PLRA mandates that "[n]o action shall be brought with respect to prison conditions .

6   . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C.

7   § 1997e(a).  The exhaustion requirement applies even where the relief sought cannot be granted

8   by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734 (2001).  Exhaustion must

9   occur before filing suit; exhaustion "subsequent to filing the suit will not suffice." *McKinney v.*

10  *Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th

11  Cir. 2006).  Exhaustion is mandatory and is not left to the discretion of the court. *Booth*, 532

12  U.S. at 739.  When there is no pre-suit exhaustion, a court must dismiss the complaint without

13  prejudice. *McKinney*, 311 F.3d at 1200-01.

14      The State of California provides inmates in its custody with an extensive administrative-

15  appeals process to grieve any issues that the inmates "can demonstrate as having an adverse

16  effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5.  To submit an

17  administrative grievance, the inmate "shall use a CDC Form 602 . . . , Inmate/Parolee Appeal

18  Form, to describe the problem and action requested." *Id.* § 3084.2(a).  The California

19  administrative-grievance process provides an inmate with four levels of review: (1) informal

20  resolution, (2) first-formal-level review (First Level), (3) second-formal-level review by the

21  institution head or designee (Second Level), and (4) third-formal-level review by a designated

22  representative of the Director of the California Department of Corrections and Rehabilitation

23  (CDCR) under supervision of the chief of the Inmate Appeals Branch (Director's Level). *See id.*,

24  § 3084.5.

25      To satisfy the PLRA's exhaustion requirement, an inmate must pursue an inmate appeal

26  through the lower levels of review and receive a final decision from the Director's Level. *See id.*,

27  § 3084.5; *Woodford v. Ngo*, 548 U.S. 81 (2006).  An inmate cannot satisfy the PLRA's

28  exhaustion requirement by submitting an untimely or otherwise procedurally defective inmate

1   appeal. *Woodford*, 548 U.S. at 94-95. For both non-constitutional and constitutionally based

2   claims, proper exhaustion of administrative remedies is necessary. *Id.* at 91 n.2.

3        Proper exhaustion "means using all the steps the agency holds out, and doing so properly

4   (so the agency addresses the issues on the merits)." *Id.* at 90. The PLRA's exhaustion

5   requirement was designed to provide CDCR a full and fair opportunity to adjudicate an inmate's

6   claims before those claims become the subject of a lawsuit. *Id.* at 94. Requiring compliance

7   with CDCR's deadlines and other critical procedures ensures that the PLRA's exhaustion

8   requirement successfully realizes its function. *Id.* "[C]ourts should not topple over

9   administrative decisions unless the administrative body not only has erred, *but has erred against*

10  *objection made at the time appropriate under its practice*." *Id.* at 90 (quoting *United States v.*

11  *L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)) (internal quotations omitted and emphasis

12  in original).

13      **B.    Plaintiff Failed to Properly Exhaust His Administrative Remedies on His**
            **Retaliation Claim.**
14

15      To exhaust his administrative remedies with respect to his retaliation claim, Plaintiff

16  needed to submit an inmate appeal addressing this claim, pursue that inmate appeal through the

17  lower levels of review, and receive a decision on that inmate appeal from the Director's Level.

18  *See* Cal. Code Regs. tit. 15, § 3084.5; *Woodford*, 548 U.S. at 85-86. Plaintiff, however, never

19  submitted an inmate appeal regarding his retaliation claim. (Compl. Ex. F, H; Grannis Decl. ¶ 4.)

20      In the inmate appeals referenced in the Complaint, Plaintiff grieves about the due process

21  violations that he allegedly suffered. (Compl. Ex. F, H.) While Plaintiff refers to Defendant

22  Garcilazo in inmate appeal no. CAL 04-00545, Plaintiff does not allege that Defendant Garcilazo

23  or any other Defendant ordered Plaintiff's placement in the SHU in retaliation for Plaintiff

24  allegedly refusing to serve as an informant. (*Id.* Ex. F.) Moreover, Defendants have not located

25  any inmate appeals that Plaintiff prosecuted to the Director's Level that made such an allegation.

26  (Grannis Decl. ¶ 4.) Instead it appears that the only time Plaintiff asserted this retaliation claim

27  was in his petitions to the Superior Court and in the Complaint. As such, Plaintiff failed to

28  exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a).

Mem. of P. & A. in Supp. of                                      *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                           C 07-5423 VRW

1    Plaintiff did not follow critical procedures of the inmate-grievance system and, in doing

2    so, deprived CDCR of a full and fair opportunity to adjudicate his retaliation claim before this

3    claim was brought to this Court. *See Woodford,* 548 U.S. at 94. As the Supreme Court held in

4    *Woodford,* given the "informality and relative simplicity of prison grievance systems like

5    California's," requiring proper exhaustion provides inmates with a meaningful opportunity to

6    raise meritorious claims while allowing CDCR to maintain order in its institutions. *Id.* at 103.

7    Because Plaintiff failed to properly exhaust his administrative remedies, the Court should dismiss

8    Plaintiff's claim for retaliation. *McKinney,* 311 F.3d at 1200.

9    **III.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

10    Government officials are entitled to qualified immunity from liability for civil damages if

11    their conduct does not violate "clearly established statutory or constitutional rights of which a

12    reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The

13    rule of qualified immunity "provides ample protection to all but the plainly incompetent or those

14    who knowingly violate the law." *Burns v. Reed,* 500 U.S. 478, 495 (1991) (quoting *Malley v.*

15    *Briggs,* 475 U.S. 335, 341 (1986)). Qualified immunity ensures that officials are on notice that

16    their conduct is unlawful before they are subjected to suit. *Saucier v. Katz,* 533 U.S. 194,

17    205–06 (2001). It therefore prevents officials from being distracted from their governmental

18    duties or inhibited from taking necessary discretionary action. *Harlow,* 457 U.S. at 816. And in

19    context of prisons, the doctrine allows officials to utilize their expertise—based on years of

20    observation and practice—to maintain order without fear of liability for doing what seemed

21    "reasonable" at the time. *See Jeffers v. Gomez,* 267 F.3d 895, 917 (9th Cir. 2001).

22    Consequently, an official is entitled to qualified immunity unless: (1) the facts show a

23    constitutional violation, and (2) it was clearly established, at the time, that the conduct was

24    unconstitutional. *Saucier,* 533 U.S. at 201.

25    "If the officer's mistake as to what the law requires is reasonable, . . . the officer is

26    entitled to the immunity defense." *Saucier,* 533 U.S. at 201. Qualified immunity is a question

27    for the Court, even if it requires a factual determination as to whether the defendant acted

28    reasonably under the circumstances. *Behrens v. Pelletier,* 516 U.S. 299, 313 (1996). "Therefore,

Mem. of P. & A. in Supp. of                                                    *Acuna v. Chrones, et al.*
Defs.' Mot. to Dismiss                                                         C 07-5423 VRW

1 | regardless of whether the constitutional violation occurred, the [official] should prevail if the

2 | right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably

3 | believed that his particular conduct was lawful." *Romero v. Kitsap County,* 931 F.2d 624, 627

4 | (9th Cir. 1991). Here, Defendants are entitled to qualified immunity because Plaintiff cannot

5 | satisfy either part of the *Saucier* test.

6 |      As discussed at length above, the Superior Court on no less than two occasions ruled that

7 | Plaintiff had not suffered any constitutional violation by his placement in the SHU. Therefore,

8 | the facts do not show Defendants committed a constitutional violation. Moreover, even if the

9 | facts did demonstrate a constitutional violation, in light of the Superior Court's decisions on

10 | Plaintiff's petitions, Defendants acted reasonably. Therefore, Defendants are entitled to qualified

11 | immunity.

12 | **CONCLUSION**

13 |      For the foregoing reasons, Defendants respectfully request their motion to dismiss be

14 | granted and that the Court find they are entitled to qualified immunity.

15 |

16 | Dated: June 23, 2008        Respectfully submitted,

17 |           EDMUND G. BROWN JR.
          Attorney General of the State of California

18 |           DAVID S. CHANEY
          Chief Assistant Attorney General

19 |

20 |           FRANCES T. GRUNDER
          Senior Assistant Attorney General

21 |           JONATHAN L. WOLFF
          Supervising Deputy Attorney General

22 |

23 |            /s/ Charles J. Antonen
          CHARLES J. ANTONEN
          Deputy Attorney General

24 |           Attorneys for Defendants
          J. Woodford, E. Alameida, R. Kirkland, L. Chrones, G. Williams,

25 |           N. Grannis, E. Fischer, D. Hawkes, M. Ruff, M. Hunter,
          J. Garcilazo, and W. Luper

26 |

27 |

28 |

Mem. of P. & A. in Supp. of
Defs.' Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW