EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
CHARLES J. ANTONEN, State Bar No. 221207
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5443
  Fax: (415) 703-5843
  Email: Charles.Antonen@doj.ca.gov

Attorneys for Defendants
J. Woodford, E. Alameida, R. Kirkland, L. Chrones,
G. Williams, N. Grannis, E. Fischer, D. Hawkes,
M. Ruff, M. Hunter, J. Garcilazo, and W. Luper

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARCADIO S. ACUNA,<br><br>                   Plaintiff,<br><br>v.<br><br>LEA ANN CHRONES, et al.,<br><br>                   Defendants. | C 07-5423 VRW<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST AND FAILURE TO STATE A CLAIM** |

**INTRODUCTION**

This Court should dismiss Plaintiff Arcadio Acuna's (Plaintiff) complaint for five reasons: (1) res judicata and collateral estoppel bar all the claims/issues raised in the complaint; (2) supervisor liability is not established under 42 U.S.C. § 1983; (3) there is no constitutional right to an administrative-appeals process; (4) Plaintiff failed to properly exhaust his administrative remedies for his retaliation claim; and (5) Defendants are entitled to qualified immunity for the actions alleged in the complaint. Plaintiff's opposition brief attempts to rebut only four of these five reasons. Moreover, Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. Therefore, Defendants respectfully request Plaintiff's complaint be dismissed.

**FACTUAL BACKGROUND**

Plaintiff's complaint is based upon his re-validation as a Mexican Mafia ("EME") prison gang associate on two occasions. After each re-validation, Plaintiff submitted an inmate appeal and filed a petition for a writ of habeas corpus with the Superior Court of California, County of Del Norte (Superior Court). After extensive proceedings, the Superior Court dismissed Plaintiff's first habeas petition and denied Plaintiff's second habeas petition. Plaintiff then filed this civil rights suit, which appears to be a combination of Plaintiff's two habeas petitions.

**ARGUMENT**

**I.  RES JUDICATA AND COLLATERAL ESTOPPEL BAR THE COMPLAINT.**

Plaintiff's opposition brief does not attack the vast majority of Defendants' contention that the principles of res judicata and collateral estoppel bar the complaint. Plaintiff merely argues that the complaint should not be barred by res judicata and collateral estoppel because: (1) the Superior Court's decision with respect to Plaintiff's first habeas petition was not final and on the merits; (2) the Superior Court's decision with respect to Plaintiff's second habeas petition "left unresolved the question of how many source items are required under the *Castillo* decision"; and (3) the complaint seeks a different type of relief (*i.e.* money damages) from the relief sought in the various habeas petitions. (Pl's. Opp'n at 11-12.) Plaintiff's arguments are unavailing and the Court should grant Defendants' motion to dismiss.

Reply in Support of Defs.'
Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW

2

1. **The Superior Court's Decision With Respect to the First Habeas Petition Was on Final and on the Merits.**

Plaintiff's complaint is barred by res judicata and collateral estoppel if the Superior Court's decisions with respect to Plaintiff's habeas petitions were final and on the merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002); *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). Plaintiff does not dispute that the Superior Court's decision with respect to his second habeas petition was final and on the merits. Plaintiff only contends that the Superior Court's decision with respect to his first habeas petition was not on the merits because the "Superior Court issued a brief order without explanation or citation to legal authority dismissing the petition and withdrawing the order to show cause . . . ." (Pl's. Opp'n at 12.) Plaintiff is mistaken.

As Defendants extensively discussed in their opening brief, this Court must consider the "entire 'judgment' together with the pleadings and the findings" to determine whether a decision is considered final and on the merits. *Olwell v. Hopkins*, 28 Cal. 2d 147, 149 (1946). Consequently, the mere dismissal of an action is not dispositive because sometimes "a dismissal may follow an actual determination on the merits." *Olwell*, 28 Cal. 2d at 149. Here, the Superior Court's action dismissing Plaintiff's first habeas petition should be considered final and on the merits because the petition was "dismissed after the department (*i.e.* CDCR) agreed to undertake anew proceedings against [Plaintiff] to establish his 'active' status and return him to SHU." (RJN Ex. 19, at 1:26-28.) Moreover, in the proceeding before the Superior Court, Plaintiff was represented by counsel and the Superior Court recognized that the parties' agreement to provide Plaintiff with a new re-validation process would "cure any defects in the previous re-validation process." (*Id.* Ex. 8, at 2:12-15.) At the time the Superior Court dismissed Plaintiff's first habeas petition, there was no additional relief the Superior Court could have granted Plaintiff. Consequently, in this case the "dismissal occurred after and not in lieu of a determination on the merits." *Olwell*, 28 Cal. 2d at 151.

////

////

Reply in Support of Defs.' Mot. to Dismiss

*Acuna v. Chrones, et al.* C 07-5423 VRW

3

### 2. The Superior Court in its Decision on Plaintiff's Second Habeas Petition Necessarily Decided the Number of Source Items Required by *Castillo*.

Plaintiff next contends that the Superior Court's decision on Plaintiff's second habeas petition "left unresolved the question of how many source items are required under the *Castillo* decision." (Pl's. Opp'n at 11.) While this contention does not impact Defendants' res judicata argument because res judicata bars all issues that were litigated or that might have been litigated in a prior proceeding, it is apparently directed to Defendants' argument that collateral estoppel bars the complaint because the issues in the complaint were necessarily decided by the Superior Court. *Mycogen Corp.*, 28 Cal. 4th at 896; *Lucido*, 51 Cal.3d at 342. Plaintiff, however, is again mistaken.

The "necessarily decided" standard is satisfied when the issue sought to be precluded was not "entirely unnecessary" to the judgment in the prior proceeding. *Lucido*, 51 Cal.3d at 342. In their motion to dismiss, Defendants established that all the issues contained in the complaint were "necessarily decided" by the Superior Court in its rulings on Plaintiff's various habeas petitions. In his opposition, Plaintiff only challenges whether the Superior Court necessarily decided "how many source items are required under the *Castillo* decision." (Pl's. Opp'n at 11.) The Superior Court, however, expressly ruled "that only one, not three, source item is required to return Petitioner to active gang status and mandatory SHU commitment." (RJN Ex. 19, at 3:1-2.) Consequently, Plaintiff's contention that this issue was not necessarily decided by the Superior Court is contradicted by the express language of the Superior Court's order.

### 3. Res Judicata and Collateral Estoppel Apply Even Though the Complaint Seeks Different Relief from the Various Habeas Petitions.

Lastly, Plaintiff contends that res judicata and collateral estoppel do not apply because the complaint seeks relief (*i.e.* money damages) not sought in the habeas proceedings. (Pl's. Opp'n at 12.) In his opposition, Plaintiff does not contend that the primary right asserted in the various habeas petitions is different than the primary right asserted in the complaint. Consequently, Plaintiff's contention that this action is not barred by the doctrines of res judicata and collateral

Reply in Support of Defs.'  
Mot. to Dismiss

*Acuna v. Chrones, et al.*  
C 07-5423 VRW

4

estoppel because the complaint seeks different relief than the various habeas petitions is unfounded.

"A judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975); *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (noting for purposes of applying res judicata and collateral estoppel the "mere difference in the form of relief is unimportant."); *Ideal Hardware & Supply Co. v. Dept. of Employment*, 114 Cal.App.2d 443, 448 (1952) ("It is the title, right or obligation sought to be established or enforced, *not the remedy or the relief sought*, which determines the nature and substance of the cause of action. When this has once been adjudicated it cannot be relitigated upon any grounds that were or that could have been determined in the former action.") (emphasis added). Therefore, Defendants' motion to dismiss should be granted because the complaint is barred by both res judicata and collateral estoppel.

## II.  PLAINTIFF FAILS TO ESTABLISH SUPERVISOR LIABILITY UNDER SECTION 1983.

Plaintiff must establish each Defendants' personal involvement in the alleged constitutional deprivation, or at least a "causal connection" between each Defendant's wrongful conduct and the deprivation at issue. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1978). A supervisor is "only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). Here, no evidence or allegation exist to show that Defendants Woodford, Alameida, Chrones, Kirkland, or Hunter engaged in any such conduct. In fact, Plaintiff's opposition brief merely refers to Exhibits F and H of the complaint. Neither of these exhibits, however, reference or appear to have been sent to Defendants Woodford, Alameida, Chrones, and Kirkland. Moreover, Exhibit F merely includes a letter signed by Defendant Hunter. Therefore, Plaintiff's claims against Defendants Woodford, Alameida, Chrones, Kirkland, and Hunter should be dismissed.

Reply in Support of Defs.'
Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW

5

### III. PLAINTIFF FAILED TO PROPERLY EXHAUST HIS RETALIATION CLAIM.

Plaintiff does not dispute that he was required to exhaust his administrative remedies. Rather, Plaintiff contends that he exhausted his administrative remedies because his retaliation claim "has always been at the heart of his arguments." (Pl's. Opp'n at 13.) Again, Plaintiff is mistaken.

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules - rules that are defined . . . by the prison grievance process itself." *See Jones v. Bock,* 127 S. Ct. 910, 922 (2007) (internal citations and quotation marks omitted). In California, the prison grievance process mandates that an inmate "shall use a CDCR Form 602 . . . , Inmate/Parolee Appeal Form, to describe the *problem* and action requested." Cal. Code Regs. tit. 15, § 3084.2(a) (emphasis added). Here, Plaintiff never submitted a grievance relating to his claim for retaliation.

As discussed at length in Defendants' motion to dismiss, Plaintiff submitted various inmate appeals, but all were related to the due process violations that Plaintiff allegedly suffered. (Compl. Ex. F, H.) Under the Prison Litigation Reform Act, an inmate's administrative remedies have not been exhausted where the underlying grievance does not have the same subject and same request for relief. *O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1062-63 (9th Cir. 2007). Consequently, Plaintiff did not follow critical procedures of the inmate-grievance system. By failing to do so, Plaintiff deprived CDCR of a full and fair opportunity to adjudicate his retaliation claim before it was brought to this Court. *Woodford v. Ngo,* 548 U.S. 81, 94 (2006). Therefore, the Court should dismiss Plaintiff's claim for retaliation.

### VI. DEFENDANTS' ARE ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff's opposition brief attempts to refute that Defendants are entitled to qualified immunity. Plaintiff is again mistaken. As discussed at length in Defendants' opening brief, the Superior Court, on no less than two occasions, ruled that Plaintiff had not suffered any constitutional violation by his placement in the SHU. Moreover, even if the facts did demonstrate a constitutional violation, in light of the Superior Court's decisions on Plaintiff's

Reply in Support of Defs.'  
Mot. to Dismiss

*Acuna v. Chrones, et al.*  
C 07-5423 VRW

6

petitions, Defendants acted reasonably. Therefore, as a matter of law Defendants are entitled to qualified immunity.

## V. THE COMPLAINT IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Besides failing to refute the arguments in Defendants' motion to dismiss, Plaintiff's opposition establishes that the complaint is barred by the *Rooker-Feldman* doctrine. Specifically, Plaintiff argues that the Superior Court's decision on Plaintiff's second habeas petition "left unresolved the question of how many source items are required under the *Castillo* decision, inviting the federal courts to clarify the matter by applying federal standards of law thereto." (Pl's. Opp'n at 11.) Such an intervention is prohibited by the *Rooker-Feldman* doctrine.

As a general matter, federal courts lack jurisdiction to review state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Moreover, the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in a state court. *Feldman*, 460 U.S. at 482 n.16. A claim is considered "inextricably intertwined" if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." *Fielder v. Credit Accept. Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999). Here, Plaintiff's invitation to this Court to decide the number of source items required under the *Castillo* decision violates *Rooker-Feldman* because Plaintiff's claim will only succeed if the Court finds that three source items are required. To reach this conclusion, the Court must effectively overrule and void the Superior Court's decision "that only one, not three, source item is required to return Petitioner to active gang status and mandatory SHU commitment." (RJN Ex. 19, at 3:1-2.) Such a result is forbidden by *Rooker-Feldman*. *See Gingras v. Wood*, 27 WL 1447726, *7 (D.S.D. 2007) (noting that under *Rooker-Feldman*, the decision rendered in the plaintiff's state habeas corpus suit required the dismissal of the plaintiff's subsequent federal civil rights action). Therefore, in addition to all the reasons stated in Defendants' motion to dismiss, the complaint should be dismissed because it violates *Rooker-Feldman*.

////

Reply in Support of Defs.'  
Mot. to Dismiss

*Acuna v. Chrones, et al.*  
C 07-5423 VRW

7

## CONCLUSION

For the foregoing reasons, Defendants respectfully request their motion to dismiss be granted and that the Court find they are entitled to qualified immunity.

Dated: September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

/s/ Charles J. Antonen
CHARLES J. ANTONEN
Deputy Attorney General
Attorneys for Defendants
J. Woodford, E. Alameida, R. Kirkland, L. Chrones, G. Williams, N. Grannis, E. Fischer, D. Hawkes,
M. Ruff, M. Hunter, J. Garcilazo, and W. Luper

Reply in Support of Defs.'
Mot. to Dismiss

*Acuna v. Chrones, et al.*
C 07-5423 VRW

8

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Acuna v. Chrones, et al.**

No.:   **C 07-5423 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 9, 2008**, I served the attached

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST AND FAILURE TO STATE A CLAIM**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Arcadio Acuna, C-43165**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 9, 2008**, at San Francisco, California.

|  J. Palomino  |  /s/ J. Palomino  |
| :---: | :---: |
| Declarant | Signature |

20141713.wpd